# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PLAINTIFF<br><br>John T. Hines<br>3854 Cedar Hammock Trail<br>St. Cloud, Florida 34772<br>(407) 704-9048<br><br>V.<br><br>DEFENDANTS<br><br>UNITED SATES OF AMERICA<br><br>INTERNAL REVENUE SERVICE<br>1111 Constitution Avenue, NW<br>Washington, DC 20224 | CIVIL CASE NO:_____<br><br>COMPLAINT FOR CIVIL DAMAGES<br>UNDER 26 USC §7433<br><br>(Jury Trial Requested) |

# COMPLAINT

1. Plaintiff John T. Hines complains of Defendants United States of America and Internal Revenue Service and seeks damages for Illegal Tax Collections under 26 U.S.C. 7433.

## INTRODUCTION

2. This complaint is being filed under FRCP 4.

3. Plaintiffs request trial by jury, pursuant to FRCP 38.

4. This is an action brought under 26 U.S.C. 7433.

- 1 -

5. Defendant is a federal agency, and Plaintiff is a citizen and resident of Osceola County, Florida.

6. This Court has jurisdiction pursuant to 28 U.S.C. Section 1331 as this action involves federal statutes and Defendant Internal Revenue Service is a federal agency.

7. Defendant is liable to the plaintiff for damages in an amount equal to the lesser of $1,000,000 ($100,000, in the case of negligence) or the sum of (1) actual, direct economic damages sustained by the Plaintiff as a proximate result of the reckless or intentional or negligent actions of the officer or employee, and (2) the costs of the action – for illegal Internal Revenue Service levies on plaintiff's assets, return of monies illegally taken plus interest. 26 U.S.C.A. § 7433(b) and § 301.7433-1.

8. This complaint is an action brought under 26 U.S.C. 7433 and CFR 301.7433 (e)(2) for civil damages plus fees and cost for illegal Internal Revenue Service levy on Plaintiff's Social Security checks, professional compensation, and investments.  The facts and the law will clearly show that Defendant interfered with Plaintiff's use of his money while Defendant failed to pursue proper procedures in the collection of allegedly owed income tax.

9. No levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made. 26 USC 6330(a)(1)

10. IRC section 6330, enacted as part of the IRS Restructuring and Reform Act of 1998, provides taxpayers with due process prior to the exercise of a tax levy. Congress intended that the IRS and the taxpayer would engage in a meaningful hearing – known as Collection Due Process Hearings (CDPH).

**REQUEST FOR INJUNCTIVE RELIEF**

11. Plaintiff has had no opportunity to be heard. The IRS did not extend to Plaintiff an opportunity for a hearing, as stated in 26 USC §6330.

12. Defendant's actions are in violation of the Equal Protection and Due Process Clauses.

13. Plaintiff urgently requests from this Court to issue an injunction to prohibit Defendant from taking any collection measures against Plaintiff until this Court declares otherwise. In particular, Plaintiff asks this Court to immediately halt Defendant's continuous and illegal collection of $1,230 taken monthly from Plaintiff's Social Security check.

**FACTS**

14. Defendant pursued illegal collection measures against Plaintiff – including the garnishment of his pay check, some of his investments, and a large percentage of his Social Security retirement benefit under TOP. These illegal measures caused severe and unnecessary hardship to Plaintiff, his family, and his handicapped son

15. From October 2006 to March 2007, the IRS had illegally levied $1,100 from Plaintiff's social security retirement benefit check of $1,746.00. This illegal garnishment was repeated at least six times during that period.

16. In January 2008, $1,192 was deducted from Plaintiff's Social Security check. In addition, Plaintiff received a correspondence stating that as of February 2008 the Social Security Administration will be deducting $1,230 monthly. This $1,230 monthly deduction is continuing until today. These SS levies were done by way of the Treasury Offset Program [TOP] for an alleged tax debt for the tax years 1998 to 2003 and other years.

17. In addition to the Social Security levy, the IRS garnished (on May 1, 2007) Plaintiff's professional proceeds or compensation in the amount of $13,700 from Osceola Anesthesia Associates by levy which was unauthorized or illegal.

18. Also in May 2007, the IRS levied Plaintiff's 444 shares of MetLife, Inc. held for him by Mellon Investor Services worth about $30,000. The IRS told Mellon to liquidate Plaintiff's shares, and Mellon sold theses shares on the market for about $30,000 (Exhibit A on the List of Exhibits to be filed separately). From the proceeds of the forced sale of Plaintiff's stocks, Mellon sent $8,468 to Defendant and $21,775.10 to Plaintiff. On June 14, 2007, Mellon asked Plaintiff for the return of the funds (Exhibit B on

the List of Exhibits). Plaintiff had incurred fees and costs pertaining to the sale and loss of value due to the early sale.

LEGAL ARGUMENT

19. To prove a claim for improper collection practices, the taxpayer must demonstrate that the IRS did not follow the prescribed methods of acquiring assets. 28 U.S.C.A. § 2410; *Brewer v. C.I.R.*, 430 F. Supp. 2d 1254, 1260 (S.D. Ala. 2006).

20. The Treasury Offset Program law only allows a TOP of 15 % to be removed from Plaintiff's social security check. The Tax Payer Relief Act of 1997 (Public Law 105-34) authorizes the IRS to levy "up to 15 percent of each monthly payment…" The 15% from Plaintiff's check amounts to $262. However, the tax collectors took about sixty-three per cent of Plaintiff's check, or $1,100. This is obviously excessive, an illegal collection measure, and the SSA is permitting such a measure against the law. The six illegal tax collections were excessive for at least $6,600.

21. In addition to the Social Security levy, the IRS garnished Plaintiff's professional compensation from Osceola Anesthesia Associates and caused a forced liquidation of Plaintiff's MetLife shares held for him by Mellon Investor Services.

22. All these levies were unauthorized or illegal and harmed Plaintiff in many ways. They are invalid simply because Defendant failed to act according to law. Based on 26 USC 6330(a)(1), no levy may be made on any

property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made.

23. IRC section 6330, enacted as part of the IRS Restructuring and Reform Act of 1998, provides taxpayers with due process prior to the exercise of a tax levy. Congress believed that taxpayers should be entitled to protections against the IRS that they would normally have with other creditors. Moreover, Congress intended that the IRS and the taxpayer would engage in a meaningful hearing on an administrative level, with adequate notice of collection, to increase fairness to taxpayers. These hearings have become known as Collection Due Process (CDP) hearings. Under IRC section 6330(c)(2), in the course of the proceedings, taxpayers can challenge the appropriateness of the collection action.

24. By enacting "Taxpayer Bill of Rights," Congress recognized that certain injuries caused by intentional or reckless violation of tax laws by Internal Revenue Service (IRS) employees should be compensable, but limited scope of compensable claims to injuries sustained during collection. *Arnett v. U.S.*, D.Kan.1995, 889 F.Supp. 1424, motion to amend denied 910 F.Supp. 515. Internal Revenue ⌙4915

25. For the tax years in question, the levy was wrongful because the tax collectors did not send Plaintiff a notice for a collection due process hearing (CDPH), as mandated by IRC § 6630. The legal process has not

been carried out properly. No levies should be allowed until that notice is sent and the taxpayer fails to take advantage of his rights under the law.

26. Congress, when enacting IRC section 6330, sought to mend relations between taxpayers and the IRS by providing an opportunity for both sides to reach an agreement before the taxpayer's property was annexed. In this case, Defendant did not present Plaintiff with an opportunity to take advantage of a hearing as Congress intended for a taxpayer in Plaintiff's position.

27. Language borrowed from the United States Supreme Court in another tax case – which illuminates the duty owed by Defendant – is: "If that which the sovereign retains was unjustly taken in violation of its own statute, the withholding is wrongful. Restitution is owed the taxpayer..... [T]he unjust retention is immoral and amounts in law to a fraud on the taxpayer's rights." *Bull v. United States*, 55 S.Ct. 695 at 700.

28. It is clear that Defendant is not following the prescribed methods in acquiring Plaintiff's assets. Therefore, Plaintiff must be compensated for the improper tax collection practice taken against him.

EXHAUST ADMINISTRATIVE REMEDIES

29. Under IRC 7433(d)(1) and CFR 301.7433-1(d), Plaintiff is required to exhaust his administrative remedies.

30. Since the time of the wrongful IRS actions, Plaintiff had written Defendant many times about the illegal levies, the excessive TOP, and

asked Defendant to stop the unauthorized garnishments. Plaintiff had also reminded Defendant of its failure to send the mandatory CDPH notice. In addition to the IRS, Plaintiff had also written the Social Security Administration regarding the illegal garnishment of his social security benefits. As of yet, Plaintiff has not received a meaningful response to his inquiries.

31. Plaintiff has clearly exhausted his administrative remedies by filing about twenty or more administrative claims. Please refer to the List of Exhibits to be filed separately.

DAMAGES

32. According to 26 U.S.C. §7433, "defendant shall be liable to the plaintiff in an amount equal to the lesser of $1,000,000 ($100,000, in the case of negligence) or the sum of— (1) actual, direct economic damages sustained by the plaintiff as a proximate result of the reckless or intentional or negligent actions of the officer or employee, and (2) the costs of the action"

33. Plaintiff suffered a number of damages due to the reckless, intentional, or negligent actions committed by Defendant or its officer, employee, or agent.

34. Plaintiff is the sole supporter of himself and his family. The illegal IRS actions caused immense financial hardship to them.

35. Further, Plaintiff was forced to hire and retain tax professionals to assist him, to write letters and explain avenues of contesting some IRS illegal measures against him.

36. Plaintiff experienced immense costs and expended a vast amount of time and resources in contesting these invalid levies.

37. The illegal collection measures taken against Plaintiff – including the garnishment of his pay check, some of his investments, and a large percentage of his Social Security retirement benefit under TOP – caused severe and unnecessary financial hardship to Plaintiff, his family, and his handicapped son. They were denied some necessities of life, had to incur debt and not pay bills, and suffered anxiety, emotional distress, mental anguish, and health problems.

38. Plaintiff lost use of his money, plus reasonable interest.

39. Plaintiff was unable to pay loans and other debts.

40. Plaintiff's damages include:

      a. $8,468 taken from the proceeds of the forced sale of Plaintiff's stocks with Mellon. In addition, Plaintiff incurred fees and costs pertaining to the sale and loss of value due to the forced early sale caused by Defendant;

      b. $13,700 plus were levied from Plaintiff's professional compensation from Osceola Anesthesia Associates;

      c. Funds collected illegally from Plaintiff's Social Security paycheck since year 2006 until the present. Currently, an

        illegal collection of $1,230 is being taken monthly from Plaintiff's Social Security checks;

    d. $5,646.00 sent to the IRS in January 2008;

    e. Damages permitted under Section 7433, including interest, and other relief the Court deems appropriate;

    f. Loss of use of Plaintiff's money, plus reasonable interest;

    g. Attorney's fees and costs associated with contesting Defendant's actions.

41. The robbery of Plaintiff's pay, stocks, and Social Security funds – plus the resulting damage to his handicapped son – caused Plaintiff anxiety, emotional distress, mental anguish, physiological injury, severe health problems, etc.

42. Plaintiff requests that damages permitted under Sections 7433 be <u>multiplied</u> by the number of counts against Defendant or by the number of IRS violations against Plaintiff.

43. Plaintiff has exhausted his administrative remedies.

44. This Court should grant Plaintiff the damages he seeks and other relief authorized by law and/or this Court deems appropriate.

45. The Court should grant Plaintiff all amounts taken from Plaintiff's social security plus damages for such illegal tax collection.

CONCLUSION

46. The Congress of the United States enacted the Unauthorized Tax Collection Act as part of the Taxpayer Bill of Rights II. The elected representatives of the people passed remedial legislation governing the conduct of IRS agents in collecting taxes. In order to encourage citizens like plaintiff who were aggrieved, Congress made this a self-help enactment with ample provisions for attorney fees and damages, similar to other federal bounty hunter statutes.

47. This Court should encourage government attorneys to expediently resolve and settle cases, instead of fighting them while knowing that the IRS is at fault. To encourage quick settlement, judicial economy, and fairness to common citizens, this court should maximize damages against Defendant.

WHEREFORE Plaintiff requests that this Honorable Court do grant the relief herein requested, along with fees, costs, and other relief the Court deems appropriate.

____/s/ Elias Aoun_____                            Date: May 29, 2008
Elias Aoun, Esq. Bar Number 479315
1730 N. Lynn St., # A-22
Arlington, VA 22209-2004
E-mail: Lawyer2008@yahoo.com
Cell Phone 202-257-7796

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

John T. Hines

88888

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Elias Aoun
1730 N. Lynn Street #A-22
Arlington, VA 22209-2004
(202) 257-7796

## DEFENDANTS

The United States of America, et al.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTO

Case: 1:08-cv-00914
Assigned To : Friedman, Paul L.
Assign. Date : 5/29/2008
Description: General Civil

**JURY ACTION**

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
⊙ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A.** *Antitrust*

☐ 410 Antitrust

○ **B.** *Personal Injury/Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency Review*

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

⊙ **E.** *General Civil (Other)*   OR   ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☒ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(3)

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
26 USC 7433 -- damages for illegal tax collection measures

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint   JURY DEMAND:   YES [X]   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO [X]   If yes, please complete related case form.

DATE May 29, 2008    SIGNATURE OF ATTORNEY OF RECORD _[signature]_

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.