# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN T. HINES | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| UNITED STATES, et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

CASE NO: **1:08-cv-00914-PLF**

# LIST OF EXHIBITS AND EXHIBITS

Plaintiff files this "List of Exhibits and Exhibits" to accompany his complaint filed on May 29, 2008.

Following are the exhibits as listed in the Complaint with the numbers/letters, a brief description, and dates:

**Part I:**     **General Letters**

    A.    Exhibit A:  A letter from the Dept. of Treasury to Mellon Investor Services dated May 1, 2007. An IRS Notice of Levy is attached to letter.

    B.    Exhibit B:  A letter from Mellon Investor Services sent to Plaintiff on June 14, 2007.

**Part II:**     **Plaintiff's Administrative Letters sent to the IRS**

    C.    Exhibit C:  An Administrative Claim letter sent by Plaintiff on November 9, 2007 to the IRS Collection Division in Orlando, FL.

D.    Exhibit D: An Administrative Claim letter sent by Plaintiff on November 13, 2007 to the IRS Collection Division in Orlando, FL.

E.    Exhibit E: An "Administrative Claim for Unauthorized Collection Actions" letter sent by Plaintiff on December 20, 2007 to the IRS office in Orlando, FL.

F.    Exhibit F: An "Administrative Claim for Unauthorized Collection Actions" letter sent by Plaintiff on December 21, 2007 to the IRS office in Orlando, FL.

G.    Exhibit G: An "Administrative Claim for Unauthorized Collection Actions" letter sent by Plaintiff on December 22, 2007 to the IRS office in Orlando, FL.

H.    Exhibit H: An "Administrative Claim for Unauthorized Collection Actions" letter sent by Plaintiff on December 24, 2007 to the IRS office in Greensboro, NC.

I.    Exhibit I:    An Administrative Claim letter sent by Plaintiff on January 5, 2008 to the IRS Collection Division in Jacksonville, FL.

J.    Exhibit J: An "Administrative Claim for Unauthorized Collection Actions" letter sent by Plaintiff on January 21, 2008 to the IRS office in Jacksonville, FL.

K.    Exhibit K: An "Administrative Claim for Unauthorized Collection Actions" letter sent by Plaintiff on January 21, 2008 to the IRS office in Jacksonville, FL.

L.    Exhibit L: A letter sent by Plaintiff on January 29, 2008 to the IRS office in Jacksonville, FL.

M.    Exhibit M: An "Administrative Claim for Unauthorized Collection Actions" letter sent by Plaintiff on March 17, 2008 to the IRS office in Jacksonville, FL.

N.    Exhibit N: An "Administrative Claim for Unauthorized Collection Actions" letter (re: Excessive TOP) sent by Plaintiff on May 5, 2008 to the IRS office in Jacksonville, FL.

O.    Exhibit O: An "Administrative Claim for Unauthorized Collection Actions" letter (re: Excessive TOP) sent by Plaintiff on May 5, 2008 to the IRS office in Buffalo, NY.

P.    Exhibit P: An "Administrative Claim for Unauthorized Collection Actions" letter (re: Excessive TOP) sent by Plaintiff on May 5, 2008 to the IRS office in Greensboro, NC.

Q.    Exhibit Q: An "Administrative Claim for Unauthorized Collection Actions" letter (re: Excessive TOP) sent by Plaintiff on May 5, 2008 to the IRS office in Miami, FL.

R.    Exhibit R: An "Administrative Claim for Unauthorized Collection Actions" letter (re: Excessive TOP) sent by Plaintiff on May 5, 2008 to the IRS office in Maitland, FL.

S.    Exhibit S: An "Administrative Claim for Unauthorized Collection Actions" letter (re: Excessive TOP) sent by Plaintiff on May 5, 2008 to the IRS office in Melbourne, FL.

T.    Exhibit T: An "Administrative Claim for Unauthorized Collection Actions" letter (re: Excessive TOP) sent by Plaintiff on May 5, 2008 to the IRS office in Tampa, FL.

U.  Exhibit U: An "Administrative Claim for Unauthorized Collection Actions" letter (re: Excessive TOP) sent by Plaintiff on May 5, 2008 to the IRS office in Atlanta, GA.

V.  Exhibit V: An "Administrative Claim for Unauthorized Collection Actions" letter (re: garnishment of paycheck and stocks) sent by Plaintiff on May 5, 2008 to the IRS office in Jacksonville, FL.

W.  Exhibit W: An "Administrative Claim for Unauthorized Collection Actions" letter (re: garnishment of paycheck and stocks) sent by Plaintiff on May 5, 2008 to the IRS office in Melbourne, FL.

X.  Exhibit X: An "Administrative Claim for Unauthorized Collection Actions" letter (re: garnishment of paycheck and stocks) sent by Plaintiff on May 5, 2008 to the IRS office in Maitland, FL.

Y.  Exhibit Y: An "Administrative Claim for Unauthorized Collection Actions" letter (re: garnishment of paycheck and stocks) sent by Plaintiff on May 5, 2008 to the IRS office in Miami, FL.

Z.  Exhibit Z: An "Administrative Claim for Unauthorized Collection Actions" letter (re: garnishment of paycheck and stocks) sent by Plaintiff on May 5, 2008 to the IRS office in Tampa, FL.

AA.  Exhibit AA: An "Administrative Claim for Unauthorized Collection Actions" letter (re: garnishment of paycheck and stocks) sent by Plaintiff on May 5, 2008 to the IRS office in Greensboro, NC.

BB.  Exhibit BB: An "Administrative Claim for Unauthorized Collection Actions" letter (re: garnishment of paycheck and stocks) sent by Plaintiff on May 5, 2008 to the IRS office in Atlanta, GA.

CC.    Exhibit CC: An "Administrative Claim for Unauthorized Collection Actions" letter (re: garnishment of paycheck and stocks) sent by Plaintiff on May 5, 2008 to the IRS office in Buffalo, NY.

**CERTIFICATE OF SERVICE:** I hereby certify that this document was served on June 13, 2008, on Defendant by electronic service.

Respectfully submitted,

_/s/  Elias Aoun_____                    Date: June 13, 2008
**Elias Aoun, Esq. Bar Number 479315**
**1730 N. Lynn St., # A-22**
**Arlington, VA 22209-2004**
**Cell Phone 202-257-7796**

**Exhibit A**



DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
WASHINGTON, DC 20224

SMALL BUSINESS / SELF EMPLOYED DIVISION

Date  May 01, 2007

Mellen Investor Services
ATTN  Met Lile Sales
480 Washington Blvd
Jersey City, NJ 07310

Dear Sir or Ma'am

You have in your possession a levy on John T Hines, SSN 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. His investor ID is
806517360548  There is a levy block on 444 shares of MetLife stock. Please liquidate
those shares immediately at market value and remit the funds to the Internal Revenue
Service for Mr Hines, and include his SSN on the check, to me at the address listed below.

If you have any questions or need more information, please contact me at the address or
the telephone number listed below

Internal Revenue Service
129 W Hibiscus Blvd Suite D

Melbourne, FL 23901

Phone#: (321) 837-7654
Fax#  321-837-7671

Sincerely

Daniel I Haber
Revenue Officer
Employee ID#: 59-09045

| Form 668-A(ICS) | | Department of the Treasury – Internal Revenue Service | |
| :--- | :--- | :--- | :--- |
| (Jan 2003) | | **Notice of Levy** | |
| DATE  07/18/2006 | | TELEPHONE NUMBER | |
| REPLY TO   Internal Revenue Service | MIS | OF IRS OFFICE  (562)980-3514x141 | |
| B. PRESSLEY | INCOMING MAIL #C | | |
| 501 W OCEAN BLVD | | NAME AND ADDRESS OF TAXPAYER | |
| LONG BEACH, CA 90802 | 06 JUL 25  AM 11: 53 | JOHN T HINES | |
| | | PO BOX 32009 | |
| | | LONG BEACH, CA 90832-2009 | |

TO    METLIFE INC
TA>MELLON INVESTOR SERVICES
ATTN: ACCOUNTS PAYABLE
480 WASHINGTON BLVD
JERSEY CITY, NJ 07310                                    HINE

IDENTIFYING NUMBER(S)    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

THIS IS NOT A BILL FOR TAXES YOU OWE. THIS IS A NOTICE OF LEVY WE ARE USING TO COLLECT MONEY OWED BY THE TAXPAYER NAMED ABOVE

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
| :--- | :--- | :--- | :--- | :--- |
| 1040 | 12/31/2000 | 183051 82 | 383*0 15 | 221671 97 |
| | | | Total Amount Due | 221671 97 |

"THIS LEVY WON'T ATTACH FUNDS IN IRAs, SELF-EMPLOYED INDIVIDUALS' RETIREMENT
PLANS, OR ANY OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL
UNLESS IT IS SIGNED IN THE BLOCK TO THE RIGHT --------------------------- ⇒

We figured the interest and late payment penalty to    08-17-2006

The Internal Revenue Code provides that there is a lien for the amount that is owed. Although we have given the notice and demand
required by the Code, the amount owed hasn't been paid. This levy requires you to turn over to us this person's property and rights to
property (such as money, credits, and bank deposits) that you have or which you are already obligated to pay this person. However, don't send
us more than the "Total Amount Due."

Money in banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue
Code **must be held for 21 calendar days** from the day you receive this levy before you send us the money. Include any interest the
person earns during the 21 days. Turn over any other money, property, credits, etc. that you have or are already obligated to pay
the taxpayer, when you would have paid it if the person asked for payment.

Make a reasonable effort to identify all property and rights to property belonging to this person. At a minimum, search your records using
the taxpayer's name, address, and identifying number(s) shown on this form. Don't offset money this person owes you without contacting
us at the telephone number shown above for instructions. You may not subtract a processing fee from the amount you send us.

To respond to this levy —
    1  Make your check or money order payable to United States Treasury.
    2  Write the taxpayer's name, identifying number(s), kind of tax and tax period shown on this form, and "LEVY PROCEEDS" on your
       check or money order (not on a detachable stub.)
    3  Complete the back of Part 3 of this form and mail it to us with your payment in the enclosed envelope.
    4  Keep Part 1 of this form for your records and give the taxpayer Part 2 within 2 days.

If you don't owe any money to the taxpayer, please complete the back of this form and mail that part back to us in the enclosed envelope

| Signature of Service Representative | | Title | |
| :--- | :--- | :--- | :--- |
| B. PRESSLEY  *(signature)* | | REVENUE OFFICER | |
| Part 1 --   For Addressee | Catalog No. 35386K | www.irs.gov | Form 668-A(ICS) (1-2003) |

 **Mellon**                    **Exhibit B**                    Mellon Investor Services

June 14, 2007

| | Company Name | METLIFE, INC. |
|---|---|---|
| JOHN THOMAS HINES | Account Key | HINES---- JOH3T0000 |
| 3854 CEDAR HAMMOCK TRL | Investor ID # | 806517360548 |
| SAINT CLOUD FL 34772-8732 | Control Number | 200706070002381 |

RE: Payment in Error

Dear Mr. Hines:

In our capacity as transfer agent for the above captioned security, it has come to our attention that you were paid in error on the sale of **444** shares in the amount of **$21,775.10** after tax withholding.

Please be informed that 444 shares of MetLife, Inc. stock were sold on May 16, 2007. These funds were to be issued for the benefit of the Internal Revenue Service, due to a Notice of Levy. However, the check was sent to you in error, which was negotiated on May 29, 2007.

Since you erroneously received the proceeds from the sale of the 444 shares, we are asking for the immediate return of $21,775.10, in a check made payable to Mellon Investor Services. The UPS postage-paid; return envelope has been provided for your prompt reply.

We look forward to hearing from you. Please contact the undersigned at 1-201-680-4236 with any questions you may have.

Sincerely,


Marlene Mills
Shareholder Relations Department

**Exhibit C**

Mr. John T. Hines
3854 Cedar Hammock Trail
St. Cloud, Florida 34772
November 9, 2007

To: Chief IRS Collection Division
IRS Office
Orlando, Florida

Re: John T. Hines, SSN 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

Dear Tax Collector:

On several occasions the IRS collection department has levied my social
security check and proceeds from professional contracts for an alleged tax
debt for the tax years 1998 to 2003 by way of the Treasury Offset Program
[TOP] and notice of levy.

For the tax years in question, I never had a collection due process hearing
(CDPH). You levied my social security check six times between October,
2006 and March, 2007. You also levied the proceeds of a contract for
professional services on May 1, 2007. You have levied shares from MetLife
thru the Mellon, Co. on May 15, 2007. I have written several letters to the
IRS office in Melbourne, Florida concerning the alleged tax debt with no
response from him.

Collection due process hearing(CDPH) has never been mentioned or offered
in any correspondence from the Melbourne office. In fact, the Melbourne
has had no direct contract with me since May, 2007 although I see evidence
of their activities from third parties.

**For the tax years in question, I am entitled to a collection due process hearing (CDPH).
Under IRC 6330, all tax collections activity are suspended while the CDPH is pending.**

The dates of the levy and the amount taken on the levy include:
1. Social Security checks October, 2006 to March, 2007 - $1,100 each
incident.
2. Garnishment of professional proceeds May 1, 2007- $13,700.

3. Mellon Co. (selling shares without my permission) $30,000 May 15, 2007.

The Melbourne, Florida IRS office has also harassed different employers that I have worked for in the past stating that their duties included informing them if they employed me in the future thereby limiting my employment opportunities.

I will be filing suit under IRC 7433. Contact me if you want an out of court settlement.

Yours,

John T. Hines

Mr. John T. Hines                                                    **Exhibit D**

3854 Cedar Hammock Trail

St. Cloud, Florida 34772

November 13, 2007

To: Chief IRS Collection Division

IRS Office

Orlando, Florida

Re: John T. Hines, SSN 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

Dear Tax Collector:

On several occasions the IRS collection department has levied my social security check for an alleged tax debt for the tax years 1998 to 2003 by way of the Treasury Offset Program [TOP].  The TOP was in excess of the legal amount.

Under the law, you can garnishee my Social Security checks under the TOP for 15%.  Each month you are taking 1,100.00 out of my Social Security check of $1746.00  This is sixty-three (63) percentage of my social security check.  You are only authorized to take two hundred sixty-two (262.00) dollars.

You levied my social security check  6 times between October, 2006 and March, 2007. I have written several letters to the IRS office in Melbourne, Florida concerning the alleged tax debt with no response from them.

The dates of the levy and the amount taken on the levy include:

1. Social Security checks October, 2006 to March, 2007 - $1,100 each incident.

I will be filing suit under IRC 7433. Contact me if you want an out of court settlement.

Yours,

John T. Hines

**Exhibit E**

Administrative Claim Letter Excessive TOP

Mr. John T. Hines
3854 Cedar Hammock Trail
St. Cloud, Florida 34772

Area Director of IRS for this Region          Dec 20, 2007
Attn: Compliance Technical Support Manager
IRS Office
Orlando, FL 32751

Re:  John T Hines SS#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

Re: ADMINISTRATIVE CLAIM FOR UNAUTHORIZED COLLECTION
ACTIONS UNDER IRS 7433 & 26 CFR 301.7433-1

Dear: Compliance Technical Support Manager:

This is an administrative claim for civil damages for Unauthorized
Collection Actions under IRC 7433 and CFR 301.7433-1.

Under said law in section (d) (1) and said regulation in section (d), I am
required to exhaust my administrative remedies. This letter is my method of
doing that. I will file a civil action in US District Court under IRC 7433 for
the wrongful and illegal collections actions against me.

Under CFR 301.7433 (e) (2), I must inform you of the following:

1. My name, address and identification number is above. My telephone
number is below. The best time to call me is during normal business hours.

2. The grounds of my claim for damages include:

A. Since October 2006, the IRS collection
department has levied my social security retirement
benefit in the amount of $1,100, by way of the
Treasury Offset Program [TOP] for an alleged tax
debt for the tax years 1998 to 2003 and other
years. The TOP was in excess of the legal amount.

B. The Treasury Offset Program law only allows a TOP of 15 % to be removed from my social security check. However, the tax collectors took the sixty-three per cent of my check. This is in excess in the amount of 48 %.

Under the law, you can garnishee my Social Security checks under the TOP for 15%. Each month you were taking $1,100.00 out of my Social Security check of $1,746.00. This is sixty-three percentage of my social security check. You are only authorized to take only 15% or $262 dollars.

The IRS levied my social security check 6 times between October, 2006 and March, 2007 in an excessive amount. I have written several letters to the IRS offices in Florida concerning the excessive TOP with no response from them. I have written dozens of letters to the IRS asking them to stop this unaauthorized garnishment.

C. I have written the IRS and the SSA many times about this excessive levy and they have ignored my request for correction. I request that the monies from the illegal garnishment on my SS benefit be refunded to me with interest.

   D. The six illegal tax collections were excessive in the amount of approximately $6600.

3. The injuries for this claim include:

   A. Severe and unnecessary hardship to my family, my handicapped son and me. We were denied the necessities of life due to this excessive garnishment under the TOP. I had to incur debt and not pay my bills because my entire social security check was taken.
   B. Further, I was forced to hire and retain expensive tax professionals to assist me, to write letters and explain to me my avenues of contesting the illegal levy.
   C. This robbery of my retirement benefit and the resulting damage to my handicapped son caused me anxiety, emotional distress, mental anguish, physiological injury, severe health problems, etc.
   D. Loss of use of my money, plus reasonable interest.

   E.  I was unable to pay my loans and other debts.

4. The dollar amount of the claim includes:

A. Almost $7000 from my social security check collected illegally.
B. Interest on excessive amount taken.
C. $100,000 damages.
D. Cost for advice from experts.

In conclusion, this is my claim for damages for wrongful actions of IRS employees. Under federal law, I am entitled to compensation.

Without prejudice  and all rights reserved,


John T Hines

Phone:  (407)  704-9048

Administrative Claim Letter (Lack of CDPH)

Mr. John T. Hines                                            **Exhibit F**
3854 Cedar Hammock Trail
St. Cloud, Florida 34772                    Dec 21, 2007


Area Director of IRS for this Region
Attn: Compliance Technical Support Manager
IRS Office
Orlando, FL 32751

Re: John T Hines SS#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

Re: ADMINISTRATIVE CLAIM FOR UNAUTHORIZED
COLLECTION ACTIONS UNDER IRC 7433 & 26 CFR 301.7433-
1

Dear: Compliance Technical Support Manager:

This is an administrative claim for civil damages for Unauthorized
Collection Actions under IRC 7433 and CFR 301.7433-1. Under
said law in section (d) (1) and said regulation in section (d), I am
required to exhaust my administrative remedies. This letter is my
method of doing that.

I will file a civil action in US District Court under IRC 7433 for
the wrongful and illegal collections actions against me.

Under CFR 301.7433 (e) (2), I must inform you of the following:
1. My name, address and identification number is above. My
telephone number is below. The best time to call me is during
normal business hours.

2. The grounds of my claim for damages include:

A. Since October 2006, the IRS collection department has levied my social security retirement benefit in the amount of $1,100 per month, by way of the Treasury Offset Program [TOP] for an alleged tax debt for the tax years 1998 to 2003 and other years.

Each month, the IRS was taking $1,100.00 out of my Social Security check of $1,746.00. The IRS levied my social security check 6 times between October, 2006 and March, 2007 in an amount that is unauthorized or illegal.

B. The levy was wrongful because the tax collectors did not send to me my CDPH notice. IRC~6630 mandates that the IRS send me a Notice of my Right to a Collection hearing. No levies are allowed until that notice is send and the taxpayer does not respond.

C. I have written several letters to the IRS offices in Florida concerning the failure to send the mandatory CDPH notice and the automatic stay of collections. The tax boys did not respond to any of my letters.

I have written dozens of letters to the IRS asking them to stop this unauthorized garnishment but they did not respond.

D. I have written the IRS and the SSA many times about this illegal levy and they have ignored my request for correction. I request that the monies from the illegal garnishment on my SS benefit be returned to me with interest.

E. The six illegal tax collections were excessive in the amount of approximately $6600.

F. For the tax years in question, I never had a collection due process hearing (CDPH) even though IRC ~6330 states that I am entitled to one.

3. The injuries for this claim include:

A. Severe and unnecessary hardship to my family, my handicapped son and me. We were denied the necessities of life due to this unauthorized garnishment under the TOP. I had to incur debt and not pay my bills because almost my entire social security check was taken.

B. Further, I was forced to hire and retain expensive tax professionals to assist me, to write letters and explain to me my avenues of contesting the illegal levy.

C. This robbery of my retirement benefit and the resulting damage to my handicapped son caused me anxiety, emotional distress, mental anguish, physiological injury, severe health problems, etc.

D. Loss of use of my money, plus reasonable interest.

E.   I was unable to pay my loans and other debts.

4. The dollar amount of the claim includes:
A.      Almost $7000 from my social security check collected illegally.
B.      Interest on excessive amount taken.
C.      $100,000 damages.
D.      Cost for advice from experts.

5. In conclusion, this is my claim for damages for wrongful actions of IRS employees. Under federal law, I am entitled to compensation.

_____

John T Hines
Phone: (407) 704-9048

Administrative Claim Letter (Lack of CDPH on pay & stocks)

Mr. John T. Hines                                          **Exhibit G**
3854 Cedar Hammock Trail
St. Cloud, Florida 34772                    Dec 22, 2007

Area Director of IRS for this Region
Attn: Compliance Technical Support Manager
IRS Office
Orlando, FL 32751

Re: John T Hines SS#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

Re: ADMINISTRATIVE CLAIM FOR UNAUTHORIZED
COLLECTION ACTION UNDER IRC 7433 & 26 CFR 301.7433-1

Dear Compliance Technical Support Manager:

This is an administrative claim for civil damages for Unauthorized
Collection Actions under IRC 7433 and CFR 301.7433-1. Under
said law in section (d) (1) and said regulation in section (d), I am
required to exhaust my administrative remedies. This letter is my
method of doing that.

I will file a civil action in US District Court under IRC 7433 for
the wrongful and illegal collections actions against me.

Under CFR 301.7433 (e) (2), I must inform you of the following:
1. My name, address and identification number is above. My
telephone number is below. The best time to call me is during
normal business hours.

2. The grounds of my claim for damages include:
    A. On May 1, 2007 the IRS garnished my professional proceeds or
compensation in the amount of $13,700 from Osceola Anesthesia
Associates by levy  which was unauthorized or illegal.

B. On May 15, 2007, the IRS levied my 444 shares of MetLife held for me by Mellon Investor Services worth about $30,000. Your agency seized my 444 shares held for me by Mellon, told Mellon to liquidate my shares. Mellon sold them on the market for about $30,000 and then sent the tax collectors $8,468 of the proceeds from the forced sale of my stocks. The IRS levied illegally $8,468 of the proceeds of that sale.

The amount of the unauthorized levy was $8,468 but they forced me to incur fees and cost pertaining to the sale and loss of value due to the early sale.

C. The levy was wrongful because the tax collectors did not send to me my CDPH notice. IRC~6630 mandates that the IRS send me a Notice of my Right to a Collection hearing. No levies are allowed until that notice is sent and the taxpayer does not respond.

D. I have written several letters to the IRS offices in Florida concerning the failure to send the mandatory CDPH notice and the automatic stay of collections. The tax boys did not respond to any of my letters.

I have written dozens of letters to the IRS asking them to stop the unauthorized garnishments against me but they did not respond.

E. I have written the IRS many times about these two illegal levies and they have ignored my request for correction. I request that the monies from the illegal levies as listed above be returned to me with interest.

F. The two illegal tax collections in the amount of approximately $22.168 were unauthorized and these monies must be returned with interest.

G. For the tax years in question, I never had a collection due process hearing (CDPH) even though IRC ~6330 states that I am entitled to one.

3. The injuries for this claim include:

A. Severe and unnecessary hardship to my family, my handicapped son and me. We were denied the necessities of life due to these unauthorized garnishments without a CDPH. I had to incur debt and not pay my bills because my entire pay check was taken and my investments were taken.

B. Further, I was forced to hire and retain expensive tax professionals to assist me, to write letters and explain to me my avenues of contesting the illegal levy.

C. This robbery of my pay and savings plus the resulting damage to my handicapped son caused me anxiety, emotional distress, mental anguish, physiological injury, severe health problems, etc.

D. Loss of use of my money, plus reasonable interest.

E.   I was unable to pay my loans and other debts.

4. The dollar amount of the claim includes:
A.      $13,700 taken from my pay.
B.   $8,468 taken from the proceeds of the forced sale of my stocks
C.      Total cash seized includes almost $ 22,168.
D.   Sales cost, fee and loss of value due to forced sale of my stocks.
E.      Interest on illegal amounts taken.
F.      $100,000 damages.
G.      Cost for advice from experts.

5. In conclusion, this is my claim for damages for wrongful actions of IRS employees. Under federal law, I am entitled to compensation.

_____

John T Hines
Phone: (407) 704-9048

Administrative Claim Letter (Excessive TOP)

Mr. John T. Hines
3854 Cedar Hammock Trail
St. Cloud, Florida 34772

Area Director of IRS for this Region
Attn: Compliance Technical Support Manager          Dec 24, 2007
Technical Services Advisory Group
320 Federal Place, Greensboro, North Carolina 27401

Re:  John T Hines SS#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

Re: ADMINISTRATIVE CLAIM FOR UNAUTHORIZED COLLECTION
ACTIONS UNDER IRC§ 7433 & 26 CFR 301.7433-1

Dear: Compliance Technical Support Manager:

This is an administrative claim for civil damages for Unauthorized
Collection Actions under IRC §7433 and CFR 301.7433-1.

Under said law in section (d) (1) and said regulation in section (d), I am
required to exhaust my administrative remedies. This letter is my method of
doing that. I will file a civil action in US District Court under IRC§ 7433 for
the wrongful and illegal collections actions against me.

Under CFR 301.7433 (e) (2), I must inform you of the following:

1. My name, address and identification number is above. My telephone
number is below. The best time to call me is during normal business hours.

2. The grounds of my claim for damages include:

A. Since October 2006, the IRS collection
department has levied my social security retirement
benefit in the amount $1,100.00, by way of the
Treasury Offset Program [TOP] for an alleged tax
debt for the tax years 1998 to 2003 and other
years. The TOP was in excess of the legal amount.

B. The Treasury Offset Program law only allows a TOP of 15 % to be removed from my social security check. However, the tax collectors took sixty-three per cent of my check. This is in excess in the amount of 48%.

Under the law, you can garnishee my Social Security checks under the TOP for 15%. Each month you were taking $1,100.00 out of my Social Security check of $1,746.00. This is sixty-three percentage of my social security check. You are only authorized to take only 15% or 262.00dollars.

The IRS levied my social security check 6 times between October, 2006 and March, 2007 in an excessive amount. I have written several letters to the IRS offices in Florida concerning the excessive TOP with no response from them. I have written dozens of letters to the IRS asking them to stop this unauthorized garnishment.

C. I have written the IRS and the SSA many times about this excessive levy and they have ignored my request for correction. I request that the monies from the illegal garnishment on my SS benefit be refunded to me with interest.

D. The six illegal tax collections were excessive in the amount of approximately $6600.

3. The injuries for this claim include:

   A. Severe and unnecessary hardship to my family, my handicapped son and me. We were denied the necessities of life due to this excessive garnishment under the TOP. I had to incur debt and not pay my bills because my entire social security check was taken.
   B. Further, I was forced to hire and retain expensive tax professionals to assist me, to write letters and explain to me my avenues of contesting the illegal levy.
   C. This robbery of my retirement benefit and the resulting damage to my handicapped son caused me anxiety, emotional distress, mental anguish, physiological injury, severe health problems, etc.
   D. Loss of use of my money, plus reasonable interest.

   E.  I was unable to pay my loans and other debts.

4. The dollar amount of the claim includes:

A. Almost $7,000 from my social security check collected illegally.
B. Interest on excessive amount taken.
C. $100,000 damages.
D. Cost for advice from experts.

In conclusion, this is my claim for damages for wrongful actions of IRS employees. Under federal law, I am entitled to compensation.

Without prejudice and all rights reserved,


John T Hines

Phone: (407) 704-9048

Mr. John T. Hines                                    **Exhibit I**

3854 Cedar Hammock Trail

St. Cloud, Florida 34772

January 5, 2008


To: Chief IRS Collection Division

Internal Revenue Service

400 West Bay Street

Jacksonville, Florida 3

32202


Re: John T. Hines SSN 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


Dear Tax Collector:


On January 3, 2008, I received my social security check which reflected an excessive deduction from the TOP program for an alleged tax debt for the tax years 1998 to 2003. The deduction was $1,127.80 which was sixty-one and six tenths (61.6) per cent of my check. The maximum that can be taken through the TOP program is $274.80 which is fifteen (15) per cent. This deduction shows an excessive amount of $853.00 which is forty-six and six tenths (45.6) above the amount allowed.

For the tax years in question, I have never had a collection due process hearing (CDPH). The collection due process hearing has never been mentioned or

offered either verbally or in writing. I have written several letters to the Melbourne office. I have also asked for their authorization or evidence of any kind that they have the right to do the things that are being done to me. In fact, I have had no direct or indirect contact with the Melbourne office May, 2007.

For the tax years in question, I am entitled to a collection due process hearing (CDPH) Under IRC6330, all tax collections activity are suspended while the CDPH is pending.

*Meanwhile, the following items are occurring:*

1. *Severe and unnecessary hardship to my family, my handicapped son and me.*
2. *I am being forced to hire and retain expensive tax professionals to assist, to write letters and explain to me avenues of contesting the illegal levy.*
3. *The robbery of my retirement benefit and the resulting damage to handicapped son and me has caused me anxiety, emotional distress, mental anguish, physiological injury, severe health problems, etc.*
4. *Loss of use of my money, plus reasonable interest.*
5. *Unable to pay loans and other debts.*

*I will be filing suit under IRC 7433. Contact me if you want an out of court settlement.*

*With Explicit Reservation of All My Rights, Without Prejudice and Without Recourse to Me,*

*John T. Hines*

*407.704.9048*

Administrative Claim Letter (Lack of CDPH on pay & stocks)

**Exhibit J**

Mr. John T. Hines

3854 Cedar Hammock Trail

St. Cloud, Florida 34772          January 21, 2008

Area Director of IRS for this Region

Attn: Compliance Technical Support Manager

IRS Office

400 W. Bay St., Jacksonville, Florida 32202

Re:  John T Hines SS#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

Re: ADMINISTRATIVE CLAIM FOR UNAUTHORIZED COLLECTION ACTION UNDER IRC 7433 & 26 CFR
301.7433-1

Dear Compliance Technical Support Manager:

This is an administrative claim for civil damages for Unauthorized

Collection Actions under IRC 7433 and CFR 301.7433-1. Under said law in section (d) (1) and said
regulation in section (d), I am required to exhaust my administrative remedies. This letter is my

method of doing that.

I will file a civil action in US District Court under IRC 7433 for the wrongful and illegal collections actions
against me.

Under CFR 301.7433 (e) (2), I must inform you of the following:

1. My name, address and identification number is above. My telephone number is below. The best time to call me is during normal business hours.

2. The grounds of my claim for damages include:

   A. On May 1, 2007 the IRS garnished my professional proceeds or compensation in the amount of $13,700 from Osceola Anesthesia Associates by levy which was unauthorized or illegal.

B. On May 15, 2007, the IRS levied my 444 shares of MetLife held for me by Mellon Investor Services worth about $30,000. Your agency seized my 444 shares held for me by Mellon, told Mellon to liquidate my shares. Mellon sold them on the market for about $30,000 and then sent the tax collectors $8,468 of the proceeds from the forced sale of my stocks. The IRS levied illegally $8,468 of the proceeds of that sale.

   The amount of the unauthorized levy was $8,468 but they forced me to incur fees and cost pertaining to the sale and loss of value due to the early sale.

C. The levy was wrongful because the tax collectors did not send to me my CDPH notice. IRC~6630 mandates that the IRS send me a Notice of my Right to a Collection hearing. No levies are allowed until that notice is sent and the taxpayer does not respond.

D. I have written several letters to the IRS offices in Florida concerning the failure to send the mandatory CDPH notice and the automatic stay of collections. The tax boys did not respond to any of my letters.

   I have written dozens of letters to the IRS asking them to stop the unauthorized garnishments against me but they did not respond.

E. I have written the IRS many times about these two illegal levies and they have ignored my request for correction. I request that the monies from the illegal levies as listed above be returned to me with interest.

F. On January 1, 2008, the Internal Revenue Service garnished my professional proceeds or compensation in the amount of $5,646 from the Osceola Anesthesia Associates which was unauthorized or illegal.

G. The three illegal tax collections in the amount of approximately $27,814 were unauthorized and these monies must be returned with interest.

H. For the tax years in question, I never had a collection due process hearing (CDPH) even though IRC ~6330 states that I am entitled to one.

3. The injuries for this claim include:

A.    Severe and unnecessary hardship to my family, my handicapped son and me. We were denied the necessities of life due to these unauthorized garnishments without a CDPH. I had to incur debt and not pay my bills because my entire pay check was taken and my investments were taken.

B.    Further, I was forced to hire and retain expensive tax professionals to assist me, to write letters and explain to me my avenues of contesting the illegal levy.

C.    This robbery of my pay and savings plus the resulting damage to my handicapped son caused me anxiety, emotional distress, mental anguish, physiological injury, severe health problems, etc.

D.    Loss of use of my money, plus reasonable interest.

E.    I was unable to pay my loans and other debts.

4. The dollar amount of the claim includes:

A.    $19,346 taken from my pay.

B.    $8,468 taken from the proceeds of the forced sale of my stocks

C.    Total cash seized includes almost $ 27,814.

D.    Sales cost, fee and loss of value due to forced sale of my stocks.

E.    Interest on illegal amounts taken.

F.    $100,000 damages.

G.    Cost for advice from experts.

5. In conclusion, this is my claim for damages for wrongful actions of IRS employees. Under federal law, I am entitled to compensation.

_____

John T Hines

Phone: (407) 704-9048

Administrative Claim Letter (Lack of CDPH)          **Exhibit K**

Mr. John T. Hines
3854 Cedar Hammock Trail
St. Cloud, Florida 34772                    January 21, 2008


Area Director of IRS for this Region
Attn: Compliance Technical Support Manager
IRS Office
400 W. Bay Street, Jacksonville, Florida  32202

Re:  John T Hines SS#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

Re: ADMINISTRATIVE CLAIM FOR UNAUTHORIZED
COLLECTION ACTIONS UNDER IRC 7433 & 26 CFR 301.7433-
1

Dear: Compliance Technical Support Manager:

This is an administrative claim for civil damages for Unauthorized
Collection Actions under IRC 7433 and CFR 301.7433-1. Under
said law in section (d) (1) and said regulation in section (d), I am
required to exhaust my administrative remedies. This letter is my
method of doing that.

I will file a civil action in US District Court under IRC 7433 for
the wrongful and illegal collections actions against me.

Under CFR 301.7433 (e) (2), I must inform you of the following:
1. My name, address and identification number is above. My
telephone number is below. The best time to call me is during
normal business hours.

2. The grounds of my claim for damages include:

A. From October 2006 to March 2007, the IRS collection department levied my social security retirement benefit in the amount of $1,100 per month, by way of the Treasury Offset Program [TOP] for an alleged tax debt for the tax years 1998 to 2003 and other years.

Each month, the IRS was taking $1,100.00 out of my Social Security check of $1,746.00. The IRS levied my social security check 6 times between October, 2006 and March, 2007 in an amount that is unauthorized or illegal.

B. The levy was wrongful because the tax collectors did not send to me my CDPH notice. IRC~6630 mandates that the IRS send me a Notice of my Right to a Collection hearing. No levies are allowed until that notice is sent and the taxpayer does not respond.

C. I have written several letters to the IRS offices in Florida concerning the failure to send the mandatory CDPH notice and the automatic stay of collections. The tax boys did not respond to any of my letters.

I have written dozens of letters to the IRS asking them to stop this unauthorized garnishment but they did not respond.

D. I have written the IRS and the SSA many times about this illegal levy and they have ignored my request for correction. I request that the monies from the illegal garnishment on my SS benefit be returned to me with interest.

E. The six illegal tax collections were excessive in the amount of approximately $6600.

F. For the tax years in question, I never had a collection due process hearing (CDPH) even though IRC ~6330 states that I am entitled to one.

G. On January, 2008, there was $1,192 deducted from my Social Security check.

H. I have received correspondence that starting February, 2008 the Social Security Administration will be deducting $1,230.

     I. These new levies are wrongful for the reasons stated above reasons already stated above. The legal process has not been carried out. There has been no CDPH, court order, perfected lien, or tax court hearing.

3. The injuries for this claim include:

A. Severe and unnecessary hardship to my family, my handicapped son and me. We were denied the necessities of life due to this unauthorized garnishment under the TOP. I had to incur debt and not pay my bills because almost my entire social security check was taken.

B. Further, I was forced to hire and retain expensive tax professionals to assist me, to write letters and explain to me my avenues of contesting the illegal levy.

C. This robbery of my retirement benefit and the resulting damage to my handicapped son caused me anxiety, emotional distress, mental anguish, physiological injury, severe health problems, etc.

D. Loss of use of my money, plus reasonable interest.

E.  I was unable to pay my loans and other debts.

4. The dollar amount of the claim includes:

A.     Already over $8,200 from my social security check collected illegally.

B.     Interest on excessive amount taken.

C.     $100,000 damages.

D.     Cost for advice from experts.

E.     Future illegal collections of $1,230 taken on a monthly basis with no stated end.

5. In conclusion, this is my claim for damages for wrongful actions of IRS employees. Under federal law, I am entitled to compensation.

_____

John T Hines
Phone: (407) 704-9048

3854 Cedar Hammock Trail

St. Cloud, Florida 34772

**Exhibit L**

February 29, 2008


Robert Shoreman

Internal Revenue Service

400 West Bay Street

Jacksonville, Florida


Dear Mr. Shoreman:


I am writing to you a confirmation letter to our conversation of this date.

When I asked when I had gotten a letter giving me a notice of Collection Due Process Hearing (CDPH), you indicated that I had never gotten one. You, also, stated that your agency could collect monies or property without one.

When I asked you for the law concerning the right to collect without the CDPH, you refused five times to give this to me.

The Collection Appeals Form that was sent is not a request for a CDPH nor was it received before monies had been collected.

If the preceding is not true, you have ten days for rebuttal. If I have not heard within the time frame, it will be regarded as true.


With Explicit Reservation of All My Rights, Without Prejudice, and Without Recourse to Me,


John T. Hines

SSN: 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

Administrative Claim Letter (Lack of CDPH)

**Exhibit M**

Mr. John T. Hines
3854 Cedar Hammock Trail
St. Cloud, Florida 34772                    March 17, 2008

Area Director of IRS for this Region
Attn: Compliance Technical Support Manager
IRS Office
400 West Bay St., Jacksonville, Florida 32202

Re:  John T Hines SS#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

Re: ADMINISTRATIVE CLAIM FOR UNAUTHORIZED
COLLECTION ACTIONS UNDER IRC 7433 & 26 CFR 301.7433-
1

Dear: Compliance Technical Support Manager:

This is an administrative claim for civil damages for Unauthorized
Collection Actions under IRC 7433 and CFR 301.7433-1. Under
said law in section (d) (1) and said regulation in section (d), I am
required to exhaust my administrative remedies. This letter is my
method of doing that.

I will file a civil action in US District Court under IRC 7433 for
the wrongful and illegal collections actions against me.

Under CFR 301.7433 (e) (2), I must inform you of the following:
1. My name, address and identification number is above. My
telephone number is below. The best time to call me is during
normal business hours.

2. The grounds of my claim for damages include:

A. Since October 2006, the IRS collection department has levied my social security retirement benefit in the amount of $1,100 per month, by way of the Treasury Offset Program [TOP] for an alleged tax debt for the tax years 1998 to 2003 and other years.

Each month, the IRS was taking $1,100.00 out of my Social Security check of $1,746.00.  The IRS levied my social security check 6 times between October, 2006 and March, 2007 in an amount that is unauthorized or illegal.

B. Starting with the Social Security Check that was issued in January for the December has deducted $1,260. This has also been an unauthorized and illegal levy. This has now occurred three times.

C. The levy was wrongful because the tax collectors did not send to me my CDPH notice. IRC~6630 mandates that the IRS send me a Notice of my Right to a Collection hearing. No levies are allowed until that notice is send and the taxpayer does not respond.

D. I have written several letters to the IRS offices in Florida concerning the failure to send the mandatory CDPH notice and the automatic stay of collections. The tax boys did not respond to any of my letters.

I have written dozens of letters to the IRS asking them to stop this unauthorized garnishment but they did not respond.

E. I have written the IRS and the SSA many times about this illegal levy and they have ignored my request for correction. I request that the monies from the illegal garnishment on my SS benefit be returned to me with interest.

F. The six illegal tax collections were excessive in the amount of approximately $6600.

G. The total for the current amount being deducted is now close to $4000.

H. For the tax years in question, I never had a collection due process hearing (CDPH) even though IRC ~6330 states that I am entitled to one.

3. The injuries for this claim include:

A. Severe and unnecessary hardship to my family, my handicapped son and me. We were denied the necessities of life due to this unauthorized garnishment under the TOP. I had to incur debt and not pay my bills because almost my entire social security check was taken.

B. Further, I was forced to hire and retain expensive tax professionals to assist me, to write letters and explain to me my avenues of contesting the illegal levy.

C. This robbery of my retirement benefit and the resulting damage to my handicapped son caused me anxiety, emotional distress, mental anguish, physiological injury, severe health problems, etc.

D. Loss of use of my money, plus reasonable interest.

E. I was unable to pay my loans and other debts.

4. The dollar amount of the claim includes:

A.     Almost $7000 from my social security check collected illegally.

B.     Interest on excessive amount taken.

C.     $100,000 damages.

D.     Cost for advice from experts.

E.     An additional $4000 has been collected from my social security checks illegally.

5. In conclusion, this is my claim for damages for wrongful actions of IRS employees. Under federal law, I am entitled to compensation.

John T Hines
Phone: (407) 704-9048

<u>**Administrative Claim Letter (Excessive TOP)**</u>

**Exhibit N**

**Mr. John T. Hines**
3854 Cedar Hammock Trail
St. Cloud, Florida 34772

May 05, 2008

Area Director of IRS for this Region

Attn: Compliance Technical Support Manager
IRS Office
Jacksonville, FL 32202

Re:   John T Hines SS#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
      ADMINISTRATIVE CLAIM FOR UNAUTHORIZED COLLECTION ACTIONS
      UNDER IRS 7433 & 26 CFR 301.7433-1

Dear Compliance Technical Support Manager:

This is an administrative claim for civil damages for Unauthorized Collection Actions under IRC 7433 and CFR 301.7433-1.

Under said law in section (d) (1) and said regulation in section (d), I am required to exhaust my administrative remedies. This letter is my method of doing that. I will file a civil action in US District Court under IRC 7433 for the wrongful and illegal collections actions against me.

Under CFR 301.7433 (e) (2), I must inform you of the following:

1.   My name, address and identification number is above. My telephone number is below. The best time to call me is during normal business hours.

2.   **The grounds of my claim for damages include:**
     A.   The IRS pursued illegal collection measures against me for an alleged tax debt for the tax years 1998 to 2003 and other years. These measures included the garnishment of my pay check, some of my investments, and a large percentage of my Social Security retirement benefit under TOP. These illegal measures caused severe and unnecessary hardship to me, my family, and my handicapped son.

B.  From October 2006 to March 2007, the IRS had illegally levied $1,100 from my social security retirement benefit check of $1,746.00. This illegal garnishment was repeated at least six times during that period.

C.  In January 2008, $1,192 was deducted from my Social Security check. In addition, I received a correspondence stating that as of February 2008 the Social Security Administration will be deducting $1,230 monthly. This deduction is continuing until today. These SS levies were done by way of the Treasury Offset Program [TOP] for an alleged tax debt for the tax years 1998 to 2003 and other years.

D.  The Treasury Offset Program law only allows a TOP of 15 % to be removed from a social security check. The Tax Payer Relief Act of 1997 (Public Law 105-34) authorizes the IRS to levy "up to 15 percent of each monthly payment..." The 15% from my check amounts to $262. However, the tax collectors took about sixty-three per cent of my check, or $1,100. This is obviously excessive and the SSA is permitting such an illegal measure against the law. The six illegal tax collections were excessive for at least $6,600.

E.  Since the time of the wrongful IRS actions, I had written the IRS many times about the illegal levies, the excessive TOP, and asked the IRS to stop the unauthorized garnishments. I had also reminded the IRS of its failure to send the mandatory CDPH notice. In addition to the IRS, I had also written the Social Security Administration regarding the illegal garnishment of my social security benefits. As of yet, I have not received a meaningful response to my inquiries.

F.  All these levies were unauthorized or illegal and harmed me in many ways. They are invalid simply because the IRS failed to act according to law. Based on 26 USC 6330(a)(1), no levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made.

G.  IRC section 6330, enacted as part of the IRS Restructuring and Reform Act of 1998, provides taxpayers with due process prior to the exercise of a tax levy. Congress believed that taxpayers should be entitled to protections against the IRS that they would normally have with other creditors. Moreover, Congress intended that the IRS and the taxpayer would engage in a meaningful hearing on an administrative level, with adequate notice of collection, to increase fairness to taxpayers. These hearings have become known as

Collection Due Process (CDP) hearings. Under IRC section 6330(c)(2), in the course of the proceedings, taxpayers can challenge the appropriateness of the collection action.

H.   For the tax years in question, the levy was wrongful because the tax collectors did not send me a notice for a collection due process hearing (CDPH), as mandated by IRC § 6630. The legal process has not been carried out properly. No levies should be allowed until that notice is sent and the taxpayer fails to take advantage of his rights under the law.

## 3.   The injuries for this claim include:

A.   I suffered a number of damages due to the reckless, intentional, or negligent actions committed by your agency or its officer, employee, or agent.

B.   I am the sole supporter of myself and my family. The illegal IRS actions caused immense financial hardship to us.

C.   Further, I was forced to hire and retain tax professionals to assist me, to write letters and explain avenues of contesting some IRS illegal measures against me.

D.   I experienced immense costs and expended a vast amount of time and resources in contesting these invalid levies.

E.   The illegal collection measures taken against me – including the garnishment of my pay check, some of my investments, and a large percentage of my Social Security retirement benefit under TOP – caused severe and unnecessary financial hardship to me, my family, and my handicapped son. We were denied some necessities of life, had to incur debt and not pay bills, and suffered anxiety, emotional distress, mental anguish, and health problems.

F.   I lost use of my money, plus reasonable interest.

G.   I was unable to pay loans and other debts.

## 4.   The dollar amount of the claim includes:

A.   Funds collected illegally from my Social Security paycheck since year 2006 until the present. Currently, an illegal collection of $1,230 is being taken monthly from my Social Security checks;

B.   Damages permitted under Section 7433, including interest, and other relief allowed by law;

C.    Loss of use of my money, plus reasonable interest;

D.    Attorney's fees and costs associated with contesting your
       agency's actions.

In conclusion, this is my claim for damages for wrongful actions of IRS
employees. Under federal law, I am entitled to compensation.


Sincerely,

John T Hines
Phone:  (407) 704-9048

<u>Administrative Claim Letter (Excessive TOP)</u>

**Exhibit O**

**Mr. John T. Hines**
3854 Cedar Hammock Trail
St. Cloud, Florida 34772

May 5, 2008

Area Director of IRS for this Region

Attn: Compliance Technical Support Manager
IRS Office
Buffalo, NY 14227

Re:   John T Hines SS#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
      ADMINISTRATIVE CLAIM FOR UNAUTHORIZED COLLECTION ACTIONS
      UNDER IRS 7433 & 26 CFR 301.7433-1

Dear Compliance Technical Support Manager:

This is an administrative claim for civil damages for Unauthorized Collection Actions under IRC 7433 and CFR 301.7433-1.

Under said law in section (d) (1) and said regulation in section (d), I am required to exhaust my administrative remedies. This letter is my method of doing that. I will file a civil action in US District Court under IRC 7433 for the wrongful and illegal collections actions against me.

Under CFR 301.7433 (e) (2), I must inform you of the following:

1.   My name, address and identification number is above. My telephone number is below. The best time to call me is during normal business hours.

2.   **The grounds of my claim for damages include:**
     A.   The IRS pursued illegal collection measures against me for an alleged tax debt for the tax years 1998 to 2003 and other years. These measures included the garnishment of my pay check, some of my investments, and a large percentage of my Social Security retirement benefit under TOP. These illegal measures caused severe and unnecessary hardship to me, my family, and my handicapped son.

B.  From October 2006 to March 2007, the IRS had illegally levied $1,100 from my social security retirement benefit check of $1,746.00. This illegal garnishment was repeated at least six times during that period.

C.  In January 2008, $1,192 was deducted from my Social Security check. In addition, I received a correspondence stating that as of February 2008 the Social Security Administration will be deducting $1,230 monthly. This deduction is continuing until today. These SS levies were done by way of the Treasury Offset Program [TOP] for an alleged tax debt for the tax years 1998 to 2003 and other years.

D.  The Treasury Offset Program law only allows a TOP of 15 % to be removed from a social security check. The Tax Payer Relief Act of 1997 (Public Law 105-34) authorizes the IRS to levy "up to 15 percent of each monthly payment..." The 15% from my check amounts to $262. However, the tax collectors took about sixty-three per cent of my check, or $1,100. This is obviously excessive and the SSA is permitting such an illegal measure against the law. The six illegal tax collections were excessive for at least $6,600.

E.  Since the time of the wrongful IRS actions, I had written the IRS many times about the illegal levies, the excessive TOP, and asked the IRS to stop the unauthorized garnishments. I had also reminded the IRS of its failure to send the mandatory CDPH notice. In addition to the IRS, I had also written the Social Security Administration regarding the illegal garnishment of my social security benefits. As of yet, I have not received a meaningful response to my inquiries.

F.  All these levies were unauthorized or illegal and harmed me in many ways. They are invalid simply because the IRS failed to act according to law. Based on 26 USC 6330(a)(1), no levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made.

G.  IRC section 6330, enacted as part of the IRS Restructuring and Reform Act of 1998, provides taxpayers with due process prior to the exercise of a tax levy. Congress believed that taxpayers should be entitled to protections against the IRS that they would normally have with other creditors. Moreover, Congress intended that the IRS and the taxpayer would engage in a meaningful hearing on an administrative level, with adequate notice of collection, to increase fairness to taxpayers. These hearings have become known as

Collection Due Process (CDP) hearings. Under IRC section 6330(c)(2), in the course of the proceedings, taxpayers can challenge the appropriateness of the collection action.

H.   For the tax years in question, the levy was wrongful because the tax collectors did not send me a notice for a collection due process hearing (CDPH), as mandated by IRC § 6630. The legal process has not been carried out properly. No levies should be allowed until that notice is sent and the taxpayer fails to take advantage of his rights under the law.

3.   **The injuries for this claim include:**
   A.   I suffered a number of damages due to the reckless, intentional, or negligent actions committed by your agency or its officer, employee, or agent.

   B.   I am the sole supporter of myself and my family. The illegal IRS actions caused immense financial hardship to us.

   C.   Further, I was forced to hire and retain tax professionals to assist me, to write letters and explain avenues of contesting some IRS illegal measures against me.

   D.   I experienced immense costs and expended a vast amount of time and resources in contesting these invalid levies.

   E.   The illegal collection measures taken against me – including the garnishment of my pay check, some of my investments, and a large percentage of my Social Security retirement benefit under TOP – caused severe and unnecessary financial hardship to me, my family, and my handicapped son. We were denied some necessities of life, had to incur debt and not pay bills, and suffered anxiety, emotional distress, mental anguish, and health problems.

   F.   I lost use of my money, plus reasonable interest.

   G.   I was unable to pay loans and other debts.

4.   **The dollar amount of the claim includes:**
   A.   Funds collected illegally from my Social Security paycheck since year 2006 until the present. Currently, an illegal collection of $1,230 is being taken monthly from my Social Security checks;

   B.   Damages permitted under Section 7433, including interest, and other relief allowed by law;

C.    Loss of use of my money, plus reasonable interest;

D.    Attorney's fees and costs associated with contesting your agency's actions.

In conclusion, this is my claim for damages for wrongful actions of IRS employees. Under federal law, I am entitled to compensation.

Sincerely,

John T Hines
Phone: (407) 704-9048

<u>**Administrative Claim Letter (Excessive TOP)**</u>          **Exhibit P**

**Mr. John T. Hines**
3854 Cedar Hammock Trail
St. Cloud, Florida 34772

May 5, 2008

Area Director of IRS for this Region

Attn: Compliance Technical Support Manager
IRS Office
Greensboro, NC 27401

Re:    John T Hines SS#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
       ADMINISTRATIVE CLAIM FOR UNAUTHORIZED COLLECTION ACTIONS
       UNDER IRS 7433 & 26 CFR 301.7433-1

Dear Compliance Technical Support Manager:

This is an administrative claim for civil damages for Unauthorized Collection Actions under IRC 7433 and CFR 301.7433-1.

Under said law in section (d) (1) and said regulation in section (d), I am required to exhaust my administrative remedies. This letter is my method of doing that. I will file a civil action in US District Court under IRC 7433 for the wrongful and illegal collections actions against me.

Under CFR 301.7433 (e) (2), I must inform you of the following:

1.    My name, address and identification number is above. My telephone number is below. The best time to call me is during normal business hours.

2.    **The grounds of my claim for damages include:**
      A.    The IRS pursued illegal collection measures against me for an alleged tax debt for the tax years 1998 to 2003 and other years. These measures included the garnishment of my pay check, some of my investments, and a large percentage of my Social Security retirement benefit under TOP. These illegal measures caused severe and unnecessary hardship to me, my family, and my handicapped son.

B.  From October 2006 to March 2007, the IRS had illegally levied $1,100 from my social security retirement benefit check of $1,746.00. This illegal garnishment was repeated at least six times during that period.

C.  In January 2008, $1,192 was deducted from my Social Security check. In addition, I received a correspondence stating that as of February 2008 the Social Security Administration will be deducting $1,230 monthly. This deduction is continuing until today. These SS levies were done by way of the Treasury Offset Program [TOP] for an alleged tax debt for the tax years 1998 to 2003 and other years.

D.  The Treasury Offset Program law only allows a TOP of 15 % to be removed from a social security check. The Tax Payer Relief Act of 1997 (Public Law 105-34) authorizes the IRS to levy "up to 15 percent of each monthly payment…" The 15% from my check amounts to $262. However, the tax collectors took about sixty-three per cent of my check, or $1,100. This is obviously excessive and the SSA is permitting such an illegal measure against the law. The six illegal tax collections were excessive for at least $6,600.

E.  Since the time of the wrongful IRS actions, I had written the IRS many times about the illegal levies, the excessive TOP, and asked the IRS to stop the unauthorized garnishments. I had also reminded the IRS of its failure to send the mandatory CDPH notice. In addition to the IRS, I had also written the Social Security Administration regarding the illegal garnishment of my social security benefits. As of yet, I have not received a meaningful response to my inquiries.

F.  All these levies were unauthorized or illegal and harmed me in many ways. They are invalid simply because the IRS failed to act according to law. Based on 26 USC 6330(a)(1), no levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made.

G.  IRC section 6330, enacted as part of the IRS Restructuring and Reform Act of 1998, provides taxpayers with due process prior to the exercise of a tax levy. Congress believed that taxpayers should be entitled to protections against the IRS that they would normally have with other creditors. Moreover, Congress intended that the IRS and the taxpayer would engage in a meaningful hearing on an administrative level, with adequate notice of collection, to increase fairness to taxpayers. These hearings have become known as

Collection Due Process (CDP) hearings. Under IRC section 6330(c)(2), in the course of the proceedings, taxpayers can challenge the appropriateness of the collection action.

H.   For the tax years in question, the levy was wrongful because the tax collectors did not send me a notice for a collection due process hearing (CDPH), as mandated by IRC § 6630. The legal process has not been carried out properly. No levies should be allowed until that notice is sent and the taxpayer fails to take advantage of his rights under the law.

**3.   The injuries for this claim include:**

A.   I suffered a number of damages due to the reckless, intentional, or negligent actions committed by your agency or its officer, employee, or agent.

B.   I am the sole supporter of myself and my family. The illegal IRS actions caused immense financial hardship to us.

C.   Further, I was forced to hire and retain tax professionals to assist me, to write letters and explain avenues of contesting some IRS illegal measures against me.

D.   I experienced immense costs and expended a vast amount of time and resources in contesting these invalid levies.

E.   The illegal collection measures taken against me – including the garnishment of my pay check, some of my investments, and a large percentage of my Social Security retirement benefit under TOP – caused severe and unnecessary financial hardship to me, my family, and my handicapped son. We were denied some necessities of life, had to incur debt and not pay bills, and suffered anxiety, emotional distress, mental anguish, and health problems.

F.   I lost use of my money, plus reasonable interest.

G.   I was unable to pay loans and other debts.

**4.   The dollar amount of the claim includes:**

A.   Funds collected illegally from my Social Security paycheck since year 2006 until the present. Currently, an illegal collection of $1,230 is being taken monthly from my Social Security checks;

B.   Damages permitted under Section 7433, including interest, and other relief allowed by law;

C.    Loss of use of my money, plus reasonable interest;

D.    Attorney's fees and costs associated with contesting your
      agency's actions.

In conclusion, this is my claim for damages for wrongful actions of IRS
employees. Under federal law, I am entitled to compensation.


Sincerely,

John T. Hines
Phone:  (407) 704-9048

<u>**Administrative Claim Letter (Excessive TOP)**</u>                **Exhibit Q**

**Mr. John T. Hines**
3854 Cedar Hammock Trail
St. Cloud, Florida 34772

May 5, 2008

Area Director of IRS for this Region

Attn: Compliance Technical Support Manager
IRS Office
Miami, FL 33130

Re:    John T Hines SS#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
       ADMINISTRATIVE CLAIM FOR UNAUTHORIZED COLLECTION ACTIONS
       UNDER IRS 7433 & 26 CFR 301.7433-1

Dear Compliance Technical Support Manager:

This is an administrative claim for civil damages for Unauthorized Collection Actions under IRC 7433 and CFR 301.7433-1.

Under said law in section (d) (1) and said regulation in section (d), I am required to exhaust my administrative remedies. This letter is my method of doing that. I will file a civil action in US District Court under IRC 7433 for the wrongful and illegal collections actions against me.

Under CFR 301.7433 (e) (2), I must inform you of the following:

1.    My name, address and identification number is above. My telephone number is below. The best time to call me is during normal business hours.

2.    **The grounds of my claim for damages include:**
      A.    The IRS pursued illegal collection measures against me for an alleged tax debt for the tax years 1998 to 2003 and other years. These measures included the garnishment of my pay check, some of my investments, and a large percentage of my Social Security retirement benefit under TOP. These illegal measures caused severe and unnecessary hardship to me, my family, and my handicapped son.

B.  From October 2006 to March 2007, the IRS had illegally levied $1,100 from my social security retirement benefit check of $1,746.00. This illegal garnishment was repeated at least six times during that period.

C.  In January 2008, $1,192 was deducted from my Social Security check. In addition, I received a correspondence stating that as of February 2008 the Social Security Administration will be deducting $1,230 monthly. This deduction is continuing until today. These SS levies were done by way of the Treasury Offset Program [TOP] for an alleged tax debt for the tax years 1998 to 2003 and other years.

D.  The Treasury Offset Program law only allows a TOP of 15 % to be removed from a social security check. The Tax Payer Relief Act of 1997 (Public Law 105-34) authorizes the IRS to levy "up to 15 percent of each monthly payment..." The 15% from my check amounts to $262. However, the tax collectors took about sixty-three per cent of my check, or $1,100. This is obviously excessive and the SSA is permitting such an illegal measure against the law. The six illegal tax collections were excessive for at least $6,600.

E.  Since the time of the wrongful IRS actions, I had written the IRS many times about the illegal levies, the excessive TOP, and asked the IRS to stop the unauthorized garnishments. I had also reminded the IRS of its failure to send the mandatory CDPH notice. In addition to the IRS, I had also written the Social Security Administration regarding the illegal garnishment of my social security benefits. As of yet, I have not received a meaningful response to my inquiries.

F.  All these levies were unauthorized or illegal and harmed me in many ways. They are invalid simply because the IRS failed to act according to law. Based on 26 USC 6330(a)(1), no levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made.

G.  IRC section 6330, enacted as part of the IRS Restructuring and Reform Act of 1998, provides taxpayers with due process prior to the exercise of a tax levy. Congress believed that taxpayers should be entitled to protections against the IRS that they would normally have with other creditors. Moreover, Congress intended that the IRS and the taxpayer would engage in a meaningful hearing on an administrative level, with adequate notice of collection, to increase fairness to taxpayers. These hearings have become known as

Collection Due Process (CDP) hearings. Under IRC section 6330(c)(2), in the course of the proceedings, taxpayers can challenge the appropriateness of the collection action.

H.   For the tax years in question, the levy was wrongful because the tax collectors did not send me a notice for a collection due process hearing (CDPH), as mandated by IRC § 6630. The legal process has not been carried out properly. No levies should be allowed until that notice is sent and the taxpayer fails to take advantage of his rights under the law.

## 3.   The injuries for this claim include:

A.   I suffered a number of damages due to the reckless, intentional, or negligent actions committed by your agency or its officer, employee, or agent.

B.   I am the sole supporter of myself and my family. The illegal IRS actions caused immense financial hardship to us.

C.   Further, I was forced to hire and retain tax professionals to assist me, to write letters and explain avenues of contesting some IRS illegal measures against me.

D.   I experienced immense costs and expended a vast amount of time and resources in contesting these invalid levies.

E.   The illegal collection measures taken against me – including the garnishment of my pay check, some of my investments, and a large percentage of my Social Security retirement benefit under TOP – caused severe and unnecessary financial hardship to me, my family, and my handicapped son. We were denied some necessities of life, had to incur debt and not pay bills, and suffered anxiety, emotional distress, mental anguish, and health problems.

F.   I lost use of my money, plus reasonable interest.

G.   I was unable to pay loans and other debts.

## 4.   The dollar amount of the claim includes:

A.   Funds collected illegally from my Social Security paycheck since year 2006 until the present. Currently, an illegal collection of $1,230 is being taken monthly from my Social Security checks;

B.   Damages permitted under Section 7433, including interest, and other relief allowed by law;

C.    Loss of use of my money, plus reasonable interest;

D.    Attorney's fees and costs associated with contesting your
        agency's actions.

In conclusion, this is my claim for damages for wrongful actions of IRS
employees. Under federal law, I am entitled to compensation.


Sincerely,

John T Hines
Phone: (407) 704-9048

<u>Administrative Claim Letter (Excessive TOP)</u>

**Exhibit R**

**Mr. John T. Hines**
3854 Cedar Hammock Trail
St. Cloud, Florida 34772

May 5, 2008

Area Director of IRS for this Region

Attn: Compliance Technical Support Manager
IRS Office
Maitland, FL 32751

Re:    John T Hines SS#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
       ADMINISTRATIVE CLAIM FOR UNAUTHORIZED COLLECTION ACTIONS
       UNDER IRS 7433 & 26 CFR 301.7433-1

Dear Compliance Technical Support Manager:

This is an administrative claim for civil damages for Unauthorized Collection Actions under IRC 7433 and CFR 301.7433-1.

Under said law in section (d) (1) and said regulation in section (d), I am required to exhaust my administrative remedies. This letter is my method of doing that. I will file a civil action in US District Court under IRC 7433 for the wrongful and illegal collections actions against me.

Under CFR 301.7433 (e) (2), I must inform you of the following:

1.    My name, address and identification number is above. My telephone number is below. The best time to call me is during normal business hours.

2.    **The grounds of my claim for damages include:**
      A.    The IRS pursued illegal collection measures against me for an alleged tax debt for the tax years 1998 to 2003 and other years. These measures included the garnishment of my pay check, some of my investments, and a large percentage of my Social Security retirement benefit under TOP. These illegal measures caused severe and unnecessary hardship to me, my family, and my handicapped son.

B.   From October 2006 to March 2007, the IRS had illegally levied $1,100 from my social security retirement benefit check of $1,746.00.   This illegal garnishment was repeated at least six times during that period.

C.   In January 2008, $1,192 was deducted from my Social Security check. In addition, I received a correspondence stating that as of February 2008 the Social Security Administration will be deducting $1,230 monthly. This deduction is continuing until today. These SS levies were done by way of the Treasury Offset Program [TOP] for an alleged tax debt for the tax years 1998 to 2003 and other years.

D.   The Treasury Offset Program law only allows a TOP of 15 % to be removed from a social security check. The Tax Payer Relief Act of 1997 (Public Law 105-34) authorizes the IRS to levy "up to 15 percent of each monthly payment..." The 15% from my check amounts to $262. However, the tax collectors took about sixty-three per cent of my check, or $1,100. This is obviously excessive and the SSA is permitting such an illegal measure against the law. The six illegal tax collections were excessive for at least $6,600.

E.   Since the time of the wrongful IRS actions, I had written the IRS many times about the illegal levies, the excessive TOP, and asked the IRS to stop the unauthorized garnishments. I had also reminded the IRS of its failure to send the mandatory CDPH notice. In addition to the IRS, I had also written the Social Security Administration regarding the illegal garnishment of my social security benefits. As of yet, I have not received a meaningful response to my inquiries.

F.   All these levies were unauthorized or illegal and harmed me in many ways.  They are invalid simply because the IRS failed to act according to law. Based on 26 USC 6330(a)(1), no levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made.

G.   IRC section 6330, enacted as part of the IRS Restructuring and Reform Act of 1998, provides taxpayers with due process prior to the exercise of a tax levy. Congress believed that taxpayers should be entitled to protections against the IRS that they would normally have with other creditors. Moreover, Congress intended that the IRS and the taxpayer would engage in a meaningful hearing on an administrative level, with adequate notice of collection, to increase fairness to taxpayers. These hearings have become known as

Collection Due Process (CDP) hearings. Under IRC section 6330(c)(2), in the course of the proceedings, taxpayers can challenge the appropriateness of the collection action.

H.    For the tax years in question, the levy was wrongful because the tax collectors did not send me a notice for a collection due process hearing (CDPH), as mandated by IRC § 6630. The legal process has not been carried out properly. No levies should be allowed until that notice is sent and the taxpayer fails to take advantage of his rights under the law.

3.   **The injuries for this claim include:**

A.    I suffered a number of damages due to the reckless, intentional, or negligent actions committed by your agency or its officer, employee, or agent.

B.    I am the sole supporter of myself and my family. The illegal IRS actions caused immense financial hardship to us.

C.    Further, I was forced to hire and retain tax professionals to assist me, to write letters and explain avenues of contesting some IRS illegal measures against me.

D.    I experienced immense costs and expended a vast amount of time and resources in contesting these invalid levies.

E.    The illegal collection measures taken against me – including the garnishment of my pay check, some of my investments, and a large percentage of my Social Security retirement benefit under TOP – caused severe and unnecessary financial hardship to me, my family, and my handicapped son. We were denied some necessities of life, had to incur debt and not pay bills, and suffered anxiety, emotional distress, mental anguish, and health problems.

F.    I lost use of my money, plus reasonable interest.

G.    I was unable to pay loans and other debts.

4.   **The dollar amount of the claim includes:**

A.    Funds collected illegally from my Social Security paycheck since year 2006 until the present. Currently, an illegal collection of $1,230 is being taken monthly from my Social Security checks;

B.    Damages permitted under Section 7433, including interest, and other relief allowed by law;

C.    Loss of use of my money, plus reasonable interest;

D.    Attorney's fees and costs associated with contesting your
      agency's actions.

In conclusion, this is my claim for damages for wrongful actions of IRS
employees. Under federal law, I am entitled to compensation.

Sincerely,

John T Hines
Phone:  (407) 704-9048

Exhibit S

## Administrative Claim Letter (Excessive TOP)

**Mr. John T. Hines**
3854 Cedar Hammock Trail
St. Cloud, Florida 34772

May 5, 2008

Area Director of IRS for this Region

Attn: Compliance Technical Support Manager
IRS Office
Melbourne, FL 32901

Re:   John T Hines SS#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
      ADMINISTRATIVE CLAIM FOR UNAUTHORIZED COLLECTION ACTIONS
      UNDER IRS 7433 & 26 CFR 301.7433-1

Dear Compliance Technical Support Manager;

This is an administrative claim for civil damages for Unauthorized Collection
Actions under IRC 7433 and CFR 301.7433-1.

Under said law in section (d) (1) and said regulation in section (d), I am
required to exhaust my administrative remedies. This letter is my method of
doing that. I will file a civil action in US District Court under IRC 7433 for the
wrongful and illegal collections actions against me.

Under CFR 301.7433 (e) (2), I must inform you of the following:

1.    My name, address and identification number is above. My telephone
      number is below. The best time to call me is during normal business
      hours.

2.    **The grounds of my claim for damages include:**
      A.    The IRS pursued illegal collection measures against me for an
            alleged tax debt for the tax years 1998 to 2003 and other years.
            These measures included the garnishment of my pay check, some
            of my investments, and a large percentage of my Social Security
            retirement benefit under TOP. These illegal measures caused
            severe and unnecessary hardship to me, my family, and my
            handicapped son.

B. From October 2006 to March 2007, the IRS had illegally levied $1,100 from my social security retirement benefit check of $1,746.00. This illegal garnishment was repeated at least six times during that period.

C. In January 2008, $1,192 was deducted from my Social Security check. In addition, I received a correspondence stating that as of February 2008 the Social Security Administration will be deducting $1,230 monthly. This deduction is continuing until today. These SS levies were done by way of the Treasury Offset Program [TOP] for an alleged tax debt for the tax years 1998 to 2003 and other years.

D. The Treasury Offset Program law only allows a TOP of 15 % to be removed from a social security check. The Tax Payer Relief Act of 1997 (Public Law 105-34) authorizes the IRS to levy "up to 15 percent of each monthly payment..." The 15% from my check amounts to $262. However, the tax collectors took about sixty-three per cent of my check, or $1,100. This is obviously excessive and the SSA is permitting such an illegal measure against the law. The six illegal tax collections were excessive for at least $6,600.

E. Since the time of the wrongful IRS actions, I had written the IRS many times about the illegal levies, the excessive TOP, and asked the IRS to stop the unauthorized garnishments. I had also reminded the IRS of its failure to send the mandatory CDPH notice. In addition to the IRS, I had also written the Social Security Administration regarding the illegal garnishment of my social security benefits. As of yet, I have not received a meaningful response to my inquiries.

F. All these levies were unauthorized or illegal and harmed me in many ways. They are invalid simply because the IRS failed to act according to law. Based on 26 USC 6330(a)(1), no levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made.

G. IRC section 6330, enacted as part of the IRS Restructuring and Reform Act of 1998, provides taxpayers with due process prior to the exercise of a tax levy. Congress believed that taxpayers should be entitled to protections against the IRS that they would normally have with other creditors. Moreover, Congress intended that the IRS and the taxpayer would engage in a meaningful hearing on an administrative level, with adequate notice of collection, to increase fairness to taxpayers. These hearings have become known as

Collection Due Process (CDP) hearings. Under IRC section 6330(c)(2), in the course of the proceedings, taxpayers can challenge the appropriateness of the collection action.

H.  For the tax years in question, the levy was wrongful because the tax collectors did not send me a notice for a collection due process hearing (CDPH), as mandated by IRC § 6630. The legal process has not been carried out properly. No levies should be allowed until that notice is sent and the taxpayer fails to take advantage of his rights under the law.

## 3.  The injuries for this claim include:

A.  I suffered a number of damages due to the reckless, intentional, or negligent actions committed by your agency or its officer, employee, or agent.

B.  I am the sole supporter of myself and my family. The illegal IRS actions caused immense financial hardship to us.

C.  Further, I was forced to hire and retain tax professionals to assist me, to write letters and explain avenues of contesting some IRS illegal measures against me.

D.  I experienced immense costs and expended a vast amount of time and resources in contesting these invalid levies.

E.  The illegal collection measures taken against me – including the garnishment of my pay check, some of my investments, and a large percentage of my Social Security retirement benefit under TOP – caused severe and unnecessary financial hardship to me, my family, and my handicapped son. We were denied some necessities of life, had to incur debt and not pay bills, and suffered anxiety, emotional distress, mental anguish, and health problems.

F.  I lost use of my money, plus reasonable interest.

G.  I was unable to pay loans and other debts.

## 4.  The dollar amount of the claim includes:

A.  Funds collected illegally from my Social Security paycheck since year 2006 until the present. Currently, an illegal collection of $1,230 is being taken monthly from my Social Security checks;

B.  Damages permitted under Section 7433, including interest, and other relief allowed by law;

C.    Loss of use of my money, plus reasonable interest;

D.    Attorney's fees and costs associated with contesting your
      agency's actions.

In conclusion, this is my claim for damages for wrongful actions of IRS
employees. Under federal law, I am entitled to compensation.


Sincerely,

John T Hines
Phone: (407) 704-9048

Exhibit T

<u>**Administrative Claim Letter (Excessive TOP)**</u>

**Mr. John T. Hines**
3854 Cedar Hammock Trail
St. Cloud, Florida 34772

May 5, 2008

Area Director of IRS for this Region

Attn: Compliance Technical Support Manager
IRS Office
Tampa, FL 33607

Re:    John T Hines SS#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
       ADMINISTRATIVE CLAIM FOR UNAUTHORIZED COLLECTION ACTIONS
       UNDER IRS 7433 & 26 CFR 301.7433-1

Dear Compliance Technical Support Manager:

This is an administrative claim for civil damages for Unauthorized Collection Actions under IRC 7433 and CFR 301.7433-1.

Under said law in section (d) (1) and said regulation in section (d), I am required to exhaust my administrative remedies. This letter is my method of doing that. I will file a civil action in US District Court under IRC 7433 for the wrongful and illegal collections actions against me.

Under CFR 301.7433 (e) (2), I must inform you of the following:

1.    My name, address and identification number is above. My telephone number is below. The best time to call me is during normal business hours.

2.    **The grounds of my claim for damages include:**
      A.    The IRS pursued illegal collection measures against me for an alleged tax debt for the tax years 1998 to 2003 and other years. These measures included the garnishment of my pay check, some of my investments, and a large percentage of my Social Security retirement benefit under TOP. These illegal measures caused severe and unnecessary hardship to me, my family, and my handicapped son.

B.   From October 2006 to March 2007, the IRS had illegally levied $1,100 from my social security retirement benefit check of $1,746.00. This illegal garnishment was repeated at least six times during that period.

C.   In January 2008, $1,192 was deducted from my Social Security check. In addition, I received a correspondence stating that as of February 2008 the Social Security Administration will be deducting $1,230 monthly. This deduction is continuing until today. These SS levies were done by way of the Treasury Offset Program [TOP] for an alleged tax debt for the tax years 1998 to 2003 and other years.

D.   The Treasury Offset Program law only allows a TOP of 15 % to be removed from a social security check. The Tax Payer Relief Act of 1997 (Public Law 105-34) authorizes the IRS to levy "up to 15 percent of each monthly payment..." The 15% from my check amounts to $262. However, the tax collectors took about sixty-three per cent of my check, or $1,100. This is obviously excessive and the SSA is permitting such an illegal measure against the law. The six illegal tax collections were excessive for at least $6,600.

E.   Since the time of the wrongful IRS actions, I had written the IRS many times about the illegal levies, the excessive TOP, and asked the IRS to stop the unauthorized garnishments. I had also reminded the IRS of its failure to send the mandatory CDPH notice. In addition to the IRS, I had also written the Social Security Administration regarding the illegal garnishment of my social security benefits. As of yet, I have not received a meaningful response to my inquiries.

F.   All these levies were unauthorized or illegal and harmed me in many ways. They are invalid simply because the IRS failed to act according to law. Based on 26 USC 6330(a)(1), no levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made.

G.   IRC section 6330, enacted as part of the IRS Restructuring and Reform Act of 1998, provides taxpayers with due process prior to the exercise of a tax levy. Congress believed that taxpayers should be entitled to protections against the IRS that they would normally have with other creditors. Moreover, Congress intended that the IRS and the taxpayer would engage in a meaningful hearing on an administrative level, with adequate notice of collection, to increase fairness to taxpayers. These hearings have become known as

Collection Due Process (CDP) hearings. Under IRC section 6330(c)(2), in the course of the proceedings, taxpayers can challenge the appropriateness of the collection action.

H.    For the tax years in question, the levy was wrongful because the tax collectors did not send me a notice for a collection due process hearing (CDPH), as mandated by IRC § 6630. The legal process has not been carried out properly. No levies should be allowed until that notice is sent and the taxpayer fails to take advantage of his rights under the law.

**3.    The injuries for this claim include:**

A.    I suffered a number of damages due to the reckless, intentional, or negligent actions committed by your agency or its officer, employee, or agent.

B.    I am the sole supporter of myself and my family. The illegal IRS actions caused immense financial hardship to us.

C.    Further, I was forced to hire and retain tax professionals to assist me, to write letters and explain avenues of contesting some IRS illegal measures against me.

D.    I experienced immense costs and expended a vast amount of time and resources in contesting these invalid levies.

E.    The illegal collection measures taken against me – including the garnishment of my pay check, some of my investments, and a large percentage of my Social Security retirement benefit under TOP – caused severe and unnecessary financial hardship to me, my family, and my handicapped son. We were denied some necessities of life, had to incur debt and not pay bills, and suffered anxiety, emotional distress, mental anguish, and health problems.

F.    I lost use of my money, plus reasonable interest.

G.    I was unable to pay loans and other debts.

**4.    The dollar amount of the claim includes:**

A.    Funds collected illegally from my Social Security paycheck since year 2006 until the present. Currently, an illegal collection of $1,230 is being taken monthly from my Social Security checks;

B.    Damages permitted under Section 7433, including interest, and other relief allowed by law;

C.    Loss of use of my money, plus reasonable interest;

D.    Attorney's fees and costs associated with contesting your
      agency's actions.

In conclusion, this is my claim for damages for wrongful actions of IRS
employees. Under federal law, I am entitled to compensation.

Sincerely,

John T Hines
Phone:  (407) 704-9048

<u>**Administrative Claim Letter (Excessive TOP)**</u>

**Exhibit U**

**Mr. John T. Hines**

3854 Cedar Hammock Trail

St. Cloud, Florida 34772

May 5, 2008

Area Director of IRS for this Region

Attn: Compliance Technical Support Manager

IRS Office

Atlanta, GA 39901

Re:    John T Hines SS#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
       ADMINISTRATIVE CLAIM FOR UNAUTHORIZED COLLECTION ACTIONS
       UNDER IRS 7433 & 26 CFR 301.7433-1

Dear Compliance Technical Support Manager:

This is an administrative claim for civil damages for Unauthorized Collection Actions under IRC 7433 and CFR 301.7433-1.

Under said law in section (d) (1) and said regulation in section (d), I am required to exhaust my administrative remedies. This letter is my method of doing that. I will file a civil action in US District Court under IRC 7433 for the wrongful and illegal collections actions against me.

Under CFR 301.7433 (e) (2), I must inform you of the following:

1.    My name, address and identification number is above. My telephone number is below. The best time to call me is during normal business hours.

2.    **The grounds of my claim for damages include:**

A.    The IRS pursued illegal collection measures against me for an alleged tax debt for the tax years 1998 to 2003 and other years. These measures included the garnishment of my pay check, some of my investments, and a large percentage of my Social Security retirement benefit under TOP. These illegal measures caused severe and unnecessary hardship to me, my family, and my handicapped son.

B.   From October 2006 to March 2007, the IRS had illegally levied $1,100 from my social security retirement benefit check of $1,746.00. This illegal garnishment was repeated at least six times during that period.

C.   In January 2008, $1,192 was deducted from my Social Security check. In addition, I received a correspondence stating that as of February 2008 the Social Security Administration will be deducting $1,230 monthly. This deduction is continuing until today. These SS levies were done by way of the Treasury Offset Program [TOP] for an alleged tax debt for the tax years 1998 to 2003 and other years.

D.   The Treasury Offset Program law only allows a TOP of 15 % to be removed from a social security check. The Tax Payer Relief Act of 1997 (Public Law 105-34) authorizes the IRS to levy "up to 15 percent of each monthly payment..." The 15% from my check amounts to $262. However, the tax collectors took about sixty-three per cent of my check, or $1,100. This is obviously excessive and the SSA is permitting such an illegal measure against the law. The six illegal tax collections were excessive for at least $6,600.

E.   Since the time of the wrongful IRS actions, I had written the IRS many times about the illegal levies, the excessive TOP, and asked the IRS to stop the unauthorized garnishments. I had also reminded the IRS of its failure to send the mandatory CDPH notice. In addition to the IRS, I had also written the Social Security Administration regarding the illegal garnishment of my social security benefits. As of yet, I have not received a meaningful response to my inquiries.

F.   All these levies were unauthorized or illegal and harmed me in many ways. They are invalid simply because the IRS failed to act according to law. Based on 26 USC 6330(a)(1), no levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made.

G.   IRC section 6330, enacted as part of the IRS Restructuring and Reform Act of 1998, provides taxpayers with due process prior to the exercise of a tax levy. Congress believed that taxpayers should be entitled to protections against the IRS that they would normally have with other creditors. Moreover, Congress intended that the IRS and the taxpayer would engage in a meaningful hearing on an administrative level, with adequate notice of collection, to increase fairness to taxpayers. These hearings have become known as

Collection Due Process (CDP) hearings. Under IRC section 6330(c)(2), in the course of the proceedings, taxpayers can challenge the appropriateness of the collection action.

H.  For the tax years in question, the levy was wrongful because the tax collectors did not send me a notice for a collection due process hearing (CDPH), as mandated by IRC § 6630. The legal process has not been carried out properly. No levies should be allowed until that notice is sent and the taxpayer fails to take advantage of his rights under the law.

**3.  The injuries for this claim include:**

A.  I suffered a number of damages due to the reckless, intentional, or negligent actions committed by your agency or its officer, employee, or agent.

B.  I am the sole supporter of myself and my family. The illegal IRS actions caused immense financial hardship to us.

C.  Further, I was forced to hire and retain tax professionals to assist me, to write letters and explain avenues of contesting some IRS illegal measures against me.

D.  I experienced immense costs and expended a vast amount of time and resources in contesting these invalid levies.

E.  The illegal collection measures taken against me – including the garnishment of my pay check, some of my investments, and a large percentage of my Social Security retirement benefit under TOP – caused severe and unnecessary financial hardship to me, my family, and my handicapped son. We were denied some necessities of life, had to incur debt and not pay bills, and suffered anxiety, emotional distress, mental anguish, and health problems.

F.  I lost use of my money, plus reasonable interest.

G.  I was unable to pay loans and other debts.

**4.  The dollar amount of the claim includes:**

A.  Funds collected illegally from my Social Security paycheck since year 2006 until the present. Currently, an illegal collection of $1,230 is being taken monthly from my Social Security checks;

B.  Damages permitted under Section 7433, including interest, and other relief allowed by law;

C.    Loss of use of my money, plus reasonable interest;

D.    Attorney's fees and costs associated with contesting your
      agency's actions.

In conclusion, this is my claim for damages for wrongful actions of IRS
employees. Under federal law, I am entitled to compensation.


Sincerely,

John T Hines
Phone:  (407) 704-9048

Exhibit V

# Administrative Claim for garnishment of my paycheck & stocks

**Mr. John T. Hines**
3854 Cedar Hammock Trail
St. Cloud, Florida 34772

May 05, 2008

Area Director of IRS for this Region

Attn: Compliance Technical Support Manager
IRS Office
Jacksonville, Florida 32202

Re:    John T Hines SS#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
       ADMINISTRATIVE CLAIM FOR UNAUTHORIZED COLLECTION
       ACTIONS UNDER IRS 7433 & 26 CFR 301.7433-1

Dear Compliance Technical Support Manager:

This is an administrative claim for civil damages for Unauthorized Collection Actions under IRC 7433 and CFR 301.7433-1.

Under said law in section (d) (1) and said regulation in section (d), I am required to exhaust my administrative remedies. This letter is my method of doing that. I will file a civil action in US District Court under IRC 7433 for the wrongful and illegal collections actions against me.

Under CFR 301.7433 (e) (2), I must inform you of the following:

1.    My name, address and identification number is above. My telephone number is below. The best time to call me is during normal business hours.

2.    **The grounds of my claim for damages include:**

      A.    The IRS pursued illegal collection measures against me – including the garnishment of my pay check, some of my investments, and a large percentage of my Social Security retirement benefit under TOP. These illegal measures caused severe and unnecessary hardship to me, my family, and my handicapped son.

B. On May 1, 2007, the IRS garnished my professional proceeds or compensation in the amount of $13,700 from Osceola Anesthesia Associates by levy which was unauthorized or illegal.

C. Also in May 2007, the IRS levied 444 shares of MetLife, Inc. held for me by Mellon Investor Services worth about $30,000. The IRS told Mellon to liquidate my shares, and Mellon sold theses shares on the market for about $30,000. From the proceeds of the forced sale of my stocks, Mellon sent $8,468 to the IRS and $21,775.10 to me. On June 14, 2007, Mellon asked me for the return of the funds. I had incurred fees and costs pertaining to the sale and loss of value due to the early sale.

D. Since the time of the wrongful IRS actions, I had written the IRS many times about the illegal levies, the excessive TOP, and asked the IRS to stop the unauthorized garnishments. I had also reminded the IRS of its failure to send the mandatory CDPH notice. In addition to the IRS, I had also written the Social Security Administration regarding the illegal garnishment of my social security benefits. As of yet, I have not received a meaningful response to my inquiries.

E. All these levies were unauthorized or illegal and harmed me in many ways. They are invalid simply because the IRS failed to act according to law. Based on 26 USC 6330(a)(1), no levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made.

F. IRC section 6330, enacted as part of the IRS Restructuring and Reform Act of 1998, provides taxpayers with due process prior to the exercise of a tax levy. Congress believed that taxpayers should be entitled to protections against the IRS that they would normally have with other creditors. Moreover, Congress intended that the IRS and the taxpayer would engage in a meaningful hearing on an administrative level, with adequate notice of collection, to increase fairness to taxpayers. These hearings have become known as Collection Due Process (CDP) hearings. Under IRC section 6330(c)(2), in the course of the proceedings, taxpayers can challenge the appropriateness of the collection action.

G.   For the tax years in question, the levy was wrongful because the tax collectors did not send me a notice for a collection due process hearing (CDPH), as mandated by IRC § 6630. The legal process has not been carried out properly. No levies should be allowed until that notice is sent and the taxpayer fails to take advantage of his rights under the law.

3.   **The injuries for this claim include:**
   A.   I suffered a number of damages due to the reckless, intentional, or negligent actions committed by your agency or its officer, employee, or agent.

   B.   I am the sole supporter of myself and my family. The illegal IRS actions caused immense financial hardship to us.

   C.   Further, I was forced to hire and retain tax professionals to assist me, to write letters and explain avenues of contesting some IRS illegal measures against me.

   D.   I experienced immense costs and expended a vast amount of time and resources in contesting these invalid levies.

   E.   The illegal collection measures taken against me – including the garnishment of my pay check, some of my investments, and a large percentage of my Social Security retirement benefit under TOP – caused severe and unnecessary financial hardship to me, my family, and my handicapped son. We were denied some necessities of life, had to incur debt and not pay bills, and suffered anxiety, emotional distress, mental anguish, and health problems.

   F.   I lost use of my money, plus reasonable interest.

   G.   I was unable to pay loans and other debts.

4.   **The dollar amount of the claim includes:**
   A.   $13,700 taken from my pay;

   B.   $8,468 taken from the proceeds of the forced sale of my stocks;

   C.   $5,646 sent to the IRS in January 2008.

   D.   Sales cost, fee and loss of value due to forced sale of my stocks.

E.   Damages permitted under Section 7433, including interest, and other relief allowed by law;

F.   Loss of use of my money, plus reasonable interest;

G.   Attorney's fees and costs associated with contesting your agency's actions.

In conclusion, this is my claim for damages for wrongful actions of IRS employees. Under federal law, I am entitled to compensation.

Sincerely,

John T Hines
Phone: (407) 704-9048

**Exhibit W**

## <u>Administrative Claim for garnishment of my paycheck & stocks</u>

**Mr. John T. Hines**
3854 Cedar Hammock Trail
St. Cloud, Florida 34772

May 5, 2008

Area Director of IRS for this Region

Attn: Compliance Technical Support Manager
IRS Office
Melbourne, FL 32901

Re:    John T Hines SS#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
       ADMINISTRATIVE CLAIM FOR UNAUTHORIZED COLLECTION
       ACTIONS UNDER IRS 7433 & 26 CFR 301.7433-1

Dear Compliance Technical Support Manager:

This is an administrative claim for civil damages for Unauthorized
Collection Actions under IRC 7433 and CFR 301.7433-1.

Under said law in section (d) (1) and said regulation in section (d), I am
required to exhaust my administrative remedies. This letter is my method
of doing that. I will file a civil action in US District Court under IRC 7433
for the wrongful and illegal collections actions against me.

Under CFR 301.7433 (e) (2), I must inform you of the following:

1.     My name, address and identification number is above. My
       telephone number is below. The best time to call me is during
       normal business hours.

2.     **The grounds of my claim for damages include:**

       A.     The IRS pursued illegal collection measures against me –
              including the garnishment of my pay check, some of my
              investments, and a large percentage of my Social Security
              retirement benefit under TOP. These illegal measures caused
              severe and unnecessary hardship to me, my family, and my
              handicapped son.

B.  On May 1, 2007, the IRS garnished my professional proceeds or compensation in the amount of $13,700 from Osceola Anesthesia Associates by levy which was unauthorized or illegal.

C.  Also in May 2007, the IRS levied 444 shares of MetLife, Inc. held for me by Mellon Investor Services worth about $30,000. The IRS told Mellon to liquidate my shares, and Mellon sold theses shares on the market for about $30,000. From the proceeds of the forced sale of my stocks, Mellon sent $8,468 to the IRS and $21,775.10 to me. On June 14, 2007, Mellon asked me for the return of the funds. I had incurred fees and costs pertaining to the sale and loss of value due to the early sale.

D.  Since the time of the wrongful IRS actions, I had written the IRS many times about the illegal levies, the excessive TOP, and asked the IRS to stop the unauthorized garnishments. I had also reminded the IRS of its failure to send the mandatory CDPH notice. In addition to the IRS, I had also written the Social Security Administration regarding the illegal garnishment of my social security benefits. As of yet, I have not received a meaningful response to my inquiries.

E.  All these levies were unauthorized or illegal and harmed me in many ways.  They are invalid simply because the IRS failed to act according to law. Based on 26 USC 6330(a)(1), no levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made.

F.  IRC section 6330, enacted as part of the IRS Restructuring and Reform Act of 1998, provides taxpayers with due process prior to the exercise of a tax levy. Congress believed that taxpayers should be entitled to protections against the IRS that they would normally have with other creditors. Moreover, Congress intended that the IRS and the taxpayer would engage in a meaningful hearing on an administrative level, with adequate notice of collection, to increase fairness to taxpayers. These hearings have become known as Collection Due Process (CDP) hearings. Under IRC section 6330(c)(2), in the course of the proceedings, taxpayers can challenge the appropriateness of the collection action.

G. For the tax years in question, the levy was wrongful because the tax collectors did not send me a notice for a collection due process hearing (CDPH), as mandated by IRC § 6630. The legal process has not been carried out properly. No levies should be allowed until that notice is sent and the taxpayer fails to take advantage of his rights under the law.

**3. The injuries for this claim include:**

A. I suffered a number of damages due to the reckless, intentional, or negligent actions committed by your agency or its officer, employee, or agent.

B. I am the sole supporter of myself and my family. The illegal IRS actions caused immense financial hardship to us.

C. Further, I was forced to hire and retain tax professionals to assist me, to write letters and explain avenues of contesting some IRS illegal measures against me.

D. I experienced immense costs and expended a vast amount of time and resources in contesting these invalid levies.

E. The illegal collection measures taken against me – including the garnishment of my pay check, some of my investments, and a large percentage of my Social Security retirement benefit under TOP – caused severe and unnecessary financial hardship to me, my family, and my handicapped son. We were denied some necessities of life, had to incur debt and not pay bills, and suffered anxiety, emotional distress, mental anguish, and health problems.

F. I lost use of my money, plus reasonable interest.

G. I was unable to pay loans and other debts.

**4. The dollar amount of the claim includes:**

A. $13,700 taken from my pay;

B. $8,468 taken from the proceeds of the forced sale of my stocks;

C. $5,646 sent to the IRS in January 2008.

D. Sales cost, fee and loss of value due to forced sale of my stocks.

E.   Damages permitted under Section 7433, including interest, and other relief allowed by law;

F.   Loss of use of my money, plus reasonable interest;

G.   Attorney's fees and costs associated with contesting your agency's actions.

In conclusion, this is my claim for damages for wrongful actions of IRS employees. Under federal law, I am entitled to compensation.

Sincerely,

John T Hines
Phone: (407) 704-9048

Exhibit X

## Administrative Claim for garnishment of my paycheck & stocks

**Mr. John T. Hines**
3854 Cedar Hammock Trail
St. Cloud, Florida 34772

May 5, 2008

Area Director of IRS for this Region

Attn: Compliance Technical Support Manager
IRS Office
Maitland, FL 32751

Re:   John T Hines SS#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
ADMINISTRATIVE CLAIM FOR UNAUTHORIZED COLLECTION
ACTIONS UNDER IRS 7433 & 26 CFR 301.7433-1

Dear Compliance Technical Support Manager:

This is an administrative claim for civil damages for Unauthorized
Collection Actions under IRC 7433 and CFR 301.7433-1.

Under said law in section (d) (1) and said regulation in section (d), I am
required to exhaust my administrative remedies. This letter is my method
of doing that. I will file a civil action in US District Court under IRC 7433
for the wrongful and illegal collections actions against me.

Under CFR 301.7433 (e) (2), I must inform you of the following:

1.    My name, address and identification number is above. My
telephone number is below. The best time to call me is during
normal business hours.

2.    **The grounds of my claim for damages include:**

A.    The IRS pursued illegal collection measures against me –
including the garnishment of my pay check, some of my
investments, and a large percentage of my Social Security
retirement benefit under TOP. These illegal measures caused
severe and unnecessary hardship to me, my family, and my
handicapped son.

B.  On May 1, 2007, the IRS garnished my professional proceeds or compensation in the amount of $13,700 from Osceola Anesthesia Associates by levy which was unauthorized or illegal.

C.  Also in May 2007, the IRS levied 444 shares of MetLife, Inc. held for me by Mellon Investor Services worth about $30,000. The IRS told Mellon to liquidate my shares, and Mellon sold theses shares on the market for about $30,000. From the proceeds of the forced sale of my stocks, Mellon sent $8,468 to the IRS and $21,775.10 to me. On June 14, 2007, Mellon asked me for the return of the funds. I had incurred fees and costs pertaining to the sale and loss of value due to the early sale.

D.  Since the time of the wrongful IRS actions, I had written the IRS many times about the illegal levies, the excessive TOP, and asked the IRS to stop the unauthorized garnishments. I had also reminded the IRS of its failure to send the mandatory CDPH notice. In addition to the IRS, I had also written the Social Security Administration regarding the illegal garnishment of my social security benefits. As of yet, I have not received a meaningful response to my inquiries.

E.  All these levies were unauthorized or illegal and harmed me in many ways. They are invalid simply because the IRS failed to act according to law. Based on 26 USC 6330(a)(1), no levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made.

F.  IRC section 6330, enacted as part of the IRS Restructuring and Reform Act of 1998, provides taxpayers with due process prior to the exercise of a tax levy. Congress believed that taxpayers should be entitled to protections against the IRS that they would normally have with other creditors. Moreover, Congress intended that the IRS and the taxpayer would engage in a meaningful hearing on an administrative level, with adequate notice of collection, to increase fairness to taxpayers. These hearings have become known as Collection Due Process (CDP) hearings. Under IRC section 6330(c)(2), in the course of the proceedings, taxpayers can challenge the appropriateness of the collection action.

G.    For the tax years in question, the levy was wrongful because the tax collectors did not send me a notice for a collection due process hearing (CDPH), as mandated by IRC § 6630. The legal process has not been carried out properly. No levies should be allowed until that notice is sent and the taxpayer fails to take advantage of his rights under the law.

3.    **The injuries for this claim include:**

A.    I suffered a number of damages due to the reckless, intentional, or negligent actions committed by your agency or its officer, employee, or agent.

B.    I am the sole supporter of myself and my family. The illegal IRS actions caused immense financial hardship to us.

C.    Further, I was forced to hire and retain tax professionals to assist me, to write letters and explain avenues of contesting some IRS illegal measures against me.

D.    I experienced immense costs and expended a vast amount of time and resources in contesting these invalid levies.

E.    The illegal collection measures taken against me – including the garnishment of my pay check, some of my investments, and a large percentage of my Social Security retirement benefit under TOP – caused severe and unnecessary financial hardship to me, my family, and my handicapped son. We were denied some necessities of life, had to incur debt and not pay bills, and suffered anxiety, emotional distress, mental anguish, and health problems.

F.    I lost use of my money, plus reasonable interest.

G.    I was unable to pay loans and other debts.

4.    **The dollar amount of the claim includes:**

A.    $13,700 taken from my pay;

B.    $8,468 taken from the proceeds of the forced sale of my stocks;

C.    $5,646 sent to the IRS in January 2008.

D.    Sales cost, fee and loss of value due to forced sale of my stocks.

E.  Damages permitted under Section 7433, including interest, and other relief allowed by law;

F.  Loss of use of my money, plus reasonable interest;

G.  Attorney's fees and costs associated with contesting your agency's actions.

In conclusion, this is my claim for damages for wrongful actions of IRS employees. Under federal law, I am entitled to compensation.

Sincerely,

John T Hines
Phone: (407) 704-9048

## Administrative Claim for garnishment of my paycheck & stocks

**Mr. John T. Hines**
3854 Cedar Hammock Trail
St. Cloud, Florida 34772

May 5, 2008

Area Director of IRS for this Region

Attn: Compliance Technical Support Manager
IRS Office
Miami, FL 33130

Re:   John T Hines SS#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
ADMINISTRATIVE CLAIM FOR UNAUTHORIZED COLLECTION
ACTIONS UNDER IRS 7433 & 26 CFR 301.7433-1

Dear Compliance Technical Support Manager:

This is an administrative claim for civil damages for Unauthorized
Collection Actions under IRC 7433 and CFR 301.7433-1.

Under said law in section (d) (1) and said regulation in section (d), I am
required to exhaust my administrative remedies. This letter is my method
of doing that. I will file a civil action in US District Court under IRC 7433
for the wrongful and illegal collections actions against me.

Under CFR 301.7433 (e) (2), I must inform you of the following:

1.    My name, address and identification number is above. My
      telephone number is below. The best time to call me is during
      normal business hours.

2.    **The grounds of my claim for damages include:**

      A.    The IRS pursued illegal collection measures against me –
            including the garnishment of my pay check, some of my
            investments, and a large percentage of my Social Security
            retirement benefit under TOP. These illegal measures caused
            severe and unnecessary hardship to me, my family, and my
            handicapped son.

B.  On May 1, 2007, the IRS garnished my professional proceeds or compensation in the amount of $13,700 from Osceola Anesthesia Associates by levy which was unauthorized or illegal.

C.  Also in May 2007, the IRS levied 444 shares of MetLife, Inc. held for me by Mellon Investor Services worth about $30,000. The IRS told Mellon to liquidate my shares, and Mellon sold theses shares on the market for about $30,000. From the proceeds of the forced sale of my stocks, Mellon sent $8,468 to the IRS and $21,775.10 to me. On June 14, 2007, Mellon asked me for the return of the funds. I had incurred fees and costs pertaining to the sale and loss of value due to the early sale.

D.  Since the time of the wrongful IRS actions, I had written the IRS many times about the illegal levies, the excessive TOP, and asked the IRS to stop the unauthorized garnishments. I had also reminded the IRS of its failure to send the mandatory CDPH notice. In addition to the IRS, I had also written the Social Security Administration regarding the illegal garnishment of my social security benefits. As of yet, I have not received a meaningful response to my inquiries.

E.  All these levies were unauthorized or illegal and harmed me in many ways.  They are invalid simply because the IRS failed to act according to law. Based on 26 USC 6330(a)(1), no levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made.

F.  IRC section 6330, enacted as part of the IRS Restructuring and Reform Act of 1998, provides taxpayers with due process prior to the exercise of a tax levy. Congress believed that taxpayers should be entitled to protections against the IRS that they would normally have with other creditors. Moreover, Congress intended that the IRS and the taxpayer would engage in a meaningful hearing on an administrative level, with adequate notice of collection, to increase fairness to taxpayers. These hearings have become known as Collection Due Process (CDP) hearings. Under IRC section 6330(c)(2), in the course of the proceedings, taxpayers can challenge the appropriateness of the collection action.

G. For the tax years in question, the levy was wrongful because the tax collectors did not send me a notice for a collection due process hearing (CDPH), as mandated by IRC § 6630. The legal process has not been carried out properly. No levies should be allowed until that notice is sent and the taxpayer fails to take advantage of his rights under the law.

3. **The injuries for this claim include:**

A. I suffered a number of damages due to the reckless, intentional, or negligent actions committed by your agency or its officer, employee, or agent.

B. I am the sole supporter of myself and my family. The illegal IRS actions caused immense financial hardship to us.

C. Further, I was forced to hire and retain tax professionals to assist me, to write letters and explain avenues of contesting some IRS illegal measures against me.

D. I experienced immense costs and expended a vast amount of time and resources in contesting these invalid levies.

E. The illegal collection measures taken against me – including the garnishment of my pay check, some of my investments, and a large percentage of my Social Security retirement benefit under TOP – caused severe and unnecessary financial hardship to me, my family, and my handicapped son. We were denied some necessities of life, had to incur debt and not pay bills, and suffered anxiety, emotional distress, mental anguish, and health problems.

F. I lost use of my money, plus reasonable interest.

G. I was unable to pay loans and other debts.

4. **The dollar amount of the claim includes:**

A. $13,700 taken from my pay;

B. $8,468 taken from the proceeds of the forced sale of my stocks;

C. $5,646 sent to the IRS in January 2008.

D. Sales cost, fee and loss of value due to forced sale of my stocks.

E.  Damages permitted under Section 7433, including interest, and other relief allowed by law;

F.  Loss of use of my money, plus reasonable interest;

G.  Attorney's fees and costs associated with contesting your agency's actions.

In conclusion, this is my claim for damages for wrongful actions of IRS employees. Under federal law, I am entitled to compensation.

Sincerely,

John T Hines
Phone: (407) 704-9048

Exhibit Z

## Administrative Claim for garnishment of my paycheck & stocks

**Mr. John T. Hines**
3854 Cedar Hammock Trail
St. Cloud, Florida 34772

May 5, 2008

Area Director of IRS for this Region

Attn: Compliance Technical Support Manager
IRS Office
Tampa, FL 33607

Re:    John T Hines SS#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
       ADMINISTRATIVE CLAIM FOR UNAUTHORIZED COLLECTION
       ACTIONS UNDER IRS 7433 & 26 CFR 301.7433-1

Dear Compliance Technical Support Manager:

This is an administrative claim for civil damages for Unauthorized
Collection Actions under IRC 7433 and CFR 301.7433-1.

Under said law in section (d) (1) and said regulation in section (d), I am
required to exhaust my administrative remedies. This letter is my method
of doing that. I will file a civil action in US District Court under IRC 7433
for the wrongful and illegal collections actions against me.

Under CFR 301.7433 (e) (2), I must inform you of the following:

1.    My name, address and identification number is above. My
      telephone number is below. The best time to call me is during
      normal business hours.

2.    **The grounds of my claim for damages include:**

      A.    The IRS pursued illegal collection measures against me –
            including the garnishment of my pay check, some of my
            investments, and a large percentage of my Social Security
            retirement benefit under TOP. These illegal measures caused
            severe and unnecessary hardship to me, my family, and my
            handicapped son.

B.  On May 1, 2007, the IRS garnished my professional proceeds or compensation in the amount of $13,700 from Osceola Anesthesia Associates by levy which was unauthorized or illegal.

C.  Also in May 2007, the IRS levied 444 shares of MetLife, Inc. held for me by Mellon Investor Services worth about $30,000. The IRS told Mellon to liquidate my shares, and Mellon sold theses shares on the market for about $30,000. From the proceeds of the forced sale of my stocks, Mellon sent $8,468 to the IRS and $21,775.10 to me. On June 14, 2007, Mellon asked me for the return of the funds. I had incurred fees and costs pertaining to the sale and loss of value due to the early sale.

D.  Since the time of the wrongful IRS actions, I had written the IRS many times about the illegal levies, the excessive TOP, and asked the IRS to stop the unauthorized garnishments. I had also reminded the IRS of its failure to send the mandatory CDPH notice. In addition to the IRS, I had also written the Social Security Administration regarding the illegal garnishment of my social security benefits. As of yet, I have not received a meaningful response to my inquiries.

E.  All these levies were unauthorized or illegal and harmed me in many ways.  They are invalid simply because the IRS failed to act according to law. Based on 26 USC 6330(a)(1), no levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made.

F.  IRC section 6330, enacted as part of the IRS Restructuring and Reform Act of 1998, provides taxpayers with due process prior to the exercise of a tax levy. Congress believed that taxpayers should be entitled to protections against the IRS that they would normally have with other creditors. Moreover, Congress intended that the IRS and the taxpayer would engage in a meaningful hearing on an administrative level, with adequate notice of collection, to increase fairness to taxpayers. These hearings have become known as Collection Due Process (CDP) hearings. Under IRC section 6330(c)(2), in the course of the proceedings, taxpayers can challenge the appropriateness of the collection action.

G.   For the tax years in question, the levy was wrongful because the tax collectors did not send me a notice for a collection due process hearing (CDPH), as mandated by IRC § 6630. The legal process has not been carried out properly. No levies should be allowed until that notice is sent and the taxpayer fails to take advantage of his rights under the law.

3.   **The injuries for this claim include:**

A.   I suffered a number of damages due to the reckless, intentional, or negligent actions committed by your agency or its officer, employee, or agent.

B.   I am the sole supporter of myself and my family. The illegal IRS actions caused immense financial hardship to us.

C.   Further, I was forced to hire and retain tax professionals to assist me, to write letters and explain avenues of contesting some IRS illegal measures against me.

D.   I experienced immense costs and expended a vast amount of time and resources in contesting these invalid levies.

E.   The illegal collection measures taken against me – including the garnishment of my pay check, some of my investments, and a large percentage of my Social Security retirement benefit under TOP – caused severe and unnecessary financial hardship to me, my family, and my handicapped son. We were denied some necessities of life, had to incur debt and not pay bills, and suffered anxiety, emotional distress, mental anguish, and health problems.

F.   I lost use of my money, plus reasonable interest.

G.   I was unable to pay loans and other debts.

4.   **The dollar amount of the claim includes:**

A.   $13,700 taken from my pay;

B.   $8,468 taken from the proceeds of the forced sale of my stocks;

C.   $5,646 sent to the IRS in January 2008.

D.   Sales cost, fee and loss of value due to forced sale of my stocks.

E.    Damages permitted under Section 7433, including interest, and other relief allowed by law;

F.    Loss of use of my money, plus reasonable interest;

G.    Attorney's fees and costs associated with contesting your agency's actions.

In conclusion, this is my claim for damages for wrongful actions of IRS employees. Under federal law, I am entitled to compensation.

Sincerely,

John T Hines
Phone: (407) 704-9048

## Administrative Claim for garnishment of my paycheck & stocks

**Mr. John T. Hines**
3854 Cedar Hammock Trail
St. Cloud, Florida 34772

May 5, 2008

Area Director of IRS for this Region

Attn: Compliance Technical Support Manager
IRS Office
Greensboro, NC 27401

Re:    John T Hines SS#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
       ADMINISTRATIVE CLAIM FOR UNAUTHORIZED COLLECTION
       ACTIONS UNDER IRS 7433 & 26 CFR 301.7433-1

Dear Compliance Technical Support Manager:

This is an administrative claim for civil damages for Unauthorized
Collection Actions under IRC 7433 and CFR 301.7433-1.

Under said law in section (d) (1) and said regulation in section (d), I am
required to exhaust my administrative remedies. This letter is my method
of doing that. I will file a civil action in US District Court under IRC 7433
for the wrongful and illegal collections actions against me.

Under CFR 301.7433 (e) (2), I must inform you of the following:

1.     My name, address and identification number is above. My
       telephone number is below. The best time to call me is during
       normal business hours.

2.     **The grounds of my claim for damages include:**

       A.     The IRS pursued illegal collection measures against me –
              including the garnishment of my pay check, some of my
              investments, and a large percentage of my Social Security
              retirement benefit under TOP. These illegal measures caused
              severe and unnecessary hardship to me, my family, and my
              handicapped son.

B.     On May 1, 2007, the IRS garnished my professional proceeds or compensation in the amount of $13,700 from Osceola Anesthesia Associates by levy which was unauthorized or illegal.

C.     Also in May 2007, the IRS levied 444 shares of MetLife, Inc. held for me by Mellon Investor Services worth about $30,000. The IRS told Mellon to liquidate my shares, and Mellon sold theses shares on the market for about $30,000. From the proceeds of the forced sale of my stocks, Mellon sent $8,468 to the IRS and $21,775.10 to me. On June 14, 2007, Mellon asked me for the return of the funds. I had incurred fees and costs pertaining to the sale and loss of value due to the early sale.

D.     Since the time of the wrongful IRS actions, I had written the IRS many times about the illegal levies, the excessive TOP, and asked the IRS to stop the unauthorized garnishments. I had also reminded the IRS of its failure to send the mandatory CDPH notice. In addition to the IRS, I had also written the Social Security Administration regarding the illegal garnishment of my social security benefits. As of yet, I have not received a meaningful response to my inquiries.

E.     All these levies were unauthorized or illegal and harmed me in many ways. They are invalid simply because the IRS failed to act according to law. Based on 26 USC 6330(a)(1), no levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made.

F.     IRC section 6330, enacted as part of the IRS Restructuring and Reform Act of 1998, provides taxpayers with due process prior to the exercise of a tax levy. Congress believed that taxpayers should be entitled to protections against the IRS that they would normally have with other creditors. Moreover, Congress intended that the IRS and the taxpayer would engage in a meaningful hearing on an administrative level, with adequate notice of collection, to increase fairness to taxpayers. These hearings have become known as Collection Due Process (CDP) hearings. Under IRC section 6330(c)(2), in the course of the proceedings, taxpayers can challenge the appropriateness of the collection action.

G.   For the tax years in question, the levy was wrongful because the tax collectors did not send me a notice for a collection due process hearing (CDPH), as mandated by IRC § 6630. The legal process has not been carried out properly. No levies should be allowed until that notice is sent and the taxpayer fails to take advantage of his rights under the law.

3.   **The injuries for this claim include:**

A.   I suffered a number of damages due to the reckless, intentional, or negligent actions committed by your agency or its officer, employee, or agent.

B.   I am the sole supporter of myself and my family. The illegal IRS actions caused immense financial hardship to us.

C.   Further, I was forced to hire and retain tax professionals to assist me, to write letters and explain avenues of contesting some IRS illegal measures against me.

D.   I experienced immense costs and expended a vast amount of time and resources in contesting these invalid levies.

E.   The illegal collection measures taken against me – including the garnishment of my pay check, some of my investments, and a large percentage of my Social Security retirement benefit under TOP – caused severe and unnecessary financial hardship to me, my family, and my handicapped son. We were denied some necessities of life, had to incur debt and not pay bills, and suffered anxiety, emotional distress, mental anguish, and health problems.

F.   I lost use of my money, plus reasonable interest.

G.   I was unable to pay loans and other debts.

4.   **The dollar amount of the claim includes:**

A.   $13,700 taken from my pay;

B.   $8,468 taken from the proceeds of the forced sale of my stocks;

C.   $5,646 sent to the IRS in January 2008.

D.   Sales cost, fee and loss of value due to forced sale of my stocks.

E.   Damages permitted under Section 7433, including interest, and other relief allowed by law;

F.   Loss of use of my money, plus reasonable interest;

G.   Attorney's fees and costs associated with contesting your agency's actions.

In conclusion, this is my claim for damages for wrongful actions of IRS employees. Under federal law, I am entitled to compensation.

Sincerely,

John T Hines
Phone: (407) 704-9048

## Administrative Claim for garnishment of my paycheck & stocks

### Mr. John T. Hines
3854 Cedar Hammock Trail
St. Cloud, Florida 34772

May 5, 2008

Area Director of IRS for this Region

Attn: Compliance Technical Support Manager
IRS Office
Atlanta, GA 39901

Re:   John T Hines SS#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
      ADMINISTRATIVE CLAIM FOR UNAUTHORIZED COLLECTION
      ACTIONS UNDER IRS 7433 & 26 CFR 301.7433-1

Dear Compliance Technical Support Manager:

This is an administrative claim for civil damages for Unauthorized Collection Actions under IRC 7433 and CFR 301.7433-1.

Under said law in section (d) (1) and said regulation in section (d), I am required to exhaust my administrative remedies. This letter is my method of doing that. I will file a civil action in US District Court under IRC 7433 for the wrongful and illegal collections actions against me.

Under CFR 301.7433 (e) (2), I must inform you of the following:

1.   My name, address and identification number is above. My telephone number is below. The best time to call me is during normal business hours.

2.   **The grounds of my claim for damages include:**

   A.   The IRS pursued illegal collection measures against me – including the garnishment of my pay check, some of my investments, and a large percentage of my Social Security retirement benefit under TOP. These illegal measures caused severe and unnecessary hardship to me, my family, and my handicapped son.

B. On May 1, 2007, the IRS garnished my professional proceeds or compensation in the amount of $13,700 from Osceola Anesthesia Associates by levy which was unauthorized or illegal.

C. Also in May 2007, the IRS levied 444 shares of MetLife, Inc. held for me by Mellon Investor Services worth about $30,000. The IRS told Mellon to liquidate my shares, and Mellon sold theses shares on the market for about $30,000. From the proceeds of the forced sale of my stocks, Mellon sent $8,468 to the IRS and $21,775.10 to me. On June 14, 2007, Mellon asked me for the return of the funds. I had incurred fees and costs pertaining to the sale and loss of value due to the early sale.

D. Since the time of the wrongful IRS actions, I had written the IRS many times about the illegal levies, the excessive TOP, and asked the IRS to stop the unauthorized garnishments. I had also reminded the IRS of its failure to send the mandatory CDPH notice. In addition to the IRS, I had also written the Social Security Administration regarding the illegal garnishment of my social security benefits. As of yet, I have not received a meaningful response to my inquiries.

E. All these levies were unauthorized or illegal and harmed me in many ways. They are invalid simply because the IRS failed to act according to law. Based on 26 USC 6330(a)(1), no levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made.

F. IRC section 6330, enacted as part of the IRS Restructuring and Reform Act of 1998, provides taxpayers with due process prior to the exercise of a tax levy. Congress believed that taxpayers should be entitled to protections against the IRS that they would normally have with other creditors. Moreover, Congress intended that the IRS and the taxpayer would engage in a meaningful hearing on an administrative level, with adequate notice of collection, to increase fairness to taxpayers. These hearings have become known as Collection Due Process (CDP) hearings. Under IRC section 6330(c)(2), in the course of the proceedings, taxpayers can challenge the appropriateness of the collection action.

G.   For the tax years in question, the levy was wrongful because the tax collectors did not send me a notice for a collection due process hearing (CDPH), as mandated by IRC § 6630. The legal process has not been carried out properly. No levies should be allowed until that notice is sent and the taxpayer fails to take advantage of his rights under the law.

3.   **The injuries for this claim include:**

A.   I suffered a number of damages due to the reckless, intentional, or negligent actions committed by your agency or its officer, employee, or agent.

B.   I am the sole supporter of myself and my family. The illegal IRS actions caused immense financial hardship to us.

C.   Further, I was forced to hire and retain tax professionals to assist me, to write letters and explain avenues of contesting some IRS illegal measures against me.

D.   I experienced immense costs and expended a vast amount of time and resources in contesting these invalid levies.

E.   The illegal collection measures taken against me – including the garnishment of my pay check, some of my investments, and a large percentage of my Social Security retirement benefit under TOP – caused severe and unnecessary financial hardship to me, my family, and my handicapped son. We were denied some necessities of life, had to incur debt and not pay bills, and suffered anxiety, emotional distress, mental anguish, and health problems.

F.   I lost use of my money, plus reasonable interest.

G.   I was unable to pay loans and other debts.

4.   **The dollar amount of the claim includes:**

A.   $13,700 taken from my pay;

B.   $8,468 taken from the proceeds of the forced sale of my stocks;

C.   $5,646 sent to the IRS in January 2008.

D.   Sales cost, fee and loss of value due to forced sale of my stocks.

E.   Damages permitted under Section 7433, including interest, and other relief allowed by law;

F.   Loss of use of my money, plus reasonable interest;

G.   Attorney's fees and costs associated with contesting your agency's actions.

In conclusion, this is my claim for damages for wrongful actions of IRS employees. Under federal law, I am entitled to compensation.

Sincerely,

John T Hines
Phone: (407) 704-9048

Exhibit CC

## Administrative Claim for garnishment of my paycheck & stocks

**Mr. John T. Hines**

3854 Cedar Hammock Trail
St. Cloud, Florida 34772

May 5, 2008

Area Director of IRS for this Region

Attn: Compliance Technical Support Manager
IRS Office
Buffalo, NY 14227

Re:  John T Hines SS#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
ADMINISTRATIVE CLAIM FOR UNAUTHORIZED COLLECTION
ACTIONS UNDER IRS 7433 & 26 CFR 301.7433-1

Dear Compliance Technical Support Manager:

This is an administrative claim for civil damages for Unauthorized
Collection Actions under IRC 7433 and CFR 301.7433-1.

Under said law in section (d) (1) and said regulation in section (d), I am
required to exhaust my administrative remedies. This letter is my method
of doing that. I will file a civil action in US District Court under IRC 7433
for the wrongful and illegal collections actions against me.

Under CFR 301.7433 (e) (2), I must inform you of the following:

1.    My name, address and identification number is above. My
telephone number is below. The best time to call me is during
normal business hours.

2.    **The grounds of my claim for damages include:**

A.    The IRS pursued illegal collection measures against me –
including the garnishment of my pay check, some of my
investments, and a large percentage of my Social Security
retirement benefit under TOP. These illegal measures caused
severe and unnecessary hardship to me, my family, and my
handicapped son.

B. On May 1, 2007, the IRS garnished my professional proceeds or compensation in the amount of $13,700 from Osceola Anesthesia Associates by levy which was unauthorized or illegal.

C. Also in May 2007, the IRS levied 444 shares of MetLife, Inc. held for me by Mellon Investor Services worth about $30,000. The IRS told Mellon to liquidate my shares, and Mellon sold theses shares on the market for about $30,000. From the proceeds of the forced sale of my stocks, Mellon sent $8,468 to the IRS and $21,775.10 to me. On June 14, 2007, Mellon asked me for the return of the funds. I had incurred fees and costs pertaining to the sale and loss of value due to the early sale.

D. Since the time of the wrongful IRS actions, I had written the IRS many times about the illegal levies, the excessive TOP, and asked the IRS to stop the unauthorized garnishments. I had also reminded the IRS of its failure to send the mandatory CDPH notice. In addition to the IRS, I had also written the Social Security Administration regarding the illegal garnishment of my social security benefits. As of yet, I have not received a meaningful response to my inquiries.

E. All these levies were unauthorized or illegal and harmed me in many ways. They are invalid simply because the IRS failed to act according to law. Based on 26 USC 6330(a)(1), no levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made.

F. IRC section 6330, enacted as part of the IRS Restructuring and Reform Act of 1998, provides taxpayers with due process prior to the exercise of a tax levy. Congress believed that taxpayers should be entitled to protections against the IRS that they would normally have with other creditors. Moreover, Congress intended that the IRS and the taxpayer would engage in a meaningful hearing on an administrative level, with adequate notice of collection, to increase fairness to taxpayers. These hearings have become known as Collection Due Process (CDP) hearings. Under IRC section 6330(c)(2), in the course of the proceedings, taxpayers can challenge the appropriateness of the collection action.

G.    For the tax years in question, the levy was wrongful because the tax collectors did not send me a notice for a collection due process hearing (CDPH), as mandated by IRC § 6630. The legal process has not been carried out properly. No levies should be allowed until that notice is sent and the taxpayer fails to take advantage of his rights under the law.

**3.    The injuries for this claim include:**

A.    I suffered a number of damages due to the reckless, intentional, or negligent actions committed by your agency or its officer, employee, or agent.

B.    I am the sole supporter of myself and my family. The illegal IRS actions caused immense financial hardship to us.

C.    Further, I was forced to hire and retain tax professionals to assist me, to write letters and explain avenues of contesting some IRS illegal measures against me.

D.    I experienced immense costs and expended a vast amount of time and resources in contesting these invalid levies.

E.    The illegal collection measures taken against me – including the garnishment of my pay check, some of my investments, and a large percentage of my Social Security retirement benefit under TOP – caused severe and unnecessary financial hardship to me, my family, and my handicapped son. We were denied some necessities of life, had to incur debt and not pay bills, and suffered anxiety, emotional distress, mental anguish, and health problems.

F.    I lost use of my money, plus reasonable interest.

G.    I was unable to pay loans and other debts.

**4.    The dollar amount of the claim includes:**

A.    $13,700 taken from my pay;

B.    $8,468 taken from the proceeds of the forced sale of my stocks;

C.    $5,646 sent to the IRS in January 2008.

D.    Sales cost, fee and loss of value due to forced sale of my stocks.

E.    Damages permitted under Section 7433, including interest, and other relief allowed by law;

F.    Loss of use of my money, plus reasonable interest;

G.    Attorney's fees and costs associated with contesting your agency's actions.

In conclusion, this is my claim for damages for wrongful actions of IRS employees. Under federal law, I am entitled to compensation.

Sincerely,

John T Hines
Phone:  (407) 704-9048