IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHN T. HINES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:08-cv-00914 PLF |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## UNITED STATES' OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

The plaintiff seeks a preliminary injunction preventing the United States from levying on his social security benefits. That relief, however, is barred by the Anti-Injunction Act in the Internal Revenue Code, 26 U.S.C. § 7421. Accordingly, the United States submits that the plaintiff's motion for a preliminary injunction must be denied, and the case dismissed because the Court lacks jurisdiction.

## 1.    Introduction

The plaintiff filed this lawsuit alleging jurisdiction under 26 U.S.C. § 7433, and served the United States Attorney on June 25, 2008. On July 24, 2008, the taxpayer sought a preliminary injunction to stop a levy on his social security benefits, alleging that the levy was illegal because it was not limited to 15% and because the taxpayer had not been given the right to a hearing pursuant to 26 U.S.C. § 6330(a)(1). The motion should be denied because it is barred by the Anti-Injunction Act, leaving the Court

2

without jurisdiction to grant the relief requested.  No exceptions to the Anti-Injunction Act apply to this case, because the plaintiff cannot prove that it is impossible for the United States to prevail on the merits.

Under *South Carolina v. Regan* a party can seek an injunction if it can establish Congress has provided no alternative way to challenge the validity of the United States' action. *South Carolina v. Regan*, 465 U.S. 367, 373 (D.C. Cir. 1984).  However, here, the plaintiff can sue for refund or damages under 26 U.S.C. §§ 7422 or 7433.  The Court of Appeals for this Circuit has already found the availability of a refund suit makes this exception to the Act inapplicable.  *Foodservice & Lodging Institute, Inc. v. Regan,* 809 F.2d 842, 843-844 (D.C. Cir. 1987).  Therefore, the *South Carolina* exception does not apply.

A party can also seek an injunction under the separate *Williams Packing* exception if it can prove certain success on the merits. *Bob Jones University*, 416 U.S. 725, 737 (1974); *Enochs v. Williams Packing & Navigation Co., Inc.,* 370 U.S. 1, 7 (1962).  But as *Bob Jones University* made clear, these are not the general injunction standards in ordinary equitable litigation.  Irreparable harm alone is not sufficient, *Bob Jones University*, 416 U.S. at 745 (Stating that "merely because collection would cause an irreparable injury, such as the ruination of the taxpayer's enterprise," an injunction against the United States will not be granted) and to prevail, a party must show that under the most liberal view of the law and the facts available to the Government at the time the suit is filed, the Government cannot prevail on its claim under any circumstances. *Id.* at 737.  The

3

plaintiff cannot meet these tests because the record supports a finding that the levy on

his social security benefits was not a continuing levy subject to the 15% limit in 26

U.S.C. § 6331(h), and that the plaintiff was sent the appropriate notices informing him of

his due process rights, and he did not timely file a request for a hearing.  Thus, the

plaintiff cannot establish he will prevail under all circumstances.

> We address each reason to dismiss the case—and deny the preliminary
injunction—in turn.

## 2.      The Anti-Injunction Act bars the relief sought.

> Determining if the Anti-Injunction Act applies is straightforward:  whether "the
district court's order would operate to prevent IRS from assessing and collecting taxes."
*Investment Annuity v. Blumenthal*, 609 F.2d 1, 4-5 (D.C. Cir. 1979). An injunction barring
levy for unpaid taxes prevents the collection of a tax liability falls within the scope of
the Act.  *See, e.g., Bennett v. United States,* 530 F. Supp. 2d 340, 342 (D.D.C. 2008).  Section
7421(a) provides in relevant part that "no suit for the purpose of restraining the
assessment or collection of any tax shall be maintained in any court by any person,
whether or not such person is the person against whom such tax was assessed." The
Supreme Court has observed that this Act "could scarcely be more explicit." *Bob Jones*
*University v. Simon*, 416 U.S. 725, 736 (1974). The policy behind this Act is to permit
prompt collection of taxes "with a minimum of pre-enforcement judicial interference,"
subject to a post-collection refund suit. *Id.*  Thus, the Court lacks jurisdiction to grant the

4

injunction sought by the plaintiff unless the facts fall into one of the narrow exceptions to the Act.

## 3.  The exceptions to the Anti-Injunction Act do not apply in this case.

Although courts have found two limited exceptions to the Anti-Injunction Act that might confer jurisdiction and allow a court to consider whether an injunction is appropriate,[1] neither is applicable here.  The *South Carolina* exception does not apply because the plaintiff has an alternate means of redress, while the *Williams Packing* exception does not apply because the plaintiff failed to demonstrate that he would suffer irreparable harm or alternatively, because he cannot show that it would be impossible for the United States to prevail on the merits.

### A.  Because the Internal Revenue Code provides for an alternate remedy, the *South Carolina* exception does not apply.

The *South Carolina* exception to the Anti-Injunction Act applies only if a party has no alternate means of challenging the provision.   As the Supreme Court recognized in *Bob Jones University,* it is enough that the alternate remedy exists, even if the remedy is delayed or comes with severe consequences, because those effects "do not rise to the level of constitutional infirmities, in light of the powerful governmental interests in

---

[1] The Anti-Injunction Act has several statutory exceptions applying to proceedings under sections 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436 of the Internal Revenue Code , but not to proceedings under section 7433, such as this suit.

5

protecting the administration of the tax system from premature judicial interference."

416 U.S. at 725 (citations omitted).  The Internal Revenue Code provides taxpayers with

various means to challenge levies such as the one at issue here.  Apart from a suit such

as this suit under section 7433, section 7422 allows a taxpayer to sue for a refund of "tax

alleged to have been erroneously or illegally . . . collected."  *See Foodservice & Lodging*

*Institute, Inc. v. Regan,* 809 F.2d 842, 843-844 (D.C. Cir. 1987) (finding that the availability

of a cause of action under 26 U.S.C. § 7422 prevents the issuance of a preliminary

injunction against the collection of a tax).  Because the plaintiff has other means of

challenging the levy, the *South Carolina* exception does not apply.

**B.  The plaintiff cannot meet the *Williams Packing* exception because he has failed to demonstrate irreparable harm and the record demonstrates that he cannot achieve certain success on the merits.**

A party can also seek an injunction under the separate *Williams Packing* exception

if it can prove *both* irreparable harm and certain success on the merits. *Bob Jones*

*University,* 416 U.S. at 737; *Enochs v. Williams Packing & Navigation Co., Inc.,* 370 U.S. 1, 7

(1962).  But as *Bob Jones University* made clear, these are not the general injunction

standards under Fed. R. Civ. P. 65 in overcoming the Anti-Injunction Act.  Irreparable

harm alone is not sufficient—for even "ruination of the taxpayer's enterprise" will not

suffice for an injunction absent proof of certain success on the merits. 416 U.S. at 737.  In

any event, besides merely using the term "irreparable harm," the plaintiff has made no

attempt to explain why any harm to him from the levy during the pendency of his suit

is irreparable. Despite being required to attach "all affidavits on which the plaintiff intends to rely," LcvR 65.1(c), the plaintiff has attached no evidence documenting the irreparable nature of the harm he alleges. *See Erwin v. United States,* 05-cv-1698, 2006 U.S. Dist. LEXIS 82663 at *32 (D.D.C. 2006) (rejecting a request for a preliminary injunction against tax collection where the plaintiffs offered no support beyond alleging that they suffered "extreme hardship"). Furthermore, the availability of an adequate remedy in the form of full payment and a refund suit is considered sufficient to rebut any claim of extreme hardship. *Id.*

In addition, the plaintiff could not prove certain success on the merits even if he had attached supporting affidavits - which he did not - because the United States' own affidavits establish facts that would support a finding in its favor. Success on the merits means that, under the most liberal view of the law and the facts available to the United States at the time the suit is filed, the United States cannot prevail on its claim under any circumstances. *Bob Jones University*, 416 U.S. at 737. The record here supports a finding that the United States' levy on the plaintiff's social security payments was not made pursuant to § 6331(h) and is thus not subject to the 15% limit, and that the necessary notices of the right to a hearing required under 26 U.S.C. § 6330 were sent to the plaintiff. Thus, the plaintiff is unable to show that the United States cannot prevail on its claim under any circumstances.

The plaintiff alleges that the levy on his social security payments was illegal because it was made through the Treasury Offset Program, which applies to continuing

3490468.1

levies on federal payments issued under 26 U.S.C. § 6331(h), whose terms restrict such

levies to 15% of each payment.  However, the attached declaration of Daniel Haber and

notice of levy demonstrate that the levy on the plaintiff's social security payments was

not issued as a continuing levy, but rather as a standard levy.  Such levies are issued

under 26 U.S.C. § 6331(a) and attach to a taxpayer's property and "right to property",

which has been interpreted to include the right to deferred payments and other

deferred obligations that existed at the time of the levy, 26 C.F.R. § 301.6331-1(a)(1),

even if such obligations did not need to be paid until after the date of the levy.  *Cf., e.g.,*

*Elias v. United States,* 1992 U.S. Dist. LEXIS 20639 at *18 (C.D. Cal. 1992) (finding that a

levy issued under 26 U.S.C. § 6331(a) attached to future payments due to the taxpayer)

Because the levy was a one time levy issued pursuant to 26 U.S.C. § 6331(a) and

not a continuing levy issued pursuant to 26 U.S.C. § 6331(h), the 15% limitation in

section 6331(h) does not apply to it.  The language of the levy demonstrates that it is a

one time rather than a continuing levy.  *See* Haber Decl. ¶ 4; Exhibit A ("This levy

requires you to turn over to us this person's property and rights to property ... which

you are *already obligated* to pay this person.") (emphasis added).  Because the levy

applied by its terms only to social security benefits to which the plaintiff was already

entitled on the date of levy (albeit as a deferred obligation), it was not a continuous

levy.  *See, e.g, Meehan v. Comm'r,* 122 T.C. 396, 400 (T.C. 2004) (distinguishing between

non-continuing levies, which apply only to property and obligations existing on the

date of levy, and continuing levies that attach to new obligations to the taxpayer as they

arise).  While section 6331(h) permits continuing levies on certain government payments and sets a 15% limit on such levies, it does not state that it operates to bar one time levies on such payments, and in fact states explicitly that the 15% limit applies to *continuing* levies. 26 U.S.C § 6331(h) ( "[S]uch *continuous levy* shall attach to up to 15 percent of any specified payment due to the taxpayer.") (Emphasis added).  Levies on social security benefits pursuant to 26 U.S.C. § 6331(a) were already permitted prior to the addition of section 6331(h), *see, e.g., Addington v. United States*, 75 F. Supp. 2d 520 (N.D. W. Va.);  *Bonetti v. Department of the Treasury*, No. 90 C 2394, 1990 WL 155619 (S.D.N.Y. Oct. 12, 1990) and since the limiting language of the subsection only states that it applies to continuous levies issued under its authority, it does not apply to these preexisting rights of the United States to serve a one time levy under section 6331(a). Thus, the United States could levy more than 15% of the plaintiff's social security income.

Plaintiff also cannot prove that the United States is unable to succeed on the merits with regard to his other basis for claiming that the levy is illegal, namely, that he was not given a right to a hearing as required under 26 U.S.C. § 6330.  The record shows that plaintiff was in fact sent the necessary notices of a right to a hearing as required by law, but did not timely request such a hearing.  (Haber Decl. ¶ 6).  Because the evidence would support a finding in the United States' favor on this claim as well, the *Williams Packing* exception does not apply.

3490468.1

## 4. Conclusion

In order to obtain a preliminary injunction, the plaintiff must demonstrate that an exception to the Anti-Injunction Act, 26 U.S.C. § 7421, applies.  He is unable to do so, however.  The *South Carolina* exception does not apply because an alternative remedy exists in the form of a refund suit following payment of the tax liabilities at issue.  The *Williams Packing* exception does not apply because the plaintiff cannot prove that under the view of the facts and law most favorable to the United States, it would be impossible for the United States to prevail since it could legally levy up to 100% of his social security benefits under 26 U.S.C. § 6331(a), and because the records of the Internal Revenue Service demonstrate that he was not denied his right to a collection due process hearing.  Accordingly, the plaintiff's motion for a preliminary injunction should be denied.

Dated: August 8, 2008

Respectfully submitted,

/s/ Yonatan Gelblum
YONATAN GELBLUM
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Phone/Fax:  (202) 305-3136/514-6866
Email: Yonatan.Gelblum@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

3490468.1

<u>CERTIFICATE OF SERVICE</u>

IT IS HEREBY CERTIFIED that the foregoing United States' Opposition to the

Plaintiff's Motion for a Preliminary Injunction with exhibits and proposed order was

served upon counsel for the plaintiff this 8th day of August, 2008, by the Court's ECF

system, at the below address:


Elias Aoun, Esq. Bar Number 479315
1730 N. Lynn St., # A-22
Arlington, VA 22209-2004
E-mail: Lawyer2008@yahoo.com


        /s/ Yonatan Gelblum

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHN T. HINES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:08-cv-00914 PLF |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER ON THE PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

Having considered the plaintiff's motion to dismiss the complaint, together with the memorandum in support thereof, and having further considered the United States' opposition and any reply thereto, the Court concludes that the motion ought to be denied.  Accordingly, it is this _____ day of _____, 2008, at Washington, District of Columbia,

ORDERED that the plaintiff's motion for a preliminary injunction is DENIED; and it is further

ORDERED that the Clerk shall distribute conformed copies of this order to the parties and representatives of the parties listed below.

_____

UNITED STATES DISTRICT JUDGE

3496950.1

2

COPIES TO:

YONATAN GELBLUM
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227, Ben Franklin Station
Washington, DC 20044
Email: Yonatan.Gelblum@usdoj.gov


ELIAS AOUN
1730 N. Lynn St., # A-22
Arlington, VA 22209-2004
E-mail: Lawyer2008@yahoo.com

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

JOHN T. HINES,                          )
                                        )
            Plaintiff,                  )
                                        )
     v.                                 )          No. 1:08-cv-00914 PLF
                                        )
UNITED STATES,                          )
                                        )
            Defendant.                  )

## DECLARATION OF DANIEL HABER

Daniel Haber, being of legal age and pursuant to the provisions of 28 U.S.C. §

1746(2), declares and states as follows:

1.      I am a Revenue Officer with the Collection branch of the Small

Business/Self-Employed Division of the Internal Revenue Service. I have been a

Revenue Officer for 20 years. My post of duty is at Melbourne, Florida.

2.      In my position as a Revenue Officer, I was assigned to collect the unpaid

tax liabilities of John T. Hines (the "taxpayer").

3.      On March 19, 2007, I issued a levy to the Social Security Administration on

the taxpayer's benefits. A true and correct copy of the levy is attached hereto as Exhibit

A.

4.      The levy that I issued stated that it attached to property or rights to

property of the taxpayer in the possession of the Social Security Administration or

which the Social Security Administration was already obligated to pay the taxpayer.

5.       In my position as a revenue officer, I am familiar with the records and recordkeeping practices of the Internal Revenue Service relating to collections.

6.       According to Internal Revenue Service's Integrated Collections System (ICS), John T. Hines was sent notices of intent to levy and right to a due process hearing in relation to the tax periods for which the levy on his social security benefits was issued on August 23, 2004, December 26, 2005, and February 20, 2006, and did not timely request such a hearing.

a.       ICS records are computerized records regularly kept by the Internal Revenue Service and describe the activities of the Internal Revenue Service.

b.       It is the regular practice of the Internal Revenue Service to make the entries in ICS, and such entries are normally made at or near the time of the events they described, by or from information transmitted by, a person with knowledge of the events described.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 08 , 2008.

DANIEL HABER
Melbourne, Florida

2903243.1
2198785.1
2830584.1

**Form 668-A(ICS)**
(Rev. July 2002)

Department of the Treasury – Internal Revenue Service
**Notice of Levy**

DATE: 03/19/2007

REPLY TO: **Internal Revenue Service**
**DANIEL I. HABER**
**129 WEST HIBISCUS BLVD., STE. D**
**ATTN: GRP 3600  STOP 5336**
**MELBOURNE, FL 32901**

TELEPHONE NUMBER
OF IRS OFFICE: **(321)837-7654**

NAME AND ADDRESS OF TAXPAYER:
**JOHN T HINES**

**SAINT CLOUD, FL** ▮▮▮▮▮

TO: **SOCIAL SECURITY ADMINISTRATION**
**(SSA)**
**6401 SECURITY BLVD**
**BALTIMORE, MD 21235**

IDENTIFYING NUMBER(S): ▮▮▮0137

**HINE**

THIS ISN'T A BILL FOR TAXES YOU OWE. THIS IS A NOTICE OF LEVY WE ARE USING TO COLLECT MONEY OWED BY THE TAXPAYER NAMED ABOVE.

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12/31/1996 | 10279.72 | 12443.02 | 22722.74 |
| 1040 | 12/31/1997 | 7056.68 | 6598.92 | 13655.60 |
| 1040 | 12/31/1998 | 7562.36 | 6055.24 | 13617.60 |
| 1040 | 12/31/1999 | 12720.97 | 9075.10 | 21796.07 |
| 1040 | 12/31/2000 | 180719.84 | 49560.77 | 230280.61 |
| 1040 | 12/31/2001 | 4552.93 | 1430.59 | 5983.52 |
| 1040 | 12/31/2003 | 20312.99 | 5613.35 | 25926.34 |

| THIS LEVY WON'T ATTACH FUNDS IN IRAs, SELF-EMPLOYED INDIVIDUALS' RETIREMENT PLANS, OR ANY OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL, UNLESS IT IS SIGNED IN THE BLOCK TO THE RIGHT. ⟹ | Total Amount Due | 333982.48 |
|---|---|---|

We figured the interest and late payment penalty to **04-18-2007**

The Internal Revenue Code provides that there is a lien for the amount that is owed. Although we have given the notice and demand required by the Code, the amount owed hasn't been paid. This levy requires you to turn over to us this person's property and rights to property *(such as money, credits, and bank deposits)* that you have or which you are already obligated to pay this person. However, don't send us more than the "Total Amount Due."

**Money in banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code must be held for 21 calendar days from the day you receive this levy before you send us the money.** Include any interest the person earns during the 21 days. Turn over any other money, property, credits, etc. that you have or are already obligated to pay the taxpayer, when you would have paid it if this person asked for payment.

Make a reasonable effort to identify all property and rights to property belonging to this person. At a minimum, search your records using the taxpayer's name, address, and identifying number(s) shown on this form. Don't offset money this person owes you without contacting us at the telephone number shown above for instructions. You may not subtract a processing fee from the amount you send us.

**To respond to this levy —**
1. Make your check or money order payable to **United States Treasury.**
2. Write the taxpayer's name, identifying number(s), kind of tax and tax period shown on this form, and "LEVY PROCEEDS" on your check or money order *(not on a detachable stub.).*
3. Complete the back of Part 3 of this form and mail it to us with your payment in the enclosed envelope.
4. Keep Part 1 of this form for your records and give the taxpayer Part 2 within 2 days.
If you don't owe any money to the taxpayer, please complete the back of Part 3, and mail that part back to us in the enclosed envelope.

| Signature of Service Representative **/S/ DANIEL I. HABER** | Title **REVENUE OFFICER** |
|---|---|

**Part 5 —**  IRS File Copy   Catalog No. 35389E   www.irs.gov   Form 668-A(ICS) (7-2002)

GOVERNMENT'S EXHIBIT **A**