## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHN T. HINES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:08-cv-00914 PLF |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### UNITED STATE'S ANSWER

DEFENDANT, the United States of America, answers and responds to the numbered paragraphs of plaintiff's complaint as follows:

1.  The United States denies the allegations set forth in ¶ 1 of the complaint.

2.  The United States admits the allegations set forth in ¶ 2 of the complaint.

3.  The United States admits the allegations set forth in ¶ 3 of the complaint.

4.  The United States admits the allegations set forth in ¶ 4 of the complaint.

5.  The United States lacks sufficient information to admit or deny that plaintiff is a citizen of Osceola County and admits the remaining allegations set forth in ¶ 5 of the complaint.

3537374.1

2

6. The United States denies the allegations set forth in ¶ 6 of the complaint.

7. The United States denies the allegations set forth in ¶ 7 of the complaint.

8. The United States denies the allegations set forth in ¶ 8 of the complaint.

9. The United States denies the allegations set forth in ¶ 9 of the complaint to the extent they purport to be a complete a summary of the right to a notice prior to levy.

10. The United States lacks sufficient information to admit or deny the allegations set forth in ¶ 10 of the complaint.

11. The United States denies the allegations set forth in ¶ 11 of the complaint.

12. The United States denies the allegations set forth in ¶ 12 of the complaint.

13. The United States denies the allegations set forth in ¶ 13 of the complaint.

14. The United States denies that it pursued illegal collection measures and lacks sufficient information to admit or deny the remaining allegations in ¶ 14 of the complaint.

15. The United States denies that allegations in ¶ 15 of the complaint.

16. The United States denies allegations in ¶ 16 of the complaint.

3537374.1

3

17.  The United States denies the allegations in ¶ 17 of the complaint.

18.  The United States admits that it levied shares of MetLife, Inc.
belonging to the Plaintiff and lacks sufficient information to admit or deny the
remaining allegations in ¶ 18 of the complaint.

19.  The United States denies the allegations in ¶ 19 of the complaint.

20.  The United States admits that 15% of plaintiff's social security benefits
amounts to $262 and that $1100 was levied from plaintiff's benefits, and denies
the remaining allegations in ¶ 20 of the complaint.

21.  The United States admits the allegations in ¶ 21 of the complaint.

22.  The United States denies the allegations in ¶ 22 of the complaint.

23.  The United States admits that 26 U.S.C. § 6330(c)(2) permits taxpayers
to challenge the appropriateness of collection actions in certain circumstances
and lacks sufficient information to admit or deny the remaining allegations in ¶
23 of the complaint.

24.  The United States admits that the citation contained in ¶ 24 of the
complaint stands for the proposition for which it is cited and denies the
remaining allegations in ¶ 24 of the complaint.

25.  The United States denies the allegations in ¶ 25 of the complaint.

26.  The United States denies the allegations in ¶ 26 of the complaint.

3537374.1

4

27.  The United States admits that the quote in ¶ 27 of the complaint was taken from the cited decision and denies the remaining allegations in ¶ 27 of the complaint.

28.  The United States denies the allegations in ¶ 28 of the complaint.

29.  The United States admits the allegations in ¶ 29 of the complaint.

30.  The United States admits that plaintiff has written to the Internal Revenue Service, lacks sufficient information to admit or deny that plaintiff has written to the Social Security Administration, and denies the remainder of the allegations in ¶ 30 of the complaint.

31.  The United States admits that plaintiff has exhausted his administrative remedies under 26 U.S.C. § 7433 and denies the remainder of the allegations in ¶ 31 of the complaint.

32.  The United admits the allegations in ¶ 32 of the complaint.

33.  The United States denies the allegations in ¶ 33 of the complaint.

34.  The United States lacks sufficient information to admit or deny the allegations in ¶ 34 of the complaint.

35.  The United States lacks sufficient information to admit or deny the allegations in ¶ 35 of the complaint.

5

36.  The United States denies that its levies were invalid and lacks sufficient information to admit or deny the remaining allegations in ¶ 36 of the complaint.

37.  The United States denies that its collection measures were illegal and lacks sufficient information to admit or deny the remaining allegations in ¶ 37 of the complaint.

38.  The United States denies that plaintiff lost use of money belonging to him and lacks sufficient information to admit or deny the remaining allegations in ¶ 38 of the complaint.

39.  The United States lacks sufficient information to admit or deny the allegations in ¶ 39 of the complaint.

40.  The United States denies the allegations in ¶ 40 of the complaint.

41.  The United States denies that it robbed plaintiff, and lacks sufficient information to admit or deny the remaining allegations in ¶ 41 of the complaint.

42.  The United States denies the allegations in ¶ 42 of the complaint.

43.  The United States admits the allegations in ¶ 43 of the complaint to the extent that they refer to the administrative remedies under 26 U.S.C. § 7433 and otherwise lacks sufficient information to admit or deny the allegations in ¶ 43 of the complaint.

44.  The United States denies the allegations in ¶ 44 of the complaint.

45.  The United States denies the allegations in ¶ 45 of the complaint.

46.  The United States denies the characterizations of the law at issue in ¶ 46 of the complaint and admits the remaining allegations of ¶ 46 of the complaint.

47.  The United States denies the allegations in ¶ 47 of the complaint.

In further response, the United States raises the following affirmative defenses:

1. The United States' agency, the Internal Revenue Service, is not a proper party to this lawsuit.

2. The court lacks subject matter jurisdiction to award damages in excess of the limits imposed under 26 U.S.C. § 7433.

3. The court lacks subject matter jurisdiction to enjoin the collection of taxes.

4. The court lacks subject matter jurisdiction to the extent the plaintiff seeks a refund of taxes paid as he has not fully paid said taxes and filed a claim for refund.

WHEREFORE, having responded in full to the plaintiff's complaint, defendant, the United States of America, prays that this Court:

A.  Dismiss plaintiff's complaint with prejudice;

3537374.1

B.  Grant the United States its costs of defending this action; and

C.  Grant such other and further relief as the Court may deem just and proper.

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that the foregoing United States' Answer was served

upon counsel for the plaintiff this 25th day of August, 2008, by the Court's ECF system,

at the below address:


Elias Aoun, Esq. Bar Number 479315
1730 N. Lynn St., # A-22
Arlington, VA 22209-2004
E-mail: Lawyer2008@yahoo.com


___/s/ Yonatan Gelblum___


3537956.1