IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHN T. HINES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:08-cv-00914 PLF |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**UNITED STATE'S AMENDED ANSWER AND COUNTERCLAIM**

DEFENDANT, the United States of America, answers and responds to the

numbered paragraphs of plaintiff's complaint as follows:

1.  The United States denies the allegations set forth in ¶ 1 of the complaint.

2.  The United States admits the allegations set forth in ¶ 2 of the

complaint.

3.  The United States admits the allegations set forth in ¶ 3 of the

complaint.

4.  The United States admits the allegations set forth in ¶ 4 of the

complaint.

5.  The United States lacks sufficient information to admit or deny that

plaintiff is a citizen of Osceola County and admits the remaining allegations set

forth in ¶ 5 of the complaint.

3535759.2

2

6.  The United States denies the allegations set forth in ¶ 6 of the complaint.

7.  The United States denies the allegations set forth in ¶ 7 of the complaint.

8.  The United States denies the allegations set forth in ¶ 8 of the complaint.

9.  The United States denies the allegations set forth in ¶ 9 of the complaint to the extent they purport to be a complete a summary of the right to a notice prior to levy.

10.  The United States lacks sufficient information to admit or deny the allegations set forth in ¶ 10 of the complaint.

11.  The United States denies the allegations set forth in ¶ 11 of the complaint.

12.  The United States denies the allegations set forth in ¶ 12 of the complaint.

13.  The United States denies the allegations set forth in ¶ 13 of the complaint.

14.  The United States denies that it pursued illegal collection measures and lacks sufficient information to admit or deny the remaining allegations in ¶ 14 of the complaint.

15.  The United States denies that allegations in ¶ 15 of the complaint.

16.  The United States denies allegations in ¶ 16 of the complaint.

3535759.2

3

17.  The United States denies the allegations in ¶ 17 of the complaint.

18.  The United States admits that it levied shares of MetLife, Inc. belonging to the Plaintiff and lacks sufficient information to admit or deny the remaining allegations in ¶ 18 of the complaint.

19.  The United States denies the allegations in ¶ 19 of the complaint.

20.  The United States admits that 15% of plaintiff's social security benefits amounts to $262 and that $1100 was levied from plaintiff's benefits, and denies the remaining allegations in ¶ 20 of the complaint.

21.  The United States admits the allegations in ¶ 21 of the complaint.

22.  The United States denies the allegations in ¶ 22 of the complaint.

23.  The United States admits that 26 U.S.C. § 6330(c)(2) permits taxpayers to challenge the appropriateness of collection actions in certain circumstances and lacks sufficient information to admit or deny the remaining allegations in ¶ 23 of the complaint.

24.  The United States admits that the citation contained in ¶ 24 of the complaint stands for the proposition for which it is cited and denies the remaining allegations in ¶ 24 of the complaint.

25.  The United States denies the allegations in ¶ 25 of the complaint.

26.  The United States denies the allegations in ¶ 26 of the complaint.

4

27.  The United States admits that the quote in ¶ 27 of the complaint was taken from the cited decision and denies the remaining allegations in ¶ 27 of the complaint.

28.  The United States denies the allegations in ¶ 28 of the complaint.

29.  The United States admits the allegations in ¶ 29 of the complaint.

30.  The United States admits that plaintiff has written to the Internal Revenue Service, lacks sufficient information to admit or deny that plaintiff has written to the Social Security Administration, and denies the remainder of the allegations in ¶ 30 of the complaint.

31.  The United States admits that plaintiff has exhausted his administrative remedies under 26 U.S.C. § 7433 and denies the remainder of the allegations in ¶ 31 of the complaint.

32.  The United admits the allegations in ¶ 32 of the complaint.

33.  The United States denies the allegations in ¶ 33 of the complaint.

34.  The United States lacks sufficient information to admit or deny the allegations in ¶ 34 of the complaint.

35.  The United States lacks sufficient information to admit or deny the allegations in ¶ 35 of the complaint.

5

36.  The United States denies that its levies were invalid and lacks sufficient information to admit or deny the remaining allegations in ¶ 36 of the complaint.

37.  The United States denies that its collection measures were illegal and lacks sufficient information to admit or deny the remaining allegations in ¶ 37 of the complaint.

38.  The United States denies that plaintiff lost use of money belonging to him and lacks sufficient information to admit or deny the remaining allegations in ¶ 38 of the complaint.

39.  The United States lacks sufficient information to admit or deny the allegations in ¶ 39 of the complaint.

40.  The United States denies the allegations in ¶ 40 of the complaint.

41.  The United States denies that it robbed plaintiff, and lacks sufficient information to admit or deny the remaining allegations in ¶ 41 of the complaint.

42.  The United States denies the allegations in ¶ 42 of the complaint.

43.  The United States admits the allegations in ¶ 43 of the complaint to the extent that they refer to the administrative remedies under 26 U.S.C. § 7433 and otherwise lacks sufficient information to admit or deny the allegations in ¶ 43 of the complaint.

44.  The United States denies the allegations in ¶ 44 of the complaint.

45.  The United States denies the allegations in ¶ 45 of the complaint.

46.  The United States denies the characterizations of the law at issue in ¶ 46 of the complaint and admits the remaining allegations of ¶ 46 of the complaint.

47.  The United States denies the allegations in ¶ 47 of the complaint.

In further response, the United States raises the following affirmative defenses:

1. The United States' agency, the Internal Revenue Service, is not a proper party to this lawsuit.

2. The court lacks subject matter jurisdiction to award damages in excess of the limits imposed under 26 U.S.C. § 7433.

3. The court lacks subject matter jurisdiction to enjoin the collection of taxes.

4. The court lacks subject matter jurisdiction to the extent the plaintiff seeks a refund of taxes paid as he has not fully paid said taxes and filed a claim for refund.

WHEREFORE, having responded in full to the plaintiff's complaint, defendant, the United States of America, prays that this Court:

A.  Dismiss plaintiff's complaint with prejudice;

3535759.2

B.  Grant the United States its costs of defending this action; and

C.  Grant such other and further relief as the Court may deem just and proper.

## COUNTERCLAIM

In further response to plaintiff's complaint, defendant, the United States of America, asserts the following counterclaim:

1.  This counterclaim has been requested and authorized by the Chief Counsel for the Internal Revenue Service, a delegate of the Secretary of the Treasury, and has been instituted at the direction of the Attorney General pursuant to 26 U.S.C. §§ 7401 and 7402.

2.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1340, 1345, and 1346(c), as well as 26 U.S.C. § 7402(a).

## COUNT I

3.  Pursuant to 26 U.S.C. § 6673(b)(1), the United States counterclaims against the plaintiff for judgment for a penalty of $2,500.

4.  The positions the plaintiff has taken and maintains in his complaint, motion for preliminary injunction, and in his reply to the United States' opposition thereto are frivolous and groundless within the meaning of 26 U.S.C. § 6673(b)(1).

3535759.2

5.  As a result of the frivolous and groundless position the plaintiff is asserting in this case, the plaintiff is liable to the United States for a penalty not in excess of $10,000.00 pursuant to 26 U.S.C. § 6673(b)(1).

COUNT II

6. The allegations set forth in paragraphs 1 through 5 are realleged and incorporated by reference.

7. Pursuant to 26 U.S.C. § 6201, a delegate of the Secretary of the Treasury made various assessments against the plaintiff for income tax, penalties, and interest as follows:

| Tax Period | Date of Assessment | Amount of Original Assessment |
|---|---|---|
| 2000 | February 9, 2004 | $186,011.02 |
| 2001 | February 9, 2004 | 4,579.93 |
| 2003 | October 17, 2005 | 27,847.99 |

8. Notice and demand for payment of the assessments was given to the plaintiff in accordance with 26 U.S.C. § 6303.

9. Statutory additions for interest and penalties have accrued and will continue to accrue on the assessments.

10. The plaintiff has failed to pay the United States the full amount owed as a result of the assessments.

8

11. By reason of the foregoing, as of September 15, 2008, the plaintiff will be indebted to the United States for income tax, penalties, and interest for the years 2000, 2001, and 2003 in the amount of $265,238.95, plus interest and costs that have accrued and will continue to accrue according to law subsequent to that date.

WHEREFORE, defendant, the United States of America, prays as follows:

D.  Grant it judgment against the plaintiff for a penalty of $2,500 pursuant to 26 U.S.C. § 6673(b)(1);

E.  Grant it judgment against the plaintiff for its reasonable attorneys' fees and costs incurred in connection with this counterclaim; and

F.  That this Court order and adjudge plaintiff John T. Hines is indebted the United States in the amount of $265,238.95 for income tax, penalties, and interest for the tax years 2000, 2001, and 2003 as of September 15, 2008, plus interest and costs that will have accrued and continue to accrue according to law subsequent to that date;

G.  Grant it its costs for prosecuting this action;

/ /

/ /

/ /

3535759.2

H.  Grant it judgment against the plaintiff for such other and further relief

as the Court may deem to be just and proper.

Dated: September 9, 2008

                              Respectfully submitted,


                              /s/ Yonatan Gelblum
                              YONATAN GELBLUM
                              Trial Attorney, Tax Division
                              U.S. Department of Justice
                              Post Office Box 227
                              Washington, DC  20044
                              Phone/Fax:  (202) 305-3136/514-6866
                              Email: Yonatan.Gelblum@usdoj.gov


OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

                                                                    3535759.2

<u>CERTIFICATE OF SERVICE</u>

IT IS HEREBY CERTIFIED that the foregoing United States' Amended Answer

and Counterclaim was served upon counsel for the plaintiff this 9th day of September,

2008, by the Court's ECF system, at the below address:


        Elias Aoun, Esq. Bar Number 479315
        1730 N. Lynn St., # A-22
        Arlington, VA 22209-2004
        E-mail: Lawyer2008@yahoo.com


          /s/ Yonatan Gelblum

3537956.1