UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| John T. Hines ] ) Plaintiff/Counterdefendant ) ) v. ) ) UNITED STATES, et al. ) ) Defendants/Counterplaintiffs ) | CASE NO: 1:08-cv-00914-PLF |

**PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM**

1. On September 9, 2008, Defendant United States filed an amended answer and counterclaim. Plaintiff moves to dismiss the United States' counterclaim under Rule 12(b)(6) because it fails to state a claim upon which relief can be granted as a counterclaim to Plaintiff's action. Defendants' counterclaim is not plausible on its face, contains unsupported allegations, and does not arise out of the transaction or occurrence that is the subject matter of Plaintiff's claim.

**I.   Defendants' counterclaim violates FRCP Rule 13**

2. FRCP Rule 13 requires that a counterclaim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim…."

3. Plaintiff's complaint is an action brought under 26 U.S.C. § 7433. In its Answer (in paragraph 4), the United States admitted that allegation. However, Defendants' counterclaim is based on 26 U.S.C. § 6673(b)(1).

4. Plaintiff's original complaint is seeking damages for willful, reckless, intentional, or negligent conduct by Defendants against Plaintiff. On the other hand, Defendants' counterclaim is based on assessments and penalties. Regardless of what Plaintiff allegedly owes, whether Plaintiff owed $100 or $100 Million, the amount in itself is irrelevant or does not justify Defendant's unauthorized collection measures.

## II. Defendants' counterclaim is not in accordance with Rule 10

5. Although the IRS is supposed to be a new party to the counterclaim, Defendant United States had failed to include the IRS' name in the caption as required by FRCP Rule 10 that a pleading "must name all the parties" and to indicate the inclusion of the new party. Defendant United States also referred in the caption to "defendant" in singular term – which reflects that there is only one party defendant in this counterclaim (the United States) and not two.

## III. Is the IRS a proper party?

6. In the United States' Amended Answer and Counterclaim of September 9, under the first affirmative defense, Defendant claimed that "The United States' agency, the Internal Revenue Service, is not a proper party to this lawsuit" (page 6). Then, on the following page, Defendant instituted the IRS as a party as "requested and authorized" by the IRS Chief Counsel. If the IRS is not a proper party, then how was it made a party?

**IV. Defendants' counterclaim is not plausible on its face**

7. For a complaint to survive dismissal under Rule 12(b)(6), the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). In other words, a plaintiff must satisfy "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Igbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir.2007). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1964-65 (internal quotation marks omitted).

   A.   <u>Allegations under Count I</u>

8.  By filing a counterclaim pursuant to Section 6673(b)(1), Defendants simply stated that "the positions the plaintiff has taken and maintains…….are frivolous and groundless…."

9.  In its opposition to Plaintiff's motion for a preliminary injunction (August 8, 2008), Defendant United States never once mentioned that the injunction was based on "frivolous and groundless" arguments.

10. In its Answer, and in responding to Plaintiff's complaint, Defendant did not describe a single factual allegation by Plaintiff as frivolous or groundless. In their counterclaim, Defendants have not proven, or even specifically mentioned, what any position is frivolous and groundless.

11. With regard to the penalties in Defendants' counterclaim, Defendants did not state or offer evidence that notice and demand for such penalties was made as required by Section 6671(a).

12. Although they named the provision imposing the penalty, Defendants disregarded 26 USC § 6751(a) by failing to attach the notice of penalty, the name of the penalty, and how they computed the $2,500 they wish the court to impose.

13. Defendants disregarded 26 USC § 6751(b)(1) by failing to attach a written verification that the penalties have received supervisory approval.

14. Defendants violated 26 USC § 7491(c) by not producing any evidence with respect to the alleged Plaintiff's liability for the imposed penalties.

    B.    <u>Allegations under Count II</u>

15. Count II was based on various assessments, interest, and penalties for years 2000, 2001, and 2003. It is not clear if the mode or time for the assessment was done in accordance with Section 6202. In addition, it is doubtful that the counterclaim is timely.

16. 26 USC § 6533(1) says: "For period of limitation in respect of civil actions for fines, penalties, and forfeitures, see section 2462 of Title 28 of the United States Code."

17. According to 28 USC Section 2462: " Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued......"

18. The claim for any penalties for tax years 2000, 2001, and 2003 accrued on April 15, 2001; April 15, 2002; and April 15, 2004. The current counterclaim for penalties is beyond five years from April 2001 and April 2002.

19. In addition, Defendants failed to furnish copies of the record of assessment to ensure that the sums being sought for collection

and presented in the counterclaim are consistent with the record of assessment as per 26 USC § 7214(a).

20. Defendants are making general allegations without offering the Court any evidence to support them. Defendants' counterclaim is not plausible on its face and does not survive the basic test for a valid counterclaim.

**V.   Defendant's counterclaim contains unsupported allegations**

21. Further, in deciding a motion to dismiss, the court "must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." *Roth v. Jennings*, 489 F.3d 499, 510 (2d Cir.2007) (citation omitted). However, "general, conclusory allegations need not be credited ... when they are belied by more specific allegations of the complaint." *Mortimer Off Shore Servs., Ltd. v. Fed. Republic of Germany*, No. 05 Civ. 10669, 2007 WL 2822214, at *7 (S.D.N.Y. Sept. 27, 2007). In ruling on a 12(b)(6) motion, a court may consider the complaint as well as any additional documents incorporated into or appended to the complaint. See *Tarshis v. Riese Org.*, 211 F.3d 30, 39 (2d. Cir.2000). *CreditSights, Inc. v. Ciasullo*, 2008 WL 4185737, (S.D.N.Y.,2008).

22. As it was made clear previously, Defendants' counterclaim was based on general conclusory allegations, without any verification or additional documents to support those allegations.

23. Defendants simply accuse plaintiff of owing certain amounts and penalties and want the court to grant those amounts and penalties without any documented evidence and without Defendants' compliance with procedural requirements. Defendants are acting as if the Court is simply a tool that will approve their request without any proper questioning.

24. Apparently the IRS and the Department of Justice have run out of arguments, or have nothing to say to counter a valid argument, and now are accusing Plaintiff of taking "frivolous and groundless" positions without defining the legal meaning of "frivolous" or how it applies to the case at hand. Defendants are simply hiding behind words.

25. Conclusory allegations, without any supporting evidence, are not enough. The counterclaim must adduce specific facts supporting a strong inference of frivolous and groundless positions – or it will not satisfy a relaxed pleading standard.

26. In this case, Defendants' Counterclaim has not identified a single fact, argument, or position which it considered to be frivolous or groundless.

27. Even if the amounts listed are true, and Plaintiff's attorney cannot verify that they are true for lack of documentation, the IRS failed to allege sufficiently that they had adequately performed their own obligations prior to the counterclaim. For example, have they responded to Plaintiff's administrative claims? Have they followed proper procedure? Have they offered Plaintiff an opportunity for a collection due process hearing?

28. According to Plaintiff's record, none of these measures were fulfilled. In all likelihood, the counterclaim is retaliation against the complaint filed by Plaintiff and to discourage other individuals in similar situation from filing claims against IRS abuses in the future.

29. In addition, a similar counterclaim was also filed in another case represented by Plaintiff's attorney (1:08-cv-00849-PLF). Whether these counterclaims are legitimated or intended to harass Plaintiff's attorney from filing similar lawsuits in the future against IRS unauthorized collection measures would be for the Court to judge.

## VI. Conclusion

30. For reasons stated herein, Defendants' counterclaim is not plausible and contains unsupported allegations. In addition,

  Defendants' counterclaim does not arise from the subject matter of Plaintiff's complaint and must be dismissed.

31. Defendants' counterclaim and failure to comply with procedural requirements before the court is another evidence of their failure in complying with similar requirements with Plaintiff outside of the court. Defendants' actions are another series of willful, reckless, intentional, or negligent measures taken against Plaintiff. That being the case, the damages sought by Plaintiff's complaint under section 7433 are duly justified. Plaintiff requests that these damages be multiplied by the number of violations committed by Defendants.

WHEREFORE Plaintiff requests from this Honorable Court to dismiss Defendants' Counterclaim and grant the relief herein requested.

  \_\_\_\_/s/ Elias Aoun_____       Date: September 29, 2008
Elias Aoun, Esq. Bar Number 479315
1730 N. Lynn St., # A-22
Arlington, VA 22209-2004
E-mail: Lawyer2008@yahoo.com
Cell Phone 202-257-7796

## **CERTIFICATE OF SERVICE**

I hereby certify that on or about September 29, 2008 a true and correct copy of the foregoing document was served upon the following via the Court's ECF filing Protocol:

>Yonatan Gelblum, Esq.
>Tax Division
>Department of Justice
>P. O. Box 227
>Washington, DC 20044

>__/s/Elias Aoun_
>ELIAS AOUN