UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| John T. Hines, | ] )|
|    Plaintiff/Counterdefendant, | ) ) |
| v. | )    CASE NO: 1:08-cv-00914-PLF |
| UNITED STATES, et al. | ) ) ) |
|    Defendants/Counterplaintiffs. | ) ) |

**PLAINTIFF'S MOTION TO STRIKE UNITED STATES' AFFIRMATIVE DEFENSES**

1. On September 9, 2008, Defendant United States filed an amended answer and counterclaim which contained four affirmative defenses. Based on FRCP 12(f), Plaintiff hereby requests that this Honorable Court strikes Defendant's affirmative defenses for being insufficient, impertinent, or immaterial. Some of Defendant's assertions are also false or inconsistent.

2. One reason to strike Defendant's affirmative defenses is that the caption of Defendant's pleading of September 9, 2008 did not state "affirmative defenses" in the title and fails under FRCP Rule 10.

3. Other reasons to strike Defendant's affirmative defenses are as follows:

**Reason to strike Affirmative Defense #1**

4. Under the first affirmative defense, Defendant claimed that "The United States' agency, the Internal Revenue Service, is not a proper

party to this lawsuit" (page 6). Then, Defendant instituted the IRS as a party in the counterclaim.

5. In his complaint of May 29, in paragraph 6, Plaintiff stated that "…. Defendant Internal Revenue Service is a federal agency." In its Answer of September 9 (also in paragraph 6), the United States denied the allegation. Then, in its affirmative defense, Defendant declared the IRS as a United States agency.

6. Defendant United States' first affirmative defense is based on contradictions and / or falsehood.

**Reason to strike Affirmative Defense #2**

7. Under the second affirmative defense, the United States wrote that "the court lacks subject matter jurisdiction to award damages in excess of the limits imposed under 26 USC 7433."

8. Plaintiff did not ask for damages that are outside the limits of section 7433 or unauthorized by law.

**Reason to strike Affirmative Defense #3**

9. Under the third affirmative defense, the United States claimed that the Court lacked jurisdiction "to enjoin the collection of taxes" without offering a citation.

10. In his complaint, in paragraph 4, Plaintiff stated: "This is an action brought under 26 U.S.C. 7433." In its Answer of September 9 (also

in paragraph 4), the United States admitted the allegation. By its admission, the United States has acknowledged that the case is about unauthorized collection practices, and not collection per se.

11. This case is not about enjoining collection of taxes, and the court has jurisdiction to enjoin and award damages for the illegal, reckless, negligent, or unauthorized collection of taxes.

**Reason to strike Affirmative Defense #4**

12. Under the fourth affirmative defense, the United States claims that "the court lacks subject matter jurisdiction to the extent the plaintiff seeks a refund of taxes paid....."

13. Plaintiff did not make a request in this lawsuit for any refunds of taxes paid. Plaintiff's suit is not a tax refund suit.

WHEREFORE Plaintiff requests from this Honorable Court to strike all of the United States' affirmative defenses and to grant the relief herein requested.

\_\_\_/s/ Elias Aoun_____          Date: September 29, 2008
Elias Aoun, Esq. Bar Number 479315
1730 N. Lynn St., # A-22
Arlington, VA 22209-2004
E-mail: Lawyer2008@yahoo.com
Cell Phone 202-257-7796

- 4 -

## CERTIFICATE OF SERVICE

I hereby certify that on or about September 29, 2008 a true and correct copy of the foregoing document was served upon the following via the Court's ECF filing Protocol:

>Yonatan Gelblum, Esq.
>Tax Division
>Department of Justice
>P. O. Box 227
>Washington, DC 20044
>E-mail: Yonatan.Gelblum@usdoj.gov

>__/s/Elias Aoun_
>ELIAS AOUN