# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| John T. Hines<br>    Plaintiff/<br>    Counterdefendant/<br>    Cross-claim Plaintiff<br><br>    v.<br><br>United States Government<br>    Defendant/<br>    Counterplaintiff/<br>    Cross-claim Defendant<br><br>Internal Revenue Service<br>    Counterplaintiff/<br>    Cross-claim Defendant<br><br>U.S. Department of Justice<br>    Cross-claim Defendant. | CASE NO: 1:08-cv-00914-PLF |

### PLAINTIFF'S CROSSCLAIM AGAINST THE INTERNAL REVENUE SERVICE, THE U.S. GOVERNMENT, AND THE DEPARTMENT OF JUSTICE

1.  Defendants filed a counterclaim on September 9, 2008 stating that it was requested and authorized by the Chief Counsel for the Internal Revenue Service and has been instituted at the direction of the U.S. Attorney General.

2.  In response to Defendants' counterclaim, Plaintiff hereby asserts the following cross-claim.  Jurisdiction is conferred upon this Court by the same jurisdiction outlined in Defendants' counterclaim and Plaintiff's original complaint.

3.  Excerpts from 26 USC Section 7214(a) are as follows:

    Any officer or employee of the United States acting in connection with any revenue law of the United States -
    (1) ………………….(omitted)
    (2) who knowingly demands other or greater sums than are authorized by law……………(omitted); or
    (3) who with intent to defeat the application of any provision of this title fails to perform any of the duties of his office or employment; or
    (4) ………………… (omitted)
    (5) ………………… (omitted)
    (6) ………………… (omitted)
    (7) who makes or signs any fraudulent entry in any book, or makes or signs any fraudulent certificate, return, or statement; or
    (8) who, having knowledge or information of the violation of any revenue law by any person, or of fraud committed by any person against the United States under any revenue law, fails to report, in writing, such knowledge or information to the Secretary; or
    (9) ………………… (omitted)

    shall be dismissed from office or discharged from employment and upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both. The court may in its discretion award out of the fine so imposed an amount, not in excess of one-half thereof, for the use of the informer, if any, who shall be ascertained by the judgment of the court. The court also shall render judgment against the said officer or employee for the amount of damages sustained in favor of the party injured, to be collected by execution.

**Violation of 26 USC Section 7214(a)(3) and (8)**
4.  Plaintiff filed a complaint on May 29, 2008 under 26 USC § 7433 alleging reckless, intentional, or negligent actions by the IRS, the violation of procedures, and the pursuit of unauthorized collection measures – such as the IRS never offered Plaintiff an opportunity for a CDPH hearing before the levy.

5. Defendants did not offer reliable evidence to counter Plaintiff's allegations, and sought instead to penalize Plaintiff as they requested in their counterclaim.

6. With Defendants' counterclaim, unfounded and unsupported accusations of frivolous and groundless, and attempts to dismiss the case without negating the validity of Plaintiff's claims, Defendants' employees and officers have failed to perform their duties in properly applying revenue laws in violation of section 7214(a)(3), and sought to dismiss (and therefore cover-up) allegations of wrongdoing by the IRS against Plaintiff instead of reporting these wrongdoings (in writing) to the Secretary as required by section 7214(a)(8).

**Violation of 26 USC Section 7214(a)(2)**

7. In their counterclaim, Defendants had submitted a certain sum claiming that it is owed by Plaintiff without attaching any verification.

8. Defendants did not present to Plaintiff or the Court certificates of assessments for each year in question and evidence of their accuracy.

9. Defendants disregarded 26 USC § 6751(a) by failing to attach the notice of penalty, the name of the penalty, and how they computed the $2,500 they wish the court to impose.

10. Defendants disregarded 26 USC § 6751(b)(1) by failing to attach a <u>written</u> verification that the penalty has received supervisory approval.

11. Defendants violated 26 USC § 7491(c) by not producing any evidence with respect to the alleged Plaintiff's liability for the imposed penalties.

12. Other violations are also outlined in Plaintiff's motion to dismiss Defendants' counterclaim filed on September 29, 2008.

13. According to Defendants, the listed amounts allegedly owed were made with the full knowledge of the Chief Counsel for the Internal Revenue Service, the US Attorney General, and under the supervision of Department of Justice Attorney Jeffrey A. Taylor (being Of Counsel on the record).

14. Failure to provide Plaintiff and the Court with verification <u>in writing</u> by an authorized personnel, failure to offer any evidence to said claims, and failure to show the legality of the penalties are violations of Section 7214(a)(2) by the individuals named herein who are employed by the Internal Revenue Service, the U.S. Government, and the Department of Justice.

**Violation of 26 USC Section 7214(a)(7)**

15. In a declaration signed August 8, 2008, and submitted by Defendant United States to the Court, Revenue Officer Daniel

Haber stated that Plaintiff John T. Hines "was sent notices of intent to levy and right to a due process hearing in relation to the tax periods for which the levy on his social security benefits was issued on August 23, 2004, December 26, 2005, and February 20, 2006...."

16. However, according to Plaintiff's affidavit of August 18, 2008, Plaintiff stated (in paragraph 4): "I have never received from the Internal Revenue Service an opportunity for a collection due process hearing (CDPH)." Plaintiff also added (in Paragraph 3): "The first notice of intent to levy that I received for collection was dated in March 2007. The notices of intent to levy dated August 23, 2004, December 26, 2005, and February 20, 2006 were never received by me."

17. In the absence of any proof being presented by Defendants, and in the face of Plaintiff denying receipt of notice for a due process hearing or the notices of levy mentioned by Mr. Haber, Mr. Haber's statement cannot be true.

18. This is a clear violation of 26 USC Section 7214(a)(7) for an IRS employee to sign a fraudulent statement, unless Defendants timely offers to Plaintiff and the Court proof to confirm Mr. Haber's assertions. In all likelihood, this proof does not exist.

**Conclusion**

19. The chief Counsel for the IRS, the US Attorney General, the Department of Justice Attorney Jeffrey A. Taylor, and IRS Internal Revenue Officer Daniel Haber are officers and/or employees of Defendants.

20. Plaintiff requests from this Honorable Court to notify the clerk of court to report the conduct of the employees and officers listed herein to the Secretary or proper authorities for their wrongdoings, and to impose the fines or punishment as specified in 26 USC Section 7214(a) or as the Court deems appropriate.

21. To prevent further abuses of revenue laws, the courts must take a stand against IRS abuses, especially when the Department of Justice's tax division is defending those abuses.

22. Plaintiff respectfully alerts the Court to the fact that the demands made by Defendants' counterclaim – without pursuing proper procedures – are another series of willful, reckless, intentional, or negligent measures taken against Plaintiff. That being the case, the damages sought by Plaintiff's complaint under section 7433 are duly justified. Plaintiff requests that these damages be multiplied by the number of violations committed by Defendants.

WHEREFORE Plaintiff requests from this Honorable Court to grant the relief herein requested.

- 7 -

\_\_\_/s/ Elias Aoun_____        Date: September 29, 2008
Elias Aoun, Esq. Bar Number 479315
1730 N. Lynn St., # A-22
Arlington, VA 22209-2004
E-mail: Lawyer2008@yahoo.com
Cell Phone 202-257-7796

- 8 -

**CERTIFICATE OF SERVICE**

I hereby certify that on or about September 29, 2008 a true and correct copy of the foregoing document was served upon the following via the Court's ECF filing Protocol:

>Yonatan Gelblum, Esq.
>Tax Division
>Department of Justice
>P. O. Box 227
>Washington, DC 20044

>__/s/Elias Aoun_
>ELIAS AOUN