IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |  | |
|---|---|---|---|
| JOHN T. HINES, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. 1:08-cv-00914 PLF | |
| | ) | | |
| UNITED STATES, et al. | ) | | |
| | ) | | |
| Defendants. | ) | | |
| | ) | | |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S MOTIONS TO STRIKE AND TO DISMISS**

The United States, by and through counsel, under Fed.R.Civ.P. 56 and Local Rule 7.1(c) moves for summary judgment with regard to the plaintiff's complaint and crossclaim, and to its counterclaim, and opposes his motions to dismiss its counterclaim and to strike its affirmative answers.

As grounds for this motion, and as more fully discussed in the accompanying memorandum, the United States submits that there is no genuine issue as to any material fact, and that the United States is entitled to a judgment against plaintiff, John T. Hines, as a matter of law.

3627663.3

The specific relief sought by this motion is an order denying the plaintiff's motions, granting summary judgment to the United States, dismissing the complaint and crossclaim with prejudice and granting the United States judgment on its counterclaim.

DATE: October 20, 2008.

                                  Respectfully submitted,

                                  /s/ Yonatan Gelblum
                                YONATAN GELBLUM
                                Trial Attorney, Tax Division
                                U.S. Department of Justice
                                Post Office Box 227
                                Washington, DC  20044
                                Tel./FAX:  (202) 305-3136/614-6866
                                Email: yonatan.gelblum@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN T. HINES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:08-cv-00914 PLF |
| | ) |
| UNITED STATES, et al. | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S MOTIONS TO STRIKE AND DISMISS**

The United States seeks dismissal of the plaintiff's complaint and crossclaim and judgment on its counterclaim as a matter of law. 26 U.S.C. § 7422 bars recovery of the levied funds applied to Plaintiff's taxes because he has not paid the underlying liabilities in full nor filed a proper administrative claim. Transcripts entitled to a presumption of correctness establish he was sent the required notice of his right to a collection due process hearing, and because the levies on his social security benefits were not continuous levies under 26 U.S.C. § 6334(h), they are not subject to its 15% limit. The assessments against Plaintiff enjoy a presumption of validity, and the counterclaim for them was brought within the applicable 10 year statute of limitations, so the United States is entitled to a judgment on these assessments. Plaintiff's procedural arguments for dismissal of the counterclaim have no basis in the Rules of Civil Procedure, and his crossclaim is brought under a criminal provision that does not provide a basis for a private cause of action. Because his positions in this proceeding

have been frivolous and groundless, this Court should award the United States a penalty under 26 U.S.C. § 6673(b)(1).

STATEMENT

1. <u>Plaintiff's Unpaid Taxes and Collection Activities</u>.  Assessments for taxes, penalties, and interest were made against the plaintiff for the tax years 1996-2001 and 2003. (Stmt. of Facts ¶¶ 1) Transcripts of account for the Plaintiff show that notices of his right to a collection due process hearing were sent with respect to these years on December 26, 2005, August 24, 2006, and February 20, 2006. *Id.* ¶ 2. Starting October 10, 2006, several levies were issued by paper on forms 668A or 668W to the Social Security Administration with respect to the plaintiff's liabilities for these years, which stated that they attached to property or income owing to the plaintiff. *Id.* ¶¶ 3-4.  Such paper forms are not used for to effect a continuing levy under 26 U.S.C. § 6331(h). *Id.* ¶ 5.  On March 19, 2007, additional levies were issued to Osceola Anaesthesia Associates and Mellon Investments with respect to these liabilities. *Id.* ¶ 6.  Unpaid balances totaling $265,851 remain on the assessments for 2000, 2001, and 2003.  *Id.* ¶¶ 8, 10, 12.

2. <u>Litigation to Date</u> The plaintiff filed this complaint under 26 U.S.C. § 7433 on May 29, 2008, seeking damages for alleged wrongful collection.  He asserts that he was not sent a notice of his right to a collection due process hearing prior to the levies described above. (Compl. ¶ 25.)  He also asserts that the levies on his social security benefits are illegal because they reach more than of 15% of the payments in violation of 26 U.S.C. § 6331(h), which permits continuing levies on certain federal payments.

(Compl. ¶¶ 15-17, 21.)  Besides an injunction against the levies, he seeks damages that include, inter alia, return of the levied funds that were applied to his taxes. (Compl. ¶¶ 40(a)-(d).)  He did not attach any official forms complying with the regulations on claims for a refund. The United States counterclaimed against the plaintiff for a 26 U.S.C. § 6673(b)(1) penalty, which applies to frivolous or groundless litigation under section 7433, and for the unpaid taxes.  In response, the plaintiff filed motions to strike the United States' affirmative defenses and dismiss its counterclaim, and a "crossclaim" against the United States, the Department of Justice, and the Interal Revenue Service (the "Service"), alleging that the counterclaim violates 26 U.S.C. § 7412, a criminal provision.

## ARGUMENT

The Court should dismiss the complaint and cross claim, and award judgment on the counterclaim, because the record establishes that the United States is entitled to judgment as a matter of law.  The Court lacks jurisdiction to award the plaintiff a refund of levied taxes since he has not filed a proper request for refund nor fully paid the taxes at issue.  The record also establishes that Plaintiff is unable to prevail on the merits: the Service sent section 6330(a) notices to his last known address, and the levy on his social security benefits was a non-continuing levy not subject to the 15% limit on continuing levies under section 6331(h).  The Service's transcripts establish that the plaintiff was validly assessed for unpaid taxes due for the 2000, 2001, and 2003 tax years.  His crossclaim is brought under a code section that does not provide a private right of action, and his frivolous and groundless arguments make him liable for a penalty under

26 U.S.C. § 6673.  Accordingly, the Court should grant the United States judgment.

## I.
### THE COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S REQUEST FOR A TAX REFUND

Plaintiff claims as damages the amounts seized by the levies and applied to his taxes, (Compl. ¶ 40(a)-(d)) thus seeking to recover taxes that he alleges were illegally collected. *See Lindsey v. United States*, 448 F. Supp. 2d 37, 60-61 (D.D.C. 2006) (complaint seeking "return of all levied funds" seeks refund).  This Court lacks jurisdiction to award this relief because Plaintiff has not demonstrated that he filed a proper administrative request for refund, nor has he fully paid his assessed liabilities for the 2000, 2001 and 2003 tax years, which are prerequisites to a suit for refund of taxes. Per 26 U.S.C. § 7422, "[n]o suit or proceeding shall be maintained in any court for the recovery of an internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed . . . ." 26 U.S.C. § 7422(a).  Both full payment and an administrative claim for refund are necessary to waive the United States' sovereign immunity from suit for refund of taxes alleged to have been illegally collected. *See United States v. Dalm*, 494 U.S. 596, 601-602 (1990) (claim for refund necessary before filing refund suit); *Flora v. United States*, 362 U.S. 145, 177 (1960) (payment in full is required before filing refund suit); *Vanskiver v. Rossotti*, 2001WL361470, *1 (D.D.C. 2001) (same).  Plaintiff has the burden to show that sovereign immunity has been waived. *See, e.g., Paradyne Corp. v. U.S. Dept. of Justice*, 647 F.Supp. 1228, 1231 (D.D.C. 1986) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).

Plaintiff has not demonstrated that he filed a claim for refund that meeting the requirements of the relevant regulations, 26 C.F.R. §§ 301.6402-2 & 301.6402-3, nor fully paid the liabilities at issue. Failure to comply with the regulations deprives the Court of jurisdiction to order repayment, even if suit is brought under 26 U.S.C. § 7433. *See, e.g., Lindsey v. United States*, 448 F. Supp. 2d 37, 60-61 (D.D.C. 2006); *Erwin v. United States*, 2006 WL 2660296 (D.D.C. Sept. 15, 2006) at * 10.  *Cf. Rae v. United States*, 530 F. Supp. 2d 127, 130 (D.D.C. 2008) (noting different standards for section 7433 claims and claims for refund).  Plaintiff has not shown that he filed a claim meeting the requirements of the above regulations, nor has he fully paid his liabilities on three of the tax years at issue; (Stmt. of Facts ¶¶ 8, 10, 12) thus, the Court lacks jurisdiction to award him the levied funds. *Dalm*, 494 U.S. at 601-02; *Flora,* 362 U.S. at 177; *Lindsey,* 448 F. Supp. at 60-61.

II.
THE SERVICE SENT PLAINTIFF THE NOTICE REQUIRED UNDER SECTION 6330(A)

Plaintiff's conclusory allegation that did not receive the notice required under 26 U.S.C. § 6330(a) prior to levy is insufficient to prevent summary judgment based on transcripts that enjoy a presumption of correctness.  Section 6330(a) only requires that notice be sent once to a taxpayer's last known address, 26 U.S.C. § 6330(a)(1) & (a)(2)(B), and does not require actual receipt, 26 C.F.R. § 301.6330-1 (A-A9), *cited by Brullard v. United States*, 486 F. Supp. 2d 512, 516 (D. Md. 2007).  The transcripts showing that Plaintiff was sent this notice are prima facie proof of compliance.  A common law presumption of regularity is accorded to official acts, and official records evidencing such acts are conclusive proof that they occurred absent "clear and specific evidence."

*Riggs Nat'l Corp. & Subs. v. Commissioner*, 295 F.3d 16, 21 (D.C. Cir. 2002). A taxpayer's affidavit stating that he did not receive such notices does not discharge this burden. *Hansen v. United States*, 7 F.3d 137 (9th Cir. 1993); *Jones v. Commissioner*, 338 F.3d 463 (5th Cir. 1993). *Cf. Mulhern v. Gates*, 525 F. Supp. 2d 174, 186 (D.D.C. 2007) (Friedman, J.) (self-serving affidavits on their own are insufficient to oppose a motion for summary judgment). Here, Plaintiff supports his claim with precisely such an affidavit. Accordingly, the United States is entitled to summary judgment against the plaintiff.

## III.
### THE SERVICE CAN LEVY MORE THAN 15% OF PLAINTIFF'S SOCIAL SECURITY BENEFITS

The levy on Plaintiff's benefits was not a continuous levy under section 6331(h) and thus not subject to its 15% limit. *See* 26 U.S.C. § 6331(h)(1) ("[S]uch *continuous levy* shall attach to up to 15 percent of any specified payment.") (emphasis added). 26 U.S.C. § 6331(a) allows levy on "all property or rights to property" of a taxpayer not exempted by section 6334. Other exemptions cannot be implied. *Drye v. United States*, 528 U.S. 49, 56-57 (1999). 26 U.S.C. § 6334(c) makes Social Security benefits subject to levy despite their protection from attachment under 42 U.S.C. § 407. Courts permitted levies on social security benefits prior to section 6331(h)'s enactment in 1997, *E.g., Bonetti v. Dept. of the Treasury*, No. 90 C 2394, 1990 WL 155619 (S.D.N.Y. Oct. 12, 1990). These benefits can thus be levied without resort to section 6331(h) and its 15% limit.

Furthermore, a non-continuous levy could reach Plaintiff's future benefits because his right to receive them was established at the time of the levy. The "rights to property" that any tax levy reaches include a right to deferred payments due *after* the date of the

levy. 26 C.F.R. § 301.6331-1(a)(1). *Cf., e.g., Elias v. United States,* 1992 U.S. Dist. LEXIS 20639 at *18 (C.D. Cal. 1992) (levy issued under 26 U.S.C. § 6331(a) attached to future payments due to the taxpayer).  Thus, it can reach annuity payments payable to a taxpayer after the date of levy. *In re Wessel,* 161 B.R. 155, 160-61 (Bankr. D.S.C. 1993). Social Security benefits are like an annuity, with the right to receive future payments vested upon qualification, so that future payments were a right to property of the Plaintiff existing at the time of the levy and thus subject to a non-continuous levy.

The Service could thus levy these payments under the general levy provision, 26 U.S.C. § 6331(a), and the record shows that it did.  The levies were issued on paper forms 668A and 668W, while levies under section 6331(h) are not issued on paper. (Stmt. of Facts ¶¶ 3-5.) The forms state that they reach Plaintiff's "property and rights to property . . . which you are *already obligated* to pay this person," or his income "that you *have now or for which you are obligated*." (Exs. 101-104.) (emphasis added) They are thus not continuing levies, and not subject to the 15% limit on such levies in section 6331(h).

IV.
PLAINTIFF IS LIABLE FOR $265,851 IN UNPAID INCOME TAXES, PENALTIES, AND INTEREST

Because the Service has made assessments against the plaintiff, which are presumptively valid, the United States is entitled to judgment against the plaintiff for the outstanding balance on these assessments.  The attached Forms 4340 Certificates of Assessments and Payments, (Exs. 109-111) show the following assessments were made against the plaintiff:

| Tax Period | Date of Assessment | Amount of Original Assessment |
|---|---|---|
| 2000 | February 9, 2004 | $180,049.70 |
| 2001 | February 9, 2004 | 4,579.93 |
| 2003 | October 17, 2005 | 27,849.39 |

It is well established that the taxpayer bears the burden of proving that such assessments, which are presumptively correct, are erroneous. *See United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242-43 (2002); *Janis v. United States*, 428 U.S. 433, 440 (1976); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). A certified transcript showing an assessment establishes the United States' prima facie case, *see Brounstein v. United States,* 979 F.2d 952, 954 (3d Cir. 1992), and suffices for a grant of summary judgment for the United States. *See United States v. Guerriero*, 2006 U.S. Dist. LEXIS 3473, at *2-3 (D. N.J. Jan. 30, 2006). *See also Buaiz v. United States*, 521 F. Supp. 2d 93, 97 (D.D.C. 2007). The current balance on the above assessments is $265,851.60. (Stmt. of Facts ¶¶ 8, 10, 12.) Thus, the United States is entitled to a judgment against the plaintiff for the unpaid balance.1/

V.
THE PLAINTIFF'S REMAINING ARGUMENTS AND HIS CROSSCLAIM ARE FRIVOLOUS

The remaining arguments in plaintiff's motions and "crossclaim" are frivolous. Whether the counterclaim arises from "the same transaction or occurrence" is irrelevant since Fed. R. Civ. P. 13(b) authorizes unrelated counterclaims. He fails to demonstrate

---

1/ Contrary to the plaintiff's assertions, this counterclaim was timely brought, because a ten-year statute of limitations applies following assessment. The penalties at issue are treated as tax for all purposes where such term is used in the Internal Revenue Code, 26 U.S.C. § 6665(a)(2), and the Code provides that a suit to collect a "tax" can be brought within 10 years of assessment, 26 U.S.C. § 6502(a)(1).

what directive in Fed. R. Civ. P. 10(a) was violated by the United States' pleadings. His assertion that the counterclaim should be dismissed for lack of evidence ignores the standard under Rule 12(b)(6) that all allegations be taken as true. Lastly, his crossclaim seeks relief under 26 U.S.C. § 7214, but this Court has repeatedly held that this criminal provision does not create a private right of action. *E.g., Eliason v. United States*, 551 F.Supp.2d 63, 64 (D.D.C. 2008); *Bryant v. United States Gov't*, 527 F. Supp.2d 137, 142 (D.D.C. 2007); *Wesselman v. United States*, 501 F.Supp.2d 98, 99-100 n. 1 (D.D.C. 2007).

VI.
### THE COURT SHOULD AWARD THE UNITED STATES A PENALTY UNDER SECTION 6673

Plaintiff has maintained positions that are frivolous and groundless, and should thus be held liable for a penalty under 26 U.S.C. § 6673(b)(1). This penalty, which applies in suits under section 7433, is similar to the section 6673(a)(1)(B) penalty for frivolous or groundless positions in Tax Court actions. Frivolous, in the context of section 6673, has been interpreted as "contrary to established law and unsupported by a reasoned, colorable argument for change in the law." *Coleman v. Commissioner*, 791 F.2d 68, 71 (7th Cir. 1986). *See also Casper v. Commissioner*, 805 F.2d 902, 906 (10thCir. 1986)("total rejection of well-established legal precedent" is frivolous). Groundless means lacking factual basis. *Casper*, 805 F.2d at 906. Because the plaintiff's filings in this action have lacked a valid legal or factual basis, the Court should require the plaintiff to pay this penalty. His procedural defenses do not bar award of the penalty because the procedures he cites are not a prerequisite to award of the penalty by a court.

Here, Plaintiff's arguments have been both frivolous and groundless. He ignored

black letter law to the effect that section 7421 bars injunctions against tax collection except in the narrowest of circumstances. Despite the limitation of section 7433's scope to suits for "damages," 26 U.S.C. § 7433(a), and repeated denials by this Court of injunctions in suits brought under section 7433, *see, e.g., Dye v. United States,* 516 F. Supp. 2d 61, 73 (D.D.C. 2007), he maintained the untenable position that it creates an implied exception to section 7421. He not only failed to meet the certainty standard required for an exception to section 7421, *see Enochs v. Williams Packing & Navigation Co., Inc.,* 370 U.S. 1, 7 (1962), but as the Court noted at oral argument, he failed to make even a prima facie case under the regular standard for granting a preliminary injunction. His affidavit in support of his motion for an injunction did not establish any illegality, since he failed to allege, much less prove, that the Service failed to send the required notices to the address on his last filed tax return from 2000.2/ Furthermore, as noted above, he has also advanced frivolous procedural arguments in his motions to strike and to dismiss, and attempted to maintain a crossclaim under a penal section that this Court has repeatedly rejected as a basis for a private cause of action. He even bases his motion to strike in part on assertions that he seeks neither to enjoin tax collection nor a refund of taxes, while demanding such an injunction and listing taxes collected from him as damages.

Plaintiff's procedural arguments against the penalty are unavailing. Section 6673(b)(2) specifically permits assessment of penalties awarded by courts, with collection following notice and demand; it does not require notice and demand prior to *award* of

---

2/   He also failed to establish irreparable harm by not demonstrating that the amounts levied constituted the bulk of his income or approached his costs of living.

the penalties by the Court.  Section 6671(a), cited by Plaintiff, only acts to make such penalties payable upon notice and demand, and states that they shall be collected "in the same manner as taxes."  The necessary notice need only be made within 60 days of assessment, 26 U.S.C. § 6303, but assessment itself is not a prerequisite for a court proceeding to collect taxes, 26 U.S.C. § 6501 (setting a time bar for proceedings in court to collect taxes that have not been assessed).  Because no notice is required prior to award of the section 6673 penalty, the lack of a notice complying with the provisions of section 6751 is irrelevant.  Accordingly the Court should award the United States the penalty based on the plaintiff's frivolous and groundless position in this proceeding.

## VII.
### CONCLUSION

For the forgoing reasons, the Court should grant the United State's motion, dismiss the plaintiff's complaint and crossclaim, award the United States judgment against the plaintiff, and deny the plaintiff's motions to strike and to dismiss.

DATE: October 20, 2008.                    Respectfully submitted,

                                                        /s/ Yonatan Gelblum
                                                   YONATAN GELBLUM
                                                   Trial Attorney, Tax Division
                                                   U.S. Department of Justice
                                                   Post Office Box 227
                                                   Washington, DC  20044
                                                   Tel./FAX:  (202) 305-3136/614-6866
                                                   Email: Yonatan.Gelblum@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AND TO DISMISS, STATEMENT OF MATERIAL FACTS, DECLARATION OF YONATAN GELBLUM, DECLARATION OF DANIEL HABER, EXHIBITS and proposed ORDER were served upon plaintiff's counsel this 20th day of October, 2008 through the Court's Electronic Case Filing system as follows:

>Elias Aoun, Esq. Bar Number 479315
>1730 N. Lynn St., # A-22
>Arlington, VA 22209-2004
>E-mail: Lawyer2008@yahoo.com

>/s/ Yonatan Gelblum
>YONATAN GELBLUM