IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHN T. HINES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:08-cv-00914 PLF |
| | ) | |
| UNITED STATES, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## UNITED STATES' SUPPLEMENTAL BRIEF

Plaintiff sued under 26 U.S.C. § 7433, claiming an Internal Revenue Service ("Service") levy on his Social Security benefits violated the 15% cap on continuous levies made under 26 U.S.C.§ 6331(h).  The United States sought summary judgment, arguing that the levy was not a continuous levy under section 6331(h), and thus not subject to its 15% limit, and that Plaintiff was barred from recovering the levied funds under 26 U.S.C. § 7422(a).  It also sought judgment on its counterclaim for unpaid taxes and the 26 U.S.C. § 6673(b)(1) penalty.  On June 4, the Court invited briefing on 26 U.S.C. § 6331(h)'s applicability to Social Security benefits, and the posture of the case if Plaintiff won under Section 7433 but could not recover the levied funds.

While a continuous levy under section 6331(h) on Social Security benefits is subject to the subsection's 15% limit, the levy on Plaintiff's benefits <u>was not a continuous levy</u>. It was not made under subsection (h) and does not implicate its 15% cap.  The statute's text and legislative history show that the cap only applies to continuous levies under subsection (h), that levy under 6331(h) is discretionary, and that levies not made under subsection (h) - such as the levy here - are not "capped" at 15%.  Further, Plaintiff has pled no damages recoverable under Section 7433, while the United States is, at a minimum, entitled to judgment on its counterclaim.

4354840.11

I.   SINCE THE LEVY ON PLAINTIFF'S SOCIAL SECURITY BENEFITS WAS NOT A CONTINUOUS LEVY MADE UNDER 26 U.S.C. § 6331(h), IT WAS NOT SUBJECT TO ITS 15% LIMIT

While the levy here attached to Plaintiff's right to receive periodic payments, it was not a continuous levy, since it only attached to the taxpayer's right to property at the time of the levy, rather than continuously attaching to new rights as they arose. Section 6331(h) permits continuous levies on federal payments, subject to a 15% cap. Both its text and legislative history indicate that its 15% cap applies only to continuous levies made under 6331(h), and the choice to make such levies is at the Service's discretion. Here, the Service did not make a continuous levy. Since the levy is not a continuous levy under subsection (h), the 15% cap does not apply.

   A.   THE LEVY HERE IS NOT A CONTINUOUS LEVY

The levy here is not the continuous type of levy described in subsection (h), which allows the Service to make a continuous levy but limits "such continuous levy" to 15%. Plaintiff claims that the levy is continuous since it reaches each monthly payment. But all tax levies, even if not continuous, reach both property and <u>rights to property</u> in existence at the time of levy, 26 U.S.C. § 6331(a), including a right to future periodic payments, and did so even prior to the enactment of 6331(h). See, e.g. <u>In re Kirk</u>, 100 B.R. 85, 89 (Bankr. M.D. Fla. 1989) ("[O]nly one levy was required to" reach future monthly payments under disability policy). A levy reaches "obligations which exist at the time of the levy," and the "right to receive payment [to which levies attach] can derive from obligations to pay the taxpayer in the future." 26 C.F.R. § 301.6331-1(a). The difference between a non-continuous "snapshot" levy and a continuous levy is that the latter will continue attaching to new property rights as they arise. <u>United States v. Jefferson-Pilot Life Ins. Co.</u>, 49 F.3d 1020, 1021 (4th Cir. 1993). For example, the non-continuous levy at issue here attached to Plaintiff's present right to receive Old Age Insurance payments in the future, but if he later qualified for Survivor's Insurance as well, it would not reach his right to receive these

benefits because such right arose after the levy was made.  Had the levy been a continuous levy under 6331(h), however, it would automatically have extended to these payments.

Plaintiff, who qualified for Old Age Insurance, had an existing right to future payments under 42 U.S.C. § 402(a) at the time of the levy, to which right the levy attached.  The fact that the benefits were payable after the date of levy does not transform it into a continuous levy, since the obligation to pay already existed and could be captured by a "snapshot" levy.  Before 6331(h) allowed continuous levies on non-wage income, courts had already held that the Service's non-continuous levies could reach vested rights to future income, such as annuity payments.  Kirk, 100 B.R. at 89.  Cf. In re Connor 27 F.3d 365 (9th Cir. 1994) (vested right to pension is "property or right to property" within meaning of Code); In re Wessel, 161 B.R. 155 (Bankr. D. S.C. 1993) (entitlement to future life annuity payments are "right to property.").  Pre-1997 cases also held that the Service could levy Social Security benefits, e.g., Smith v. I.R.S., 1991 U.S. App. LEXIS 23139 at * 2 (8th Cir. 1991) (citing 26 U.S.C. § 6334(c)).  Thus, the Service could make the non-continuous levy here before 6331(h)'s enactment. As argued below, the subsection did not limit its right to do so.  The levy, which was not made under 6331(h),1/ is not subject to its 15% cap.

    B.        26 U.S.C. § 6331(h) PERMITS CONTINUOUS LEVIES, BUT NOT MANDATE THEM; ONLY CONTINUOUS LEVIES MADE UNDER 6331(h) HAVE A 15% CAP

As argued above, the Service could have made the non-continuous levy at issue prior to 6331(h)'s enactment.  While 6331(h) permits continuous levies on federal payments and subjects such levies to a 15% cap, it does not mandate that all levies on such payments be made under the subsection and subject to its 15% cap.  The subsection's plain text gives the Service discretion to approve a levy under 6331(h), and only makes levies so approved subject to the cap.  It states:

---

1/ The United States' previous filings explained how the Service followed the procedure for non-continuous levies with respect to Plaintiff by issuing a paper rather than electronic levy.

>> (h) Continuing levy on certain payments
>> > (1) In general
>> >> If the Secretary approves a levy under this subsection, the effect of such levy on specified payments to or received by a taxpayer shall be continuous from the date such levy is first made until such levy is released.  Notwithstanding section 6334, such continuous levy shall attach to up to 15 percent of any specified payment. . .

This plain language indicates that the 15 percent limit applies to "such continuous levy," that is, a levy made under subsection (h).  It does state that it applies to other levies.  Further, it expressly leaves to the Service the discretion to "approve[] a levy under this subsection," and does not state that all levies on specified payments must be made under 6331(h).

Unless the Service approves a levy as a 6331(h) levy, it will not be subject to the 15% limit.  A levy reaches "all property and rights to property" not expressly exempted by statute; exemptions thereto cannot be implied. 26 U.S.C. § 6331(a); Drye v. United States, 528 U.S. 49, 56-57 (1999).  While subsection (h) references a 15% cap, it states that this cap applies to "such continuous" levies approved under the subsection, and does not limit the discretion to approve (or not approve) a levy under the subsection.  The Service may choose not to invoke 6331(h) when levying on payments that <u>could</u> be levied under the subsection, thus avoiding its 15% limit.

At least three courts have interpreted subsection (h) as permissive, holding that it only expanded the levy power and did not impose a new limitation on the Service's prior right to levy amounts not otherwise exempted under section 6334. Duran v. I.R.S., 2009 WL 700518 at *3-4 (E.D. Cal. 2009); Beam v. United States, 2007 U.S. Dist. LEXIS 42903 at *3 (D. Ore. 2007) (levy on Social Security benefits not limited to 15%); United States v. Marsh, 89 F.Supp.2d 1171, 1178-1179 (D. Hawaii 2000). Marsh noted that the statute's language did not expressly repeal section 6331(a)'s broad authority to levy all property above a fixed exemption specified in

section 6334, and declined to find repeal by implication. 89 F. Supp.2d at 1180.  This holding is consistent with Drye's holding that only express limitations can limit the levy power.  Subsection (h) lacks such express language.  It cannot be interpreted as limiting the Service's right - which existed prior to its enactment - to levy all Social Security benefits not exempted by Section 6334.

    C.    6331(h)'s Legislative History Confirms That Congress Intended its Use to Be Discretionary and Did Not Mean to Limit Existing Levy Powers

The legislative history further supports the United States' position.  It indicates that Congress did not intend to require the Service levy to make levies on "specified payments" solely under subsection (h), but left the decision to the Service's discretion.  It also shows that the only expressed intent of Congress in enacting the section was to increase the potential scope and efficiency of the tax levy, and not to set new limits on the Service's preexisting levy power.

Congress did not intend to force the Service to levy under 6331(h) in lieu of issuing non-continuous levies. Staff of Jt. Comm. on Taxation, Gen. Explanation of Tax Legislation Enacted in 1997 at 219 (Comm. Print. 1997) ("Use of a continuous levy is at the discretion of the Secretary.").  In 1998 it clarified that not all levies on "specified payments" were continuous levies under the subsection (which would subject them to its 15% cap).2/  The first sentence as enacted in 1997 read "The effect of a levy on specified payments to or received by a taxpayer shall be continuous . . ." P. L. 105-34 § 1024(a).  The IRS Restructuring and Reform Act (RRA), P.L. 105-206, added the current wording: "If the Secretary approves a levy under this subsection, the effect of such levy on specified payments to or received by a taxpayer shall be continuous . . ." (emphasis added).  Congress expressly clarified that not all levies on specified payments are

---

    2/  The amendment was introduced in the Tax Technical Corrections Act of 1997, H.R. 2645, shortly after enactment of the 1997 Act.  H.R. 2645 made changes "necessary to reflect the intent of the 1997 act." H.R. Rep. No. 105-148, at 43 (1997).  It was merged into the 1998 RRA.

continuous levies under 6331(h), only those approved as such by the Service.  As explained, 6331(h) only subjects "such continuous lev[ies]" approved by the Service to the 15% limit.

Further, the history clearly discusses an intent to <u>expand</u> the levy power and make levy easier. <u>Cf</u>. <u>Marsh</u>, 89 F. Supp. at 1179 (finding 6331(h) permissive based partly on Congress' expressed intent for it to increase the scope of the levy power).  But no discussion is made of an intent to significantly limit levies on federal payments, which represented 18% of GDP, Office of Mgt. & Budget, <u>Budget of the United States Government, Fiscal Year 1998: A Citizen's Guide to the Budget</u>, at 2 (1997).  The Administration proposed subsection (h) to Congress in 1996, and again in its 1998 budget proposal. <u>See</u> Tax Analysts, <u>Budget Briefing on Clinton Tax Proposals</u>, 97 Tax Notes Today 69-8 (Feb. 10, 1997).  It was presented as increasing proceeds, Office of Mgmt. & Budget, <u>Budget of the United States Government, 1998 Fiscal Year: Analytical Perspectives</u> 55, 61 (1997), Congr. Budget Office, <u>An Analysis of the President's Budgetary Proposals for FY 1998</u> 44 (1997), and Congress viewed it as such. <u>See</u> H.R. Rep. No. 105-148, at 478 (1997) (reasons for enactment of subsection (h) include "increased collections of taxes"). The legislative history describes it as permitting expanded and procedurally easier levies. <u>E.g. id.</u> (new provision "will substantially ease the administrative burdens of collecting taxes.").  It does not show an intent to further limit existing levy powers. <u>See, e.g., id.</u> (reasons for enactment).

The flat rate cap (and continuous nature of a 6331(h) levy) was described as making levy procedurally easier by permitting the Service to electronically report delinquent taxpayers to the Treasury's Financial Management Service, and thereafter obtain 15% of federal payments due to them without having to compute each individual's particular exemption under section 6334. <u>Fed. Refunds, State Debts, Hg. Before the Subcomm. on Oversight of the H. Comm. on Ways & Means</u>, 105th Cong. (1997) & <u>Tax Debt Collection Issues, Hg. Before the Subcomm. on</u>

Oversight of the H. Comm. on Ways & Means, 104th Cong. (1996) (Stmts. of Cynthia G. Beerbower, Deputy Asst. Sec. of the Treasury for Tax Policy).  The section 6334 exemption is modest: apart from certain limited classes of property, the Service can levy 100% of individual taxpayers' income for the year in excess of the standard deduction and personal exemptions, 26 U.S.C. § 6334(a)(9), (d), which in 1997 totaled only $6,800 for a taxpayer with no dependents. See Internal Revenue Service Tax Time 1998 at 4 (Jan. 1998).  Further, all of a business taxpayer's income is potentially subject to levy.  While having the option to make a streamlined levy subject to a 15% cap could be expected to increase revenues, requiring the cap for all levies on federal payments, most of which were already subject to the levy power, would have significantly restricted the levy power.  Yet the legislative history shows no discussion of the effects of such a restriction, consistently referring only to increased levy proceeds.  In fact, in presenting the proposal to Congress, the Administration emphasized that

> Congress has always permitted Social Security payments to be subject to levy, and the Administration's proposal would not change current law in this regard. . . [T]he only intended consequence of this proposal is to reduce paperwork burdens. . ."

Tax Debt Collection Issues, Hearing Before the Subcomm. on Oversight of the H. Comm. on Ways & Means, 104th Cong. (1996) (Beerbower Statement) (emphasis added).

In sum, the history shows that the addition of subsection(h) was not meant to preclude the Service from levying under its preexisting authority instead, subject to the exemption in Section 6334 instead of the 15% flat rate.  Both the 1998 amendment, and the lack of any expression of an intent to limit preexisting levy powers, show that Congress did not mean to force the Service to levy under 6331(h), in effect creating an 85% exemption for all federal payments.

II.   PROCEDURAL POSTURE IF PLAINTIFF PREVAILS BUT CANNOT RECEIVE A REFUND

Plaintiff has failed to allege economic damages recoverable under section 7433(b)(1), and even if he were to prevail, the United States would be entitled to judgment on its counterclaim.

7

The damages Plaintiff alleges are (1) amounts levied (Compl. ¶ 40(a)-(d)), (2) interest, id. ¶ 40(e) & (f), (3) his costs of contesting the levy, id. ¶¶ 34, 40(g), and (4) mental and physical distress, id. ¶ 41.  However, these damages are not recoverable here.  Recovery of the amounts levied is barred by Section 7422(a).  He cannot claim interest as damages because crediting of the levied funds already reduced the underpayment interest on the liabilities he owes (which are the subject of the counterclaim) by a corresponding amount.  The "costs of contesting the levy" are excluded under 26 C.F.R. § 301.7433(b)(2) from the definition of economic damages.  Mental and physical distress are by definition not economic damages.  While the section also permits recovery of the "costs of the action," 26 U.S.C. § 7433(b)(2), including some court-related costs, 26 C.F.R. § 7433-1(c), it precludes the award of any damages that could have been reasonably mitigated by the Plaintiff, 26 U.S.C. § 7433(d)(2).  Therefore, since Plaintiff chose to bring a suit in which he could recover no damages, he should not be awarded the costs thereof.  Were Plaintiff to prevail under section 7433, however, the United States should still be granted judgment on its counterclaim for unpaid taxes, with respect to which Plaintiff failed to create a genuine issue of fact. Fed. R. Civ. P. 56(d) (partial summary judgment available).

DATE: June 15, 2009.

                                            Respectfully submitted,

                                            /s/ Yonatan Gelblum
                                          YONATAN GELBLUM
                                          Trial Attorney, Tax Division
                                          U.S. Department of Justice
                                          Post Office Box 227
                                          Washington, DC  20044
                                          Tel./FAX:  (202) 305-3136/614-6866
                                          Email: Yonatan.Gelblum@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing SUPPLEMENTAL BRIEF was served upon Plaintiff's counsel this 15th day of June, 2009 through the Court's Electronic Case Filing system as follows:

>Elias Aoun, Esq. Bar Number 479315
>1730 N. Lynn St., # A-22
>Arlington, VA 22209-2004
>E-mail: Lawyer2008@yahoo.com

>/s/ Yonatan Gelblum
>YONATAN GELBLUM