**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| John T. Hines, | ) | |
|     Plaintiff/Counterdefendant, | ) | |
| | ) | |
| v. | ) | CASE NO: 1:08-cv-00914-PLF |
| | ) | |
| UNITED STATES, et al. | ) | |
|     Defendants/Counterplaintiffs. | ) | |

**PLAINTIFF'S SUPPLEMENTAL BRIEF**

There is a two-step test to review Defendants' argument:

> The general principles respecting the deference courts must accord administrative interpretations of statutes are those outlined by the Supreme Court in *Chevron, U.S.A. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), which sets out a two-step test to guide judicial review of agency [IRS] interpretation. First, a court must determine whether Congress has spoken to the precise issue at hand. "If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Id.* at 842-43, 104 S.Ct. at 2781. If the statute is not so unambiguous in expressing congressional intent, a court must then determine whether the agency's interpretation is a permissible one. *Id.* at 845, 104 S.Ct. at 2783. In 26 U.S.C. § 6331(e). *U.S. v. Jefferson-Pilot Life Ins. Co.,* 49 F.3d 1020, 1022 (C.A.4 (N.C.), 1995)

Defendants' interpretation of Section 6331 is contrary to congressional intent, contradictory to itself, not permissible, and therefore cannot be upheld.

### I.   Congressional Intent

The legislative intent of 6331(h) is summarized by the Fourth Circuit as follows:

> That history indicates that Congress enacted the continuing levy provision [6331(h)] to ease the "substantial administrative problems" that would be faced if the IRS could only impose successive levies upon remuneration contractually owed a defaulting taxpayer for personal services. S.Rep. No. 94-938, 94th Cong., 1st Sess. 388-89 (1976); *see also* H.R.Rep. No. 94-658, 94th Cong. 1st Sess. 304-06 (1975) U.S.Code Cong. & Admin.News 1976, 2897. *U.S. v. Jefferson-Pilot Life Ins. Co at 1023*

Section 6331(h) was intended to facilitate the levy process so that the Internal Revenue Agency (IRS) would not have to issue successive levies to levy the funds of someone being paid periodically.  If a levy is made under Section 6331(a), then it was the drafters' intent for the levy to reach only the amount of money available at the time of the levy, not subsequent funds.  This intent is explained in 26 CFR §301.6331-1(a)(1) which makes it clear that the levy "has no effect upon any subsequent" funds.  If 6331(a) could reach future payments with a "one-time" levy, enacting 6331(h) would have been unnecessary or redundant.

Since Defendants argued that their levy against Plaintiff's social security benefits was made under Section 6331(a), they are in violation of the Internal Revenue Code by levying more than what Plaintiff had at the time of the levy – since 6331(a) levy has "no effect" on any subsequent money received by Plaintiff.

## II.     Defendants' analysis is contradictory and not permissible

Defendants' assertions can be summarized as follows: (a) The levies were issued on paper forms 668A and 668W; (b) such paper forms are not used to effect a continuing levy under 26 USC 6331(h) [Doc. #25, pages 2 and 7]; (c) only Continuous levies made under 6331(h) have a 15% limit [Doc. #32, pages 1 and 3]; (d) the levy on Plaintiff's benefits was not a continuous levy. [Doc. #32, pages 1]

### Form 668-W is a "continuous levy" form

In *U.S. v. Marsh*, Form 668-W was referred to as a "continuous levy form (668-W)" *U.S. v. Marsh*, 89 F.Supp.2d 1171, 1178 (D.Hawai'i, 2000).  In that case, the IRS issued Form 668-W and was arguing that it issued a "continuous levy."  In this case, Defendants are arguing the opposite.  To make two conflicting arguments on the same issue in two different cases is a reflection that Defendants are being inconsistent and their arguments cannot be upheld.

"Government's Exhibit 104" filed with Defendant's summary Judgment is a Form 668-W sent to the Social Security Administration. Exhibit 104 includes all the tax years at issue. It has the most recent date (May 2007) than all other notices of levy in Government's Exhibits 101, 102, and 103.

If in *Marsh* Defendants agree that Form 668-W is a continuous levy form, if in this case Defendant used Form 668-W to levy Plaintiff's social security benefits and agree that continuous levies are made under 6331(h) and have a 15% cap, then the levies would (supposedly) be subject to the 15% cap.

Regardless of what arguments Defendants make, the question remains: Why do they not state on Form 668-A or 668-W the provision under which they are conducting the levy, and the type of levy being made? The reason is simple: They are not operating an honest system. They even DELETE 6331(a) and (h) from their "excerpts" of 6331 on the back of their notices of levy.

<u>FPLP or non-FPLP levy?</u>

Defendants argue that an IRS officer can make a choice on what type of levy to pursue: through the Federal Payment Levy Program (FPLP) [6331(h)] or a manual (non-FPLP) levy [6331(a)]. Defendants claim that the IRS pursued a manual levy against Plaintiff that is not subject to any limitation as to the amount levied. [Transcript of Oct. 3, 2008 hearing; Page 21 (lines 20-25); Page 22 (lines 1-7)]

Defendants never explained the criteria used by the IRS to determine how a levy type is chosen. It appears that the issue is left to the whims and wishes of the IRS officer, who probably makes the decision based on whether the citizen is a "patriot" or affiliated with any tax honesty movement that would justify the "unlimited" levy as a "punishment."

Defendants argued that only "express language" could limit the levy power. [Doc. #32, page 5] Express language should also define the statutory criteria of selecting the type of levy made against Plaintiff. The issue cannot be left to the mere "opinion" of a low-level bureaucrat.

Defendants presented no such statutorily-based criteria for selecting the manual, unlimited, levy against Plaintiff – and therefore such a levy is unauthorized since we cannot ascertain whether the criteria set for its selection have been met.

The answer may be found in case law which distinguishes between "property" and "rights to property" – defining the first as tangible physical objects; and the second as intangible, such as bank deposits, not capable of manual levy or delivery. *Division of Labor Law Enforcement v. U.S.*, 301 F.2d 82, 85 (C.A.Cal. 1962); *In re Alton Newton Evangelistic Ass'n, Inc.*, 28 B.R. 144, 146 (Bkrtcy.S.C., 1983)

A "manual levy" is made on property capable of manual delivery. If 6331(a) authorizes "manual" levy, how does it apply to social security benefits which is intangible "rights to property?" Do IRS officers visit Social Security Administration every month to manually pick-up the funds? In this case, how the "property or rights to property" is being delivered? The funds are being delivered electronically [6331(h)], not manually [6331(a)].

### III.     Plaintiff is not subject to the Levy

A.     <u>Even if the levy is a manual 6331(a) levy, Plaintiff is not subject to it</u>

Even if the levy is made under 6331(a), Defendants are in violation of the "express language" of that provision which says: "<u>If</u> any person <u>liable</u> to pay any tax neglects or refuses to pay the same within 10 days after <u>notice and demand</u>, it shall be <u>lawful</u> for <u>the Secretary</u> to collect such tax . . ."

- 4 -

1. <u>Lawfulness and Liability</u>

The U.S. Supreme Court stated that whatever the government or those acting on its behalf "say and do must be lawful." *[Poindexter v. Greenhow, 114 U.S. 270, 290; 5 S.Ct. 903, 914 (U.S. 1885)](#)* In this case, no lawful tax liability has been validated against Plaintiff for the years in question. The "presumption of validity" to Defendants' tax assessment against Plaintiff has been rebutted in Plaintiff's response to Defendants' motion for summary judgment. The lawfulness of the IRS conduct has been contested. Defendants did not respond meaningfully to the rebuttal except to allege that the arguments are "frivolous" while they never presented what would be the "non-frivolous" argument. Plaintiff's assertions to the non-lawfulness of the liability should be treated as conceded. To condemn Plaintiff to liability, without any verification to the lawfulness of the liability, amounts to obliterating "the line of demarcation that separates constitutional government from absolutism." *Poindexter* at 291

What is the activity that Plaintiff was involved in that is considered to be taxable, and the statutory provision that impose a tax on such activity? Without any proof to the lawful liability, Defendants are acting in violation of the "express language" of 6331(a).

2. <u>Notice and Demand</u>

There is no proof on the record to indicate that the IRS presented Plaintiff with a notice and demand letter. In a request for production of documents, Plaintiff asked for "Copies of all notices and demand for payment given to Plaintiff since year 1996 until the present." On December 1, 2008, Defendants responded: "The United States objects to this request on the grounds that it is unduly burdensome and seeks irrelevant information. . . ."

Also during discovery, Plaintiff asked for "Copies of any certified mail receipts proving that proper CDPH or <u>ANY OTHER NOTICES</u> were sent to Plaintiff." In its December 1, 2008

response, the Department of Justice objected to this request saying that "the plaintiff is not stating a claim under 26 USC 7433 to which such documents might be relevant."

In the absence of proof to show that notice and demand had been sent, Defendants are in violation of the "express language" of 6331(a) and are liable for damages under Section 7433.

3.   The Secretary's Authority

There is no evidence on the record to show that "the Secretary" has authorized the levy in question. There is no evidence that Mr. Daniel Haber, the signer of the notices of levy, has been authorized under Section 7608 to sign such notices.

In Government's Exhibits 101, 102, 103, and 104, Mr. Haber lists his title as a "Revenue Officer." Section 7801(a)(2)(A) states as follows:

> ". . . the term "internal revenue officer" shall, when applied to those provisions [of Title 26], mean any officer of the Bureau of Alcohol, Tobacco, Firearms, and Explosives . . ."

Plaintiff is not in the business of alcohol, tobacco, firearms, or explosives. It is not clear how Mr. Haber, a "revenue officer," has authority over him. Once again, Defendants are acting in violation of the "express language" of the Internal Revenue Code.

4.   Applicability of 6331(a)

If 6331(a) applies to anyone, its language would be meaningless that a levy "may be made upon the accrued salary or wages of any officer, employee, or elected official, of the United States. . ." Plaintiff is not a government worker and is not subject to said provision.

B.   Even if the levy is under 6331(h), Plaintiff is not subject to it

According to 6331(h)(1):

If the Secretary approves a levy under this subsection, the effect of such levy on specified payments . . .. Notwithstanding section 6334 . . .shall attach to up to 15 percent . . .

- 6 -

There is no evidence to show that "the Secretary" has approved any action taken by Defendants or "Revenue Officer" Daniel Haber against Plaintiff.  There is no evidence to verify that Defendants have complied with 26 USC 6203 by recording an assessment of the "taxes" they seek to collect.

According to Section 6331(h)(2):

For the purposes of paragraph (1), the term "specified payment" means—
  (A) any Federal payment <u>other than</u> a payment for which eligibility is based on the income or assets (or both) of a payee,
  (B) any payment described in paragraph (4), (7), (9), or (11) of section 6334 (a), and
  (C) any annuity or pension payment under the Railroad Retirement Act or benefit under the Railroad Unemployment Insurance Act.

According to the SSA.GOV website, Social Security benefits are federal payments "based on earnings averaged over most of a worker's lifetime. . . .We apply a formula to these earnings and arrive at your basic benefit."  Therefore, eligibility for these benefits is based on the earnings of a payee and is not "specified payments" subject to a levy as per 6331(h)(2)(A).

Furthermore, Social Security benefits are not wages or salaries as per section 6334(a)(9). They could possibly be classified as "other income" but they have been excluded from consideration as special payment pursuant to 6331(h)(2)(A).

## IV.  CONCLUSION

Defendants' interpretation can be upheld if it is "rational and consistent with the statute." *NLRB v. United Food & Commercial Workers Union Local 23,* 484 U.S. 112, 123, 108 S.Ct. 413, 421 (1987) In this case, Defendants' interpretation cannot be upheld because it is not rational; it is not consistent with congressional intent, the "express language" of the Code, or 26 CFR §301.6331-1(a)(1).

- 8 -

Defendants have no authority to levy Plaintiff's social security benefits under any provision of Section 6331. Even if the levy is proper under 6331, Defendants had committed numerous violations of 6331(a) or (h) – as Plaintiff has outlined herein and in previous filings. Additional violations were also committed in the levy of Plaintiff's earnings and investments.

It should be noted that Government's Exhibits 101, 102, and 103 state that the levy would not attach to "any" retirement plans "unless it is signed in the block to the right." None of these notices of levy were signed "in the block to the right."

Defendants had also violated Plaintiff's rights under the Fourth Amendment to the U.S. Constitution, which says that the right to due process demands that a search warrant or seizure warrant must be issued by an impartial Magistrate before the federal government is authorized to seize or search property. No hearing or due process took place prior to Defendants' seizure of Plaintiff's assets.

Since Defendants falsely asserted that "Plaintiff has pled no damages recoverable under Section 7433," the attached **Exhibit A-18** describes the damages as submitted to Defendants during discovery.

Throughout this litigation, Plaintiff has presented ample evidence to prove that Defendants have committed collection violations and are liable for damages under any levy provision of the Code they choose to argue.

Respectfully submitted,

  /s/  Elias Aoun_____                                  June 22, 2009
**Elias Aoun, Esq. Bar Number 479315**
**2531 Trellis Green**
**Cary, NC 27518**
**Cell Phone 202-257-7796**

- 9 -

## CERTIFICATE OF SERVICE

I hereby certify that on or about June 22, 2009 a true and correct copy of the foregoing document was served upon the following via the Court's ECF filing Protocol:

    Yonatan Gelblum, Esq.
    Tax Division
    Department of Justice
    P. O. Box 227
    Washington, DC 20044

        __/s/Elias Aoun_____
        ELIAS AOUN