# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| John T. Hines,<br>　　Plaintiff/Counterdefendant,<br><br>v.<br><br>UNITED STATES, et al.<br>　　Defendants/Counterplaintiffs. | CASE NO: 1:08-cv-00914-PLF |

## PLAINTIFF'S EXHIBIT A-18

Since Defendants falsely asserted that "Plaintiff has pled no damages recoverable under Section 7433," the following is a Plaintiff's response to Defendants' discovery question on damages that was sent to Defendants in November 2008.

**DEFENDANTS' INTERROGATORY NO. 7**:  Quantify all items of damage that you claim in this action, including but not limited to your attorney fees, explain the manner in which you computed these amounts, and describe (a) whether you are entirely responsible for the payment of your attorneys fees in this litigation, (b) the rate at which you pay your attorney in this litigation, and (c) to the extent any other party is paying your attorney in that action, identify that party and amount of the fees for which it is responsible.

**Plaintiff's Response:**

The following is an approximate list of damages:

- $256,500 in loss of income to date; calculated based on an average of $13,500 monthly X 19 months. This is due to IRS garnishment, resulting in the fact that the doctors who formerly employed me begun to give negative reports about me.

- $17,940 in loss of Social Security benefits calculated based on $1,100 X 6 months (from October 2006 to March 2007) plus $1,260 X 9 months (from January 2008 until the present).

- Loss of reputation that took thirty years to build. The value of this damage would be evaluated by the Court.

- $950 paid to attorney Elias Aoun as of November 10, 2008.

- $350 court filing cost.

- $455 court cost for filing interlocutory appeal.

- $14,000 due to credit cards debt that Plaintiff has not been able to pay.

- $3,000 for medicines that Plaintiff could not afford. Plaintiff is seventy years old with diabetes, hypertension, and post open heart surgery.

- $9,000 for special services or products that Plaintiff had not been able to buy for his handicapped son due to IRS levies.

- $8,468 taken from the proceeds of the forced sale of Plaintiff's stocks with Mellon.

- $13,700 plus levied from Plaintiff's professional compensation from Osceola Anesthesia Associates.

- $5,646.00 sent by the Osceola Anesthesia Associates to the IRS in January 2008.

- In September 2006, In the Chancery Court of Tennessee Eleventh Judicial District at Chattanooga (Hines v. Hines, Case No. 03-0525), the Court ordered the diversion of $50,000 of Plaintiff's property value to the IRS. In addition, Plaintiff was ordered to pay about $9,950 toward his ex-wife's attorney fees – which he did not pay yet for lack of money. One reason behind Plaintiff's contention with his wife leading to divorce was IRS-related issues.

- 3 -

- Plus reasonable interest.

- Attorney fees are computed at $500 per hour, and multiplied by the total amount of hours spent on this case, to be charged to the government at the conclusion of the case.

7(a) -- Plaintiff has paid $950 so far toward attorney fees. Plaintiff expects his attorney to be compensated for his time from the government at the conclusion of the case.

7(b) -- Plaintiff has paid his attorney whatever he could afford at different dates. So far, Plaintiff had paid $950 in total attorney fees since the inception of this case. In addition, Plaintiff had paid the $350 filing cost plus the $455 court cost to appeal the injunctive relief.

7(c) -- No other party is paying Plaintiff's attorney in this action. Plaintiff's attorney fees will be charged to the government at the conclusion of the case.