UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
JOHN T. HINES,                                      )
                                                    )
        Plaintiff/Counterdefendant,                 )
                                                    )
        v.                                          )        Civil Action No. 08-0914 (PLF)
                                                    )
UNITED STATES, et al.,                              )
                                                    )
        Defendants/Counterplaintiffs.               )
_____)

OPINION

        Plaintiff filed suit against defendants on the ground that levies attached by the

Internal Revenue Service to his retirement benefits and other property were unlawful.  The

United States has since counterclaimed against plaintiff to reduce plaintiff's allegedly unpaid

taxes to a judgment and for a penalty against plaintiff for advancing what it contends is frivolous

litigation.  This matter is now before the Court on defendants' motion for summary judgment,

plaintiff's motion to dismiss defendants' counterclaim, plaintiff's motion to strike the United

States' affirmative defenses, and plaintiff's crossclaim.  After careful consideration of the

parties' papers, the attached exhibits, and the relevant statutes, regulations and case law, the

Court will grant defendants' motion for summary judgment and deny plaintiff's motion to

dismiss as to all issues, except that it will not award a penalty against plaintiff.[1]

_____

        [1]        The Court has before it the following papers: the Complaint ("Compl.");
Defendants' Amended Answer and Counterclaim; Plaintiff's Motion to Dismiss Defendants'
Counterclaim; Plaintiff's Motion to Strike Defendants' Affirmative Defenses ("Mot. to Strike");
Plaintiff's Crossclaim; Defendants' Motion for Summary Judgment and Opposition to Plaintiff's
Motions to Strike and Dismiss ("Mot."); Plaintiff's Memorandum in Opposition to Defendants'
Motion for Summary Judgment ("Opp."); Defendants' Memorandum in Reply to Plaintiff's

I.  BACKGROUND

Plaintiff John T. Hines is a resident of St. Cloud, Florida.  <u>See</u> Compl. at 1.
Plaintiff last filed a federal tax return in September 2000.  <u>See</u> Mot., Statement of Material Facts
in Support of the United States' Motion for Summary Judgment ("Def. Facts") ¶ 14.  The IRS
assessed taxes, interest and penalties against plaintiff for tax years 1996, 1997, 1998, 1999, 2000,
2001, and 2003.  <u>See</u> <u>id</u>. ¶ 1.  The IRS possesses transcripts which show that notices of intent to
levy (in order to collect the assessed taxes, interest and penalties) and right to a due process
hearing were issued and sent to plaintiff on at least three occasions: August 23, 2004, December
26, 2005, and February 20, 2006.  <u>See</u> <u>id</u>. ¶ 2.  Beginning in October of 2006 the IRS attached
levies to plaintiff's retirement benefits from the Social Security Administration.  <u>See</u> <u>id</u>. ¶ 3.  On
March 19, 2007, the IRS also issued levies to Osceola Anesthesia Associates and to Mellon
Investments for plaintiff's alleged tax liabilities.  <u>See</u> Def. Facts ¶ 6.

On May 29, 2008, plaintiff filed suit in this Court, seeking damages for these
alleged illegal levies and seeking to enjoin future levies.  On July 24, 2008, plaintiff moved for a
preliminary injunction.  After oral argument, the Court denied plaintiff's motion. The United
States answered and counterclaimed to reduce plaintiff's allegedly unpaid taxes to a judgment
and to impose a penalty on plaintiff.  Plaintiff has moved to dismiss the counterclaim, made a
filing styled as a "crossclaim" in response to the counterclaim, and moved to strike the United
States' affirmative defenses.  The matter is now before the Court on the United States' motion
for summary judgment in its favor on all outstanding issues as well as on plaintiff's multiple
motions.

---

Opposition; the United States' Supplemental Brief; and Plaintiff's Supplemental Brief.

## II. STANDARD OF REVIEW

Summary judgment may be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits [or declarations] show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006). "A fact is 'material' if a dispute over it might affect the outcome of a suit under the governing law; factual disputes that are 'irrelevant or unnecessary' do not affect the summary judgment determination." Holcomb v. Powell, 433 F.3d at 895 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. at 248).

An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Scott v. Harris, 550 U.S. 372, 380 (2007); Anderson v. Liberty Lobby, Inc., 477 U.S. at 248; Holcomb v. Powell, 433 F.3d at 895. When a motion for summary judgment is under consideration, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. at 255; see also Mastro v. Potomac Electric Power Co., 447 F.3d 843, 849-50 (D.C. Cir. 2006); Aka v. Washington Hospital Center, 156 F.3d 1284, 1288 (D.C. Cir. 1998) (en banc); Washington Post Co. v. U.S. Dep't of Health and Human Services, 865 F.2d 320, 325 (D.C. Cir. 1989). On a motion for summary judgment, the Court must "eschew making credibility determinations or weighing the evidence." Czekalski v. Peters, 475 F.3d 360, 363 (D.C. Cir. 2007).

The nonmoving party's opposition, however, must consist of more than mere unsupported allegations or denials and must be supported by affidavits, declarations or other

competent evidence, setting forth specific facts showing that there is a genuine issue for trial. FED. R. CIV. P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  He is required to provide evidence that would permit a reasonable jury to find in his favor.  Laningham v. United States Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987).  If the nonmovant's evidence is "merely colorable" or "not significantly probative," summary judgment may be granted.  Anderson v. Liberty Lobby, Inc., 477 U.S. at 249-50; see Scott v. Harris, 550 U.S. at 380 ("[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is 'no genuine issue for trial.'") (quoting Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).  To defeat a motion for summary judgment, a plaintiff must have more than "a scintilla of evidence to support his claims."  Freedman v. MCI Telecommunications Corp., 255 F.3d 840, 845 (D.C. Cir. 2001).

## III.  DISCUSSION

Section 7433 of Title 26 of the United States Code provides taxpayers a remedy, civil damages, for unauthorized tax collection actions.  Relying on this statute, plaintiff challenges both the procedures used to institute the levies — namely, that he allegedly did not receive notice as required by statute — and the amount levied from his Social Security retirement benefits.

Plaintiff has expressly styled his claim as one for civil damages from unauthorized collection activities.  See Compl. ¶¶ 1, 32.  According to plaintiff, it is not a claim for a refund under 26 U.S.C. § 7422.  See Mot. to Strike at 3.  Plaintiff maintains this position despite seeking a return of the funds levied.  One of his motivations for doing so may be that it appears that he

has not exhausted the administrative remedy requirement of 26 U.S.C. § 7422, which requires among other things, a payment of the amount owed.  See Mot. at 4; see also Kim v. United States, 461 F. Supp. 2d 34, 38 (D.D.C. 2006).  The United States urges the Court to treat this action as one brought under Section 7422 based on plaintiff's request for a return of the amounts levied in his demand for damages.  Section 7433 is at least relevant to plaintiff's claim, however, because he seeks damages in addition to a return of the levied funds.  See Compl. at 8-9.  The Court determines that plaintiff's claim under Section 7433 is without merit, because the IRS did follow appropriate procedures and because the levy was lawful.  The Court therefore need not resolve the question of whether the damages sought by plaintiff would even be available under Section 7433, or whether he was required to bring suit under Section 7422.

### A.  The IRS Complied with Notice Requirements

The United States moves for summary judgment on plaintiff's claim that the IRS did not properly issue notice as required by 26 U.S.C. § 6330(a) before attaching the levies.  Levies may not be made on any "property or right to property" unless the "Secretary has notified such person in writing of their right to a hearing."  26 U.S.C. § 6330(a).  Notice may be given in person, left at the dwelling or usual place of business of such person, or sent by certified or registered mail, return receipt requested, to such person's last known address, not less than 30 days before the day of the first levy.  See id.  So long as one of these methods is employed by the IRS, *actual receipt* by the intended recipient is not a requirement for the IRS to have complied with the notice regulations.  See 26 C.F.R. § 301.6330-1(a)(3)(A-A9); see also Sebastian v.

Comm'r Internal of Revenue, 2007 WL 1723725 at *3 (T.C. May 31, 2007); Smith v. Rossotte, 250 F. Supp. 2d 1266, 1270 (D. Or. 2003).

      For proof that the IRS issued notice properly, the United States has attached IRS transcripts of account which show that notices were issued on August 23, 2004, December 26, 2005, and February 20, 2006 for plaintiff's various tax liabilities.  See Def. Facts ¶ 2; see also Mot., Exs. 105-111.  Daniel Haber, the Revenue Officer assigned to collect plaintiff's unpaid tax liabilities, explained in his declaration that "[i]t is the regular practice of the Internal Revenue Service to make the entries displayed in literal transcripts, and such entries are normally made at or near the time of the events they described, by or from information transmitted by, a person with knowledge of the events described."  See Mot., Declaration of Daniel Haber ("Haber Decl.") ¶ 8b.  The United States argues that IRS transcripts deserve a presumption of regularity and that the Court should consider them *prima facie* evidence that the IRS sent notices to plaintiff's last known address.  See Mot. at 5-6.  In response, plaintiff offers only his own affidavit swearing that he did not receive the required notices and speculation that the transcripts might contain errors or might not reflect that notice was improperly mailed.  See Reply to the United States' Opposition to Plaintiff's Motion for a Preliminary Injunction, Affidavit of John T. Hines ¶ 3.

      The presumption of regularity "supports the official acts of public officers and, in the absence of clear evidence to the contrary, courts presume that they have discharged their official duties."  American Federation of Government Employees v. Reagan, 870 F.2d 723, 727 (D.C. Cir. 1989) (citing United States v. Chemical Found., 272 U.S. 1, 14-15 (1926)); see also PNC Fin. Servs. Group v. Comm'r, 503 F.3d 119, 123 (D.C. Cir. 2007) (receipts showing that a

tax had been paid "were entitled to the common law's 'presumption of regularity' for 'the official

acts of public officers'") (citations omitted); <u>International Long Term Care, Inc. v. Shalala</u>, 947

F. Supp. 15, 21 (D.D.C. 1996) ("The administrative process is entitled to a presumption of

regularity [absent] persuasive evidence that [plaintiff] is not being treated fairly by the State or

federal government."). The United States Tax Court regularly presumes the regularity of IRS

documents and official actions of the IRS. <u>See</u>, <u>e.g.</u>, <u>Roberts v. Comm'r</u>, 2004 WL 759262 at *5

(T.C. Apr. 9, 2004); <u>Mecom v. Comm'r</u>, 101 T.C. 374, 388-89 (T.C. 1993); <u>Lillis v. Comm'r</u>,

1983 WL 14124 at *4 (T.C. Mar. 17, 1983). Plaintiff has provided the Court with no evidentiary

basis, other than his own self-serving statement that he did not receive the notices, to conclude

that the IRS did not properly mail the notices as indicated on the transcripts. Without more, this

is insufficient to create genuine issues of material fact and to defeat summary judgment. <u>See</u>

<u>Smith v. Rossotte</u>, 250 F. Supp. 2d at 1270 (proof of mailing notice adequate for summary

judgment despite plaintiff's statement she did not receive notice).

      Plaintiff also argues that even if the IRS mailed the notices, it did not mail them to

his "last known address," as required by statute. <u>See</u> 26 U.S.C. § 6330(a). The transcripts

provided by the IRS do not show the address to which the notices were mailed. The relevant

regulation states:

> [A] taxpayer's last known address is the address that appears on
> the taxpayer's most recently filed and properly processed Federal
> tax return, unless the Internal Revenue Service (IRS) is given clear
> and concise notification of a different address. . . . [In addition]
> [t]he IRS will update taxpayer addresses maintained in IRS records
> by referring to data accumulated and maintained in the United
> States Postal Service (USPS) National Change of Address
> ["NCOA"] database. . . . The new address in the NCOA database
> is the taxpayer's last known address.

7

26 C.F.R. § 301.6212-2.

Plaintiff raises various challenges to whether the IRS sent the notice letters to the appropriate address.  He does not, however, provide any evidence of what should have been considered his "last known address" within the meaning of the regulations.  Plaintiff does not provide the Court with either tax returns he filed prior to the attachment of the levies or with any documentation showing that he provided the IRS with a notice of change of address.  Plaintiff's opposition brief states that it was his practice to regularly update his address on the USPS NCOA database, see Opp. at 9, but he does not make this statement in a sworn affidavit or declaration, nor does he provide other competent evidence.  Plaintiff also makes much of the fact that the IRS mailed certain notices of levy to a California address and states that he has not lived at that address for many years.  See id.  But again, the statement that he moved away from California years ago is in his opposition brief and is not sworn.  Nor is there any evidence that plaintiff provided the IRS with documentation that he moved from that address.  Plaintiff has not provided even a "*scintilla of evidence*" to defeat the presumption that the IRS acted properly under the statute by complying with the requirement to mail the notices to his last known address.  Freedman v. MCI Telecommunications Corp., 255 F.3d at 845 (emphasis added).  Without some evidence, he cannot defeat summary judgment on this ground.  See Bullard v. United States, 486 F. Supp. 2d 512, 517 (D. Md. 2007) ("Although the mailing of notice to the taxpayer's last known address may not always provide actual notice to the taxpayer, this allowance for constructive notice protects the IRS from the overwhelming administrative burden of ascertaining each taxpayer's exact address at any given time.") (quoting Tadros v. Comm'r, 763 F.2d 89, 91 (2d. Cir. 1985)).

### B. The Amount of the Levy was Lawful

Plaintiff argues that the levy on his social security retirement benefits was illegal because it violated the fifteen percent cap on "continuous" levies imposed by 26 U.S.C. § 6331(h).  The United States responds that the levy was not a continuous levy and therefore was not subject to the fifteen percent cap.

Section 6331(a) of Title 26 of the United States Code provides that "[i]f any person liable to pay any tax neglects or refuses to pay the same" the IRS has authority to "collect such tax . . . by levy upon all property and rights to property . . . belonging to such person."  26 U.S.C. § 6331(a).  The Internal Revenue Code provides that with the exception of certain limited classes of property (not at issue here) the IRS can levy one hundred percent of an individual taxpayer's income for the year in excess of the standard deduction and personal exemptions.  See 26 U.S.C. § 6334(a)(9), (d).  Most levies are limited, however, in that they may only attach to "property possessed and *obligations existing at the time thereof*."  26 U.S.C. § 6331(b) (emphasis added).

Both Section 6331(e) and the later enacted Section 6331(h) provide a means for the IRS to levy property and obligations to the taxpayer which are not yet in existence at the time of attachment.  See 26 U.S.C. 6331(e) ("The effect of a levy on salary or wages payable to or received by a taxpayer shall be continuous from the date such levy is first made . . .") and (h) ("the effect of such levy on specified payments to or received by a taxpayer shall be continuous from the date such levy is first made . . . ").  Unlike levies under Section 6331(a), such "continuing" levies attach to new property rights as they arise but are limited to fifteen percent of any specified payment.  A "specified payment" is defined, *inter alia*, as "any Federal payment

9

other than a payment for which eligibility is based on the income or assets (or both) of a payee,"

as well as unemployment benefits, worker's compensation, and certain public assistance

payments.  See 26 U.S.C. § 6331(h)(2) (referencing 26 U.S.C. §6334(a)).  As the United States

Tax Court explained:

> Generally, a levy extends only to property possessed and
> obligations existing at the time levy is made.  Sec. 6331(b).  As an
> exception to this general rule, section 6331(e) provides for a
> continuing levy on "salary or wages."  The continuing levy attaches
> to salary or wages earned but not yet paid at the time of levy,
> advances on salary or wages made after the date of levy, and salary
> or wages earned and becoming payable after the date of levy. . . .
> Sec. 6331(h) also provides for a continuing levy that attaches up to
> 15 percent of any "specified payment" due to the taxpayer.

 See Meehan v. Comm'r, 122 T.C. 396, 400-01 & n.11 (T.C. 2004).

Section 6331(h) — and its definition of "specified payment" — was enacted to

permit levies both on wages and "wage replacements" such as pensions and annuities, but to

limit the amount that could be levied from any pension, annuity, or similar single payment to

fifteen percent of the payment.  As one court explained it, "[b]efore section 6331(h) took effect,

unemployment benefits, workmen's compensation, and certain public assistance payments were

also exempt from levy.  Section 6331(h) changed the law to permit continuous levies on such

payments and to allow a continuous levy on up to 15 percent of the minimum exemption for

wages, salary, and other income."  United States v. Marsh, 89 F. Supp. 2d 1171, 1179 (D. Haw.

2000).  Section 6331(h) "expand[ed] the right of the IRS to levy amounts previously exempt

from levy," see id.; it did not limit the IRS's existing rights to attach levies.

The United States argues that because the IRS levied plaintiff's Social Security

benefit payments, to which plaintiff had *an existing right* at the time the levy attached, the levy

was appropriate under Section 6331(a), irrespective of the limitations of Section 6331(h).

Plaintiff's right to receive periodic payments for his Social Security retirement benefits was a

vested interest.  See 42 U.S.C. § 402(a); Schmiedigen v. Celebrezze, 245 F. Supp. 825, 827

(D.D.C. 1965).  The amount of benefits are calculable — they are based on earnings averaged

over plaintiff's lifetime and determinable based upon a complex formula.  See 42 U.S.C. §§ 402

et seq.  The Social Security Administration's ongoing payment of a specific amount of retirement

benefits to plaintiff every month therefore was an "obligation[] existing at the time" the levies

attached under 26 U.S.C. § 6331(b).  The levy appropriately could have been issued under

Section 6331(a), and therefore was not limited by the fifteen percent cap.  See Beam v. United

States, Civil Action No. 07-6035, 2007 U.S. Dist. LEXIS 42903 at *3 (D. Or. June 6, 2007)

("Social Security retirement benefits are not exempt from levy or subject to the limitations on

continuous levy for specified payments."); see also Duran v. IRS, Civil Action No. 09-345, 2009

WL 700518 at *3-4 (E.D. Ca. Mar. 16, 2009); United States v. Marsh, 89 F. Supp. 2d at 1179.

      As the United States points out, the permissive language of the statute gives the

Secretary discretion to approve levies under Section 6331(h) rather than under Section 6331(a),

but Section 6331(h) does not *require* the Secretary to attach a continuous levy even where the

type of property might be eligible for one.  There is no evidence that the levies imposed on

plaintiff's social security retirement benefits were issued under Section 6331(h) rather than under

Section 6331(a), and no construction of the statutes that requires that they have been.  The United

States has shown that the levies were not continuous levies, because the Social Security

Administration was already obligated to make the periodic payments and because the levy

notices mirrored the language of subsection (a), stating that "[t]his levy requires you to turn over

11

to us this person's property and rights to property (such as money, credits, and bank deposits) that *you have or which you are already obligated to pay* this person." See, e.g., Mot., Ex. 101 (emphasis added).  The levies were not unlawful.

### C.  The United States' Counterclaims

The United States moves for summary judgment on its counterclaim against plaintiff for a penalty under 26 U.S.C. § 6673 for taking frivolous positions in Section 7433 litigation.  Plaintiff has moved to dismiss the counterclaim.  Section 6673(b)(1) provides that "[w]henever it appears to the court that the taxpayer's position in the proceedings before the court instituted or maintained by such taxpayer under section 7433 is frivolous or groundless, the court may require the taxpayer to pay to the United States a penalty not in excess of $10,000." Plaintiff has made a number of frivolous arguments in his filings — for example, that he is not liable for assessments because he is a "nontaxpayer."  See Opp. at 23.  Plaintiff's complaint was not frivolous, however, nor were some of the legal arguments that his counsel mustered in its support.  The questions of whether the IRS gave proper notice before attaching the levies and whether the amount levied was lawful were areas of reasonable dispute between the parties. Unlike a recent decision by Judge Huvelle to award a penalty against a tax protester for advancing frivolous litigation, plaintiff's complaint was not "a boilerplate pleading filed without concern for the law, the facts, or the redundant expenditure of judicial resources."  See Scott v. United States, Civil Action No. 07-1259, 2009 U.S. Dist. LEXIS 43896 at *2 (D.D.C. May 20, 2009).  The Court will deny the United States' motion for summary judgment for a penalty and will dismiss Count One of the counterclaim.

The United States also moves for summary judgment on Count Two of its counterclaim, which seeks a judgment against plaintiff for his assessed tax liabilities.  Plaintiff moves to dismiss Count Two on the grounds that it is untimely and that it is unsupported by evidence.  The counterclaim was timely filed.  See 26 U.S.C. § 6502(a) (an assessed tax liability "may be collected by . . . a proceeding in court . . . [if] the proceeding [is] begun . . . within 10 years after the assessment of the tax.").  Moreover, even though Rule 12 of the Federal Rules of Civil Procedure does not require that claims or counterclaims be supported by evidence upon their filing, the United States has since submitted evidence in support of its counterclaim.

The United States submitted evidence showing that the unpaid balances on plaintiff's assessed taxes for the tax years 2000, 2001, and 2003, including accrued interest and penalties, were $233,361.69, $6,577.44, and $25,912.49, respectively.  See Haber Decl. ¶ 9 (describing tax assessments).  The IRS's tax assessments are presumptively correct.  United States v. D'Italia, 536 U.S. 238, 242 (2002) ("It is well established in the tax law that an assessment is entitled to a legal presumption of correctness — a presumption that can help the Government prove its case against a taxpayer in court."); see also Buaiz v. United States, 521 F. Supp. 2d 93, 96 (D.D.C. 2007).   Plaintiff disagrees with the presumption, but his disagreement cannot overcome Supreme Court precedent.  He has not submitted any evidence that the tax assessments are inaccurate, other than his own speculation.  He has not overcome the presumption that the United States' tax assessments are accurate.  See Buaiz v. United States, 521 F. Supp. 2d at 97.  The tax assessments provide sufficient evidence to award summary judgment in favor of the United States, and absent any genuine issues of material fact, the Court

will do so.  See id.  Judgment for the United States and against plaintiff will be entered in the amount of $265,851.60.

## D.  Remaining Issues

Plaintiff moves to strike the United States' affirmative defenses as insufficient, impertinent, immaterial, false and inconsistent.  See Mot. to Strike at 1.  The Court did not rely on any of the United States' affirmative defenses challenged by plaintiff in reaching the decisions in this Opinion.  Accordingly, it will deny the motion as moot.

Plaintiff also filed a crossclaim against defendants as well as against the Department of Justice.  Doing so was procedurally improper — in order to add allegations or defendants, the plaintiff had to file a motion to amend his complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure.  Furthermore, a crossclaim is appropriate where one party intends to assert claims against a co-party, not against opposing parties.  See FED. R. CIV. P. 13(g).  Finally, even if the plaintiff had complied with the Federal Rules of Civil Procedure, the claims raised in his crossclaim would not succeed.  He asserts violations of 26 U.S.C. § 7214, and, as Judge Huvelle explained in dismissing similar claims under Section 7214, "'Congress has not waived sovereign immunity with respect to claims for damages under § 7214' and '[a]bsent a waiver of sovereign immunity, a claim must be dismissed for lack of subject matter jurisdiction.'"  Eliason v. United States, 551 F. Supp. 2d 63, 64 n.1 (D.D.C. 2008) (quoting Wesselman v. United States, 501 F. Supp. 2d 98, 100 (D.D.C. 2007)).  Plaintiff's crossclaim will be dismissed.

An Order consistent with this Opinion will issue this same day.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  September 30, 2009