# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| John T. Hines, | ) | |
| | ) | |
| Plaintiff/Counterdefendant, | ) | |
| | ) | |
| v. | ) | CASE NO: 1:08-cv-00914-PLF |
| | ) | |
| UNITED STATES, et al. | ) | |
| | ) | |
| Defendants/Counterplaintiffs. | ) | |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS NOTICE OF OBJECTIONS

There were many questions raised in this lawsuit. Some were answered, while others were not. Those that were answered in the Court's opinion of September 30, 2009, were not properly answered. Those that were not answered did certainly contain valid arguments which the Court did not consider --- obviously for the purpose of ruling to the benefit of the Internal Revenue Service.

## I.      THE MOUNTAIN OF EVIDENCE

When a motion for summary judgment is under consideration, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [his] favor."[1]  In its order of September 30, the Court did not believe Plaintiff's arguments. It evaluated very few of

---

[1] *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 255, 106 S.Ct. 2505; *see also Mastro v. Potomac Elec. Power Co.,* 447 F.3d 843, 849-50 (D.C.Cir.2006); *Aka v. Washington Hosp. Center,* 156 F.3d 1284, 1288 (D.C.Cir.1998) (en banc); *Washington Post Co. v. United States Dep't of Health and Human Servs.,* 865 F.2d 320, 325 (D.C.Cir.1989); *Mulhern v. Gates,* 525 F.Supp.2d 174, 180 (D.D.C. 2007).

1

them, treated some as self-serving, and ignored the rest.

To defeat a motion for summary judgment, a plaintiff must have more than "a scintilla of evidence to support his claims." Plaintiff presented a mountain of evidence. But in this case, the Court's definition of "scintilla" apparently means "larger than a mountain."

## A.   ASSESSMENT OF "TAX LIABILITY"

When the court claims that plaintiff owes $265,851.60 for unpaid tax, the Court did not explain the taxable activity which Plaintiff was involved in that justified the tax. The Court did not specify the statutory provision that imposed the tax. The Court did not have a single information return on record that shows the source of the tax. There is not a single document signed by an IRS assessment officer on the record.

What is the basis under which the Court justified itself to impose such liability? What is the Supervisor's name that reviewed and approved the assessment per 26 USC § 6751(b) (1)?

It could have been possible that private-sector, non-federal payers mistakenly used Forms W-2 or 1099s to report nontaxable personal payments. These erroneously characterized amounts were listed as "wages" known as "non-employee compensations" per IRC § 3401(a), 3121(a). Plaintiff is a private-sector, non-federal worker. He did not engage in any privileged "service which constitutes employment" (IRC § 3121(b), 3122, 3401(a)), nor was he paid any "wages" or "compensation for service" (IRC § 3401(a), 3121(a); § 61(a); 42 Stat. 1488).

Plaintiff's payers for the years in question did not perform the functions of a public office (IRC § 7701(a) (26)). To the best of Plaintiff's knowledge, they are not a federal agency, department, or instrumentality, nor a 'United States Corporation' (53 Stat. 574, § 207). The payers are under the mistaken belief that they are obligated to report "all" earnings whether or not

2

liable.

The IRS should have automatically identified "Bad Payer Data" during examination. According to the IRM 4.2.2.4.2 (Identification of Bad Payer Data) Bad payer data is defined as any situation where the payer <u>made an error on the information return of a type that could occur on other information returns.</u> It even shows an example of such an error under (4.2.2.4.) #4. E as "*Nontaxable income reported as taxable…*"

Since the IRS did not correct his bad payer data, Plaintiff made the corrections himself.  In his affidavit filed with the Court on November 19, 2008, Plaintiff clearly stated: I have filed the 1040 tax returns as a legal rebuttals to the erroneous claims by the IRS. I have never received any "wages" as that term is defined by the Internal Revenue Code.

The Court claims that Plaintiff "has not submitted any evidence that the tax assessments are inaccurate." That is not true.  Plaintiff submitted his tax returns with zero tax liability, along with an affidavit -- to which the Court had no response.

If there was another way that Plaintiff should have used to make the corrections, and from causing the IRS to believe that he earned "qualified taxable wages," he was not told by the IRS -- although he mentioned to them that if there is an error to correct it or to tell him how to correct it himself.  As usual, no honest service was provided by the IRS which only makes generic accusations of "frivolous" while never explaining the specific issue involved.

"The presumption of correctness" was rebutted, and the Court ignored the rebuttal and continued to argue as if no rebuttal was made.   The IRS officer Daniel Haber declaration is of no value because he is not an assessment officer and cannot validly testify to any assessment.

3

**When the Court refuses to take into consideration facts which are material and relevant to the case, and then accuses Plaintiff of not providing facts -- these same facts that the Court has in its possession and ignores -- then the Court can be fairly accused in the obstruction of justice and the concealment of material facts and evidence to justify its unjust ruling.**

**Can the Court over-ride material facts in a summary judgment motion by simply ignoring them?  If so, can the Court cite the legal authority which gives it the right to do so?**

**Can the Court over-ride Plaintiff's testimony signed under penalties of perjury by simply ignoring it?  Can the IRS over-ride Plaintiff's testimony signed under penalties of perjury by just disagreeing?** If so, will the Court and Defendant show Plaintiff where in the Treasury regulations they have this right to do so?

Tax Liability must be established. Tax liability is a condition precedent to the demand. Merely demanding payment, even repeatedly, does not cause liability.  The alleged tax liability has not been properly established in this case, by either the Court or the IRS.

### B.   *The Court Abused its Discretion on the Burden of Proof Standard*

The assessment authority determines the amount of tax, not the amount being taxed – unless the IRS has first-hand knowledge.  In that case, the burden of proof lies with the IRS as per 6201(d).

Plaintiff rebutted IRS assessments with filings and affidavit under the penalty of perjury. The burden of proof now shifts to the IRS, not Plaintiff.

When Plaintiff filed his complaint and preliminary injunction, the Judge said that the

4

burden of proof is on the Plaintiff.  When Defendant filed the Counterclaim, the Judge ruled that the Plaintiff did not provide evidence.

The Counter-Plaintiff IRS makes whatever claims it wants, and the Judge would never challenge a single piece of its "evidence."     Anything the IRS says is a fact, without any question.  Anything Plaintiff says is not a fact -- better yet, the Court would claim that Plaintiff said nothing (I.e., did not present any evidence).  It seems that under the Court's ethical standards, the non-government party has always the burden of proof regardless if it is the Plaintiff or the counter-defendant.

In all their filings, Defendants did not provide reasonable and probative information to prove the source of the alleged amounts on which their assessments for years 2000, 2001, and 2003 were based.  There was not a single document presented that was hand-signed by an assessment officer.

The "Certificate of Official Record" provided by the IRS (such as in Exhibits 106, 109, 110, etc.) do not qualify as a verified assessment.  They were signed by a "technician."  These transcripts do not testify to the validity of the taxes listed.   They reflect RACS-006 aggregate summary, not individually valid assessments.  They certify that they are a copy of the record, but do not certify to the accuracy of the record.  There is no certification to the lawfulness of the "taxes specified" or to the accuracy or validity of the "records of this [IRS] office." There was no statement by individuals who had a first-hand knowledge of entering the information into the record.

Assessed Taxes must be in compliance with Treasury Regulation § 301-6203-1 that clearly specifies "*the date of the assessment is the date the summary record is signed by an*

5

*assessment officer."*  The requested certificate verifies the date a summary record was created.

Per Treasury Regulation § 601.102 Classification of Taxes collected by the IRS are (1) Taxes collected by assessment (2) Taxes collected by means of revenue stamps. The assessment referred to is SELF-assessment because all other additional assessments must be made under strict liability of correctness. Type of Assessed Taxes per treasury regulations § 601. 102 lists the classification of taxes collected by the IRS are  income and profits taxes; estate taxes; gift taxes; public charities, private foundations, qualified pensions; qualified investment entities, and employment taxes and miscellaneous excise taxes collected by return.

If the above list completes the types of taxes being collected, and if the assessment if SELF-assessment, could the Court or the IRS clarify which class of tax they have determined that Plaintiff is liable for, and how they reached that determination?

C.        *"Taxpayer" v. "Nontaxpayer"*

"They [**the revenue laws**] **relate to taxpayers**, and not to non-taxpayers**.**  The latter are without their scope.  **No procedure is prescribed for non-taxpayers, and no attempt is made to annul any of their rights and remedies in due course of law**."  *Economy Plumbing and Heating v. United States*, 470 F.2d 585, 589 (1972).  [Emphasis added]

The U.S. Supreme Court acknowledged that "no procedure is prescribed for non-taxpayers."  What authority does this Court have to over-rule the Supreme Court and to claim that it is a frivolous argument for Plaintiff to say that he is not liable for the assessments because he is a "non-taxpayer"?

Internal Revenue Code, Section 7701(a)(14):  "The term 'taxpayer' means any person subject to any internal revenue tax."   Plaintiff is not subject to the tax.  He proved so in his

filings.   This Court has not provided any argument to defeat Plaintiff's assertions.   What authority this Court has to condemn a person to liability without evaluating his assertions to the contrary?

Both state Constitutions and the U.S. Constitution contain language that acknowledges the People secured certain "inherent and unalienable rights."   One of theses rights is the right to the fruits of one's own labor.

> "The right to follow any of the common occupations of life is an inalienable right. . . ." *Butcher's Union v. Crescent*, 111 U.S. 746, 762 (1884).   ". . . the property which every man has in his own labor, as it is the original foundation of all other property, so it is the most sacred and inviolable." *Id* at 757.

> "Included in the right of personal liberty and the right of private property—partaking of the nature of each—is the right to make contracts for the acquisition of property.   Chief among such contracts is that of personal employment, by which labor and other services are exchanged for money or other forms of property." *Coppage v. State of Kansas*, 236 U.S. 1, 14 (1915).

Can this Court explain to Plaintiff how it has determined that the IRS has jurisdiction over his common labor?

### D.    The Debt is not Validated

Plaintiff did not owe a federal-indirect-excise-privileged-income tax for the years in question.   Plaintiff stated that if he is mistaken, and if Defendants' attorneys are convinced that Plaintiff is a "taxpayer" and his compensations for the years in question are taxable, then they need to present a sworn declaration, invoking the penalties of perjury against the signer, stating that to be the case.   Plaintiff did submit filings and affidavit under the penalty of perjury and they can only be rebutted by statements sworn in the same manner.   No such statements or declarations were introduced by the IRS.

7

Defendant did not validate and verify the debt in accordance with the Fair Debt Collection Practices Act Title 15 USC, § 1692 and numerous sections of the Uniform Commercial Code.  Therefore, the obligation has been extinguished.  Defendant's claim is void. The Court ruling granting an unverified claim is void and must be vacated.  What valid properly certified and sworn document the Court has to prove that the debt is valid?

The Court is required to provide Plaintiff with a record of ALL communications, written or oral, made by the Judge or anyone in the Courtroom with the Department of Justice, the IRS, or any other party related in one form or another to this case or affecting the outcome of this case.

If the Court refuses to respond to all these questions and requests presented herein, then the Court is willfully violating Plaintiff's right to intangible honest service. The Court would be a party to fraud and the conspiracy to deprive Plaintiff of rights and property.

The Court's conduct in this case makes a mockery of the Cannons of the Code of Judicial Conduct. But whom do you complaint to when the thief and the policeman are one and the same?

## II..    THE IRS DID NOT COMPLY WITH NOTICE REQUIREMENTS

If the IRS is obligated to send a notice, the Court ignores whether or not they send it.  If they send it, the recipient does not have to receive it.  If the recipient does not receive it, it is the recipient's "burden" to prove that he did not receive it.  This is the Court's logic.

### A.    Notice and Demand

Section 6331(a) states as follows: "If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax . . ."  There is no proof on the record that the IRS sent Plaintiff a Notice and Demand letter to ANY address.  Plaintiff raised this issue before the Court, such as in the

8

supplemental brief, and the Court ignored it.  Of course, that is not important for the Court to waste its time on it.  How silly of Plaintiff to think that a material fact, such as a "notice and demand," is relevant.

When the Court claims that the IRS complied with Notice requirements, the Court is willfully lying.  Not even the IRS claimed that it complied with the notice and demand requirement.  What is the evidence upon which the Court made such a conclusion?  There is none.  What is the basis upon which the judge testifies to a material fact of which he has no proof on the record?

B.      *Due Process/Levy Notice*

The language of 26 USC 6330 makes it clear that NO LEVY may be made until a person is notified in writing.  The method of such a notification is described in 26 USC § 6330(a)(2).

The Court said that "actual receipt by the intended recipient is not a requirement for the IRS to have complied with the notice regulations."  The Court ignored Plaintiff's argument that the correct language in 26 CFR 301.6330-1 [Q-A9 and A-A9] is that the notice must have been "properly sent" to be considered sufficient and to make actual receipt no longer a prerequisite for validity. Compliance is not in merely sending the notice, but to send it "by certified or registered mail, return receipt requested, to such person's last known address." 26 USC  § 6330(a)(2)(c)

If certified mailing did not take place, how can Plaintiff prove that it did not take place? There is no USPS certification that a certain mailing was not certified. The IRS never said that certified mailing took place.  The Court is willfully ignoring pertinent facts to justify its ruling.

C.      *Defining "Last known address"*

The Court claimed that there are no evidence "that Plaintiff provided the IRS with documentation that he moved from that address."  Plaintiff NEVER lived at "that address" in California listed in Defendants' Exhibit 101 and 102 that the Court was referring to.  Plaintiff has not been to California in over THIRTY YEARS. Even if Plaintiff lived at that address, does anyone keep copies of change of address forms at all, or for over thirty years?

The Court also claimed that Plaintiff did not "provide any evidence of what should have been considered his 'last known address.'"  Firstly, Plaintiff provided a list of his addresses to Defendant during discovery.  Secondly, it does not make a difference to provide the actual address to the Court when the Court ignored the fact that the IRS knew of Plaintiff's correct address at the time of most of the levy -- and Plaintiff provided evidence to that fact which the Court ignored. Thirdly, regardless of what the address was, the IRS never mailed the notice properly "by certified or registered mail."

The Court claims that Plaintiff has not made certain statements in an affidavit.  Whether in an affidavit or not, Defendant did not rebut Plaintiff's allegations to the lack of certified mailing. Also, Plaintiff made other statements in an affidavit which the Court totally ignored.

The Court also ignored that the Social Security Administration (SSA) had Plaintiff's address all along.  The IRS had access to the proper address changes from the SSA and/ or the USPS NCOA database.  According to 26 CFR 301.6212-2(a)(2) "The IRS will update taxpayer addresses maintained in IRS records by referring to data accumulated and maintained in the United States Postal Service (USPS) National Change of Address database that retains change of address information for thirty-six months (NCOA database) . . .  the new address in the NCOA

database is the taxpayer's last known address . . ." (Emphasis added)   According to 26 CFR 301.6212-2, Example 1, "The change of address is included in the weekly update of the USPS NCOA database."

Moreover, Plaintiff said in his Opposition Memorandum that the IRS violated 26 CFR 301.6330-1 [Q-A10] by not providing a due process notice or hearing when Plaintiff requested it through his mail and phone conversation with the IRS.   Defendant presented no "competent evidence" as to why notices or a hearing were never provided even after they were requested.

In addition, Plaintiff also said that he did not receive the post-levy notice in accordance with  26 CFR 301.6330-1 [Q-A7 and A-A7].   There is no indication in Defendants' transcripts to indicate that any post-levy notices were sent out.

The Court relied on "IRS transcript of account which show that notices were issued." The Court did not say why it did not rely on the SAME IRS transcript which does not indicate that the notices were sent by certified mail.   The Court uses evidence supporting Defendant's argument while it ignores evidence supporting Plaintiff's argument from THE SAME DOCUMENT.

Moreover, Government's Exhibits 101, 102, and 103 state that the levy would not attach to "any" retirement plans "unless it is signed in the block to the right."   None of these notices of levy were signed "in the block to the right."

The Court totally ignore all facts in Plaintiff's favor.   **The Court did not say what authority it has to rule contrary to what is written in Title 26 and the Regulations.   The Court did not say what authority it has to ignore the law requiring justifiable inferences to be drawn in Plaintiff's favor.**

11

There is plenty of clear and specific evidence to prove that the IRS did not comply with notice requirements, but the Court is willfully not analyzing the facts properly.  The Court is willfully distorting material facts to justify its unjust conclusions.

Defendant NEVER provided a declaration or any "competent evidence" that the notice was "properly sent" and "by certified or registered mail."  There is no evidence in Defendants' transcripts, pleadings, exhibits, and affidavits to prove that the notices were properly sent. The Court did not claim or prove that they were properly sent.  "Clear and specific evidence" does exist to rebut the "presumption of regularity."  There was NO compliance with the notice requirements.  Since Defendants did not pursue a proper notification method, then NO LEVY should have taken place.

The Court claims that "Plaintiff has not provided even a 'scintilla of evidence' to defeat the assumption that the IRS" mailed the notice properly.  The issue is not that Plaintiff has not provided a "scintilla of evidence."  The issue is that the Court does not have a scintilla of intelligence to decipher the facts properly, and it does not have a scintilla of courage or integrity to judge in accordance with justice.

### III..    THE AMOUNT OF LEVY WAS NOT LAWFUL

In claiming that "the amount of the levy was lawful," the Court NEVER properly considered Plaintiff's arguments.

Section 6331(a)  states that "If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax . . ."

12

A.      *The Court ignored U.S. Supreme Court precedent*

Plaintiff cited Articles from the U.S. Constitution, U.S. Supreme Court cases, and express language of the Internal Revenue Code to prove that he is NOT a "person liable to pay any tax." Defendant never meaningfully rebutted these arguments.  The Court never addressed them. It is not clear what is the basis under which the Court could ignore the U.S. Constitution and act in a manner of total disregard to U.S. Supreme Court precedent.

Defendants had also violated Plaintiff's rights under the Fourth Amendment to the U.S. Constitution, which says that the right to due process demands that a search warrant or seizure warrant must be issued by an impartial Magistrate before the federal government is authorized to seize or search property. No hearing or due process took place prior to Defendants' seizure of Plaintiff's assets.

Does the U.S. Constitution apply to this case and in this courtroom?  Do U.S. Supreme Court cases apply to this case and in this courtroom? If the answer is yes, the court did not provide the reason for ignoring Plaintiff's arguments based on the sources cited.  If the answer is no, the Court did not provide an explanation as to why not.

Every judge and Department of Justice attorney takes an oath to support the U.S. Constitution.  It is not clear as to why they do not do so in the courtroom.  It is either they lied during their oath, or they are now rebelling against their oath.

There is no competent evidence to prove that Plaintiff is a "person liable to pay any tax." There is no competent evidence to prove that Plaintiff's work for the years in questions is a taxable activity.  All these arguments were presented in Plaintiff's Opposition Memorandum and were ignored without any explanation.

13

<em>B.      The Language of Section 6331(a)</em>

There is no proof that the IRS sent a Notice and Demand.  There is no evidence that "the Secretary" has authorized the levy in question.  There is no evidence that those who signed the notices of levy are authorized under section 7608 to sign such notices.  There is no evidence that the Notice of levy constitutes a levy, and by itself justifies a levy.

Does the language of Title 26 apply to this case and in this courtroom?  If the answer is yes, the court did not provide the reason for ignoring Plaintiff's arguments based on the sources cited.

The Court ignored Plaintiff's analysis to Defendants' Exhibit 112 [5.11.7.2 and 5.11.7.2.1] which explicitly says: (1) FMS administers the TOP to collect NON-TAX debt for FEDERAL AGENCIES . . . by levying FEDERAL PAYMENTS; (2) IRC 6331(h) . . . authorizes the IRS to issue continuous levies on certain FEDERAL PAYMENTS.

The language of Exhibit 112 is consistent with the language of section 6331(a) which states as follows:

> Authority of Secretary--If any person liable to pay any tax neglects or refuses to pay the same within <u>10 days after notice and demand</u>, it shall be lawful for the Secretary to collect such tax (and further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property and rights to property (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax. **Levy may be made upon the accrued salary or wages of any officer, employee, or elected official, of the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia, by serving a notice of levy on the employer (as defined in section 3401(d)) of such officer, employee, or elected official…….**

14

When the compensation of federal workers is explicitly identified in this fashion, and that of non-federal workers is as prominently left out, the rules of statutory construction say unambiguously that the latter is excluded.

The specifications provide proof that "any person" DOES NOT mean "each and every American," it means "any person that is among the groups specified." Also, that person has to be "liable to pay any tax."

Plaintiff's analysis of section 6331(a) is supported by U.S. Supreme Court's instructions in *American Banana Co. v. United Fruit Co.*, 213 U.S. 347, 357 (1909) that,

> "Words having universal scope, such as 'every contract in restraint of trade,' 'every person who shall monopolize,' etc., will be taken, as a matter of course, to mean only everyone subject to such legislation, not all that the legislator subsequently may be able to catch."

and in *Gould v. Gould*, 245 U.S. 151, 153 (1917) that,

> **"In the interpretation of statutes levying taxes it is the established rule not to extend their provisions, by implication, beyond the clear import of the language used, or to enlarge their operations so as to embrace matters not specifically pointed out. In case of doubt they are construed most strongly against the government, and in favor of the citizen."**

This Court interpreted the tax provisions in favor of the government and against the citizen. This Court did not provide an explanation as to what authority it has to rule contrary to the explicit language of the statute and to U.S. Supreme Court statutory instructions.

### C.     Distinction between 6331(a) and 6331(h)

The Court said that the levy "could have been issued under Section 6331(a)." It also "could have been issued" under another provision or no provision at all -- since the Notice of Levy does not specifically state on it under what provision it was issued.  Regardless of the

15

language used on the notice of levy form, the notice itself did not cite whether they were issued under section 6331(a) or 6331(h).

A sample notice on the IRS website titled "Final Notice Before Levy on Social Security Benefits" which states that the "law allows the IRS to take up to 15% of your Social Security benefits…." (Exhibit A12).  A letter dated November 4, 2008 and sent to Plaintiff by the Social Security Administration (Exhibit A13) indicates that the Treasury "levies up to 15 percent of the monthly Social Security benefits until the debt is paid."

The Court did not cite the statutory criteria that allows the IRS to choose between levying 15% under 6331(h) or a 100% under 6331(a).  There is nothing in the statute that indicates the criteria that the IRS agent would have to follow to decide between one provision or another.

The Court acknowledges that there is "no construction of the statutes" that requires the levy to be under 6331(h) rather than (a).  If the issue is left to whims and wishes of an IRS agent, why would the agent choose to levy 15% when he could levy 100%?  If one provision could nullify another within Section 6331, the Court did not explain the congressional intent behind such absurdity.

If the levy was issued under Section 6331(a) as the Court concludes, the Court ignored Plaintiff's argument that Section 6331(a) is for manual levy -- as Defendant had stated in the oral hearing.  During that hearing, Defendant argued that there are two types of levy: the Federal Payment Levy Program (FPLP) [6331(h)] or a manual (non-FPLP) levy [6331(a)].

In a later supplemental brief, Plaintiff argued that manual levy is made on tangible, physical objects. *Division of Labor Law Enforcement v. U.S.*, 301 F.2d 82, 85 (C.A.Cal. 1962); *In re Alton Newton Evangelistic Ass'n, Inc.*, 28 B.R. 144, 146 (Bkrtcy.S.C., 1983).  A manual

16

levy is made on property that is manually delivered.  The fact that the levy on Social Security

funds is made electronically indicates that the levy was NOT manual levy subject to 6331(a).

The Court ignored Plaintiff's argument and did not explain how it ruled that the Social

Security benefits (intangible rights to property) were manually levied under  Section 6331(a).

Express statutory language should define the statutory criteria of selecting the type of levy

made.  The issue cannot be left to the mere "opinion" of a judge, the IRS, or a bureaucrat.

Neither Defendant nor the Court presented such statutorily-based criteria for selecting the

manual, unlimited, levy -- and how those criteria were met.

### IV.    IRS VIOLATION OF 42 U.S.C. 407(a)

The Court quoted *Beam v. United States* in saying that "Social Security retirement

benefits are not exempt from levy. . ." According to 42 U.S.C. 407(a), Social Security benefits

may not be levied: " . . . <u>none of the moneys paid or payable or rights existing under this</u>

<u>subchapter shall be subject to</u> execution, <u>levy</u>, attachment, garnishment, or other legal process, or

to the operation of any bankruptcy or insolvency law."

There is nothing to indicate that Congress repealed 42 USC 407(a).  There is nothing in to

indicate that Congress intended Section 6331(a) to overrule the express language of 42 USC.  If

Congress intended that to be the case, it would have said so.  It did not.

It is not clear what is the basis of the Court to claim that these benefits can be levied upon

under 6331(a) when there is no indication that Congress intended that to be the case.  42 USC

407(a) is still a valid law and does not say on it repealed or over-ruled.

### V.    DISTINCTION BETWEEN 26 USC 7433 and 7422

The Court said that Plaintiff is acting under Section 7433 instead of 7422 "may be"

because he did not exhaust the administrative remedies requirements of Section 7422.

In his opposition Memorandum, Plaintiff made it clear that he is not asking for a "refund of tax" under 7422 because there was no valid tax owed and no valid tax collected.  The IRS wrongfully levied his money and property under the guise of tax collection.  Plaintiff made it clear that "return of property" (not "refund of taxes" under 7422) is the term used in the event of a wrongful levy of "property" or "money" such as stated in 26 USC 6343(b).  Therefore, Plaintiff sought the return of his property, not refund of tax.  Section 26 USC 6343(b) places no requirements upon Plaintiff to file administrative claims.  Once it is determined that a "property" or "money" was wrongfully levied, then it must be returned.

The Court did not say why it ignored Plaintiff's reasoning and fabricated its own "may be" argument.

## VI.   DAMAGES

A list of damages is included in Plaintiff's affidavit of October 9, 2009.

## VII.   CONCLUSION

It may be of no use to argue knowing that in the end there will not be a genuine consideration  of Plaintiff's arguments. But who knows, miracles could happen.

The IRS robs people every single day.  They commit all forms of procedural abuses. Their expectation is that people will not sue them because most people cannot afford to litigate. Even if people go to Court, many judges are already "in the pocket" or "influenced" in one form or another.

The typical "exit strategy" that judges use in many of these IRS cases is to claim that the Plaintiff "has not submitted any evidence" in support of a certain argument.  However,

18

the evidence is on record, but the court does not consider it.

When Courts repeat the same script that Plaintiff "has not submitted any evidence" in many of these IRS cases, it may appear as a slick way to get rid of a case but it does eventually raise questions: Do the judges and law clerks on these cases know how to read and to comprehend what they are reading, or is there something they are afraid of which prohibits them from doing what is right?  Whatever laws and facts a Plaintiff argues will be ignored because there is something preventing the judge from doing what is right and from obeying the law.

I know of a case where a judge was firm with the IRS and wanted the real facts. Suddenly, his wife got into an accident the day of a hearing or a day prior.  One day later, he became apologetic to everything he did and granted the IRS its summary judgment because the Plaintiff "has not submitted any evidence."

I heard of another case where a judge was also firm in questioning the DOJ attorney. Suddenly, she became "ill" and had to be replaced.

During this case's oral hearing, the Judge walked into the courtroom with a piece of paper which he read at the end as the "order." The hearing was nothing more than a show.  The judge was going to rule according to what was written on the piece of paper, regardless of what arguments the Plaintiff makes.  This whole case is a show -- for entertainment purposes only. There is no justice here.

These stories may be some type of "coincidences," or may be not.  This case cannot be properly resolved until we answer the question of what  is preventing the judges from doing what is right?

19

If there was true justice, this case would not have lasted more than a day in the courtroom -- rather than waste people's resources, especially with Plaintiffs who barely have money to feed themselves, let alone litigate for over a year.

As a lawyer, I had spent probably over 800 hours in the last two years helping mainly people who have no money to litigate.  I acted on the conviction that I am correcting a wrong and making a positive contribution.  I realize that it has mostly been  a waste of time because the criminality goes too wide, and too deep.   It is amazing that a person, such as myself, who was born overseas, is trying to correct the corruption and criminality that is destroying this country, while a long list of attorneys and judges  -- born here -- are doing their utmost to screw it.

The objective of "judgment" is to take in information for the purpose of determining justice.

> "And judgment is turned away backward, and justice standeth far off: for truth is fallen in the street, and equity cannot enter. Yea, truth faileth, and he that departeth from evil, maketh himself a prey: and when the Lord saw it, and it displeased him, that there was no justice. And he saw that there was no man, and wondered that there was no intercessor. . . According to their deeds accordingly he will repay, fury to his adversaries, recompense to his enemies . . ." Isaiah 59:14-18

If the end result is not justice, then the outcome is a "decision," an "order," or an "opinion."   In this case, there was no "judgment" in the true sense of the word.  There was an order and an opinion -- in both of which "truth faileth" and "justice standeth far off."

Of course, the judge will order the clerk, like in most other IRS cases, to "remove this case from the docket."  Nobody should have access in the future to any of this.  We do not want people to get infected with the courage of true justice.

The problem is not that judges are ignorant of the truth, but they have (for one reason or

20

another) willfully rejected it, twisted arguments, falsified "material facts" to draw the conclusion

which they wanted to draw on day one of this lawsuit.  They are not ignorant of what is right or

wrong.  They are willfully ignorant.

> And now, Lord, behold their threatening: and grant unto thy servants, that with all boldness they may speak thy word, By stretching forth thine hand to heal; and that signs and wonders may be done by the name of thy holy child Jesus.  Acts 4:29-30

**WHEREFORE,** Plaintiff John T. Hines moves the Court to perform its fiduciary duty, to

correct its action by vacating its order of September 30, 2009, and to grant Plaintiff damages

and other relief the Court deems appropriate.

_____/s/ Elias Aoun_____                    Date: October 9, 2009
Elias Aoun, Esq. Bar Number 479315
2531 Trellis Green
Cary, NC 27518
E-mail: Lawyer2008@yahoo.com
Cell Phone 202-257-7796

In the world ye shall have tribulation: but be of good cheer; I have overcome the world.
(John 16:33)

## **CERTIFICATE OF SERVICE**

IT IS CERTIFIED that service of the foregoing Plaintiff's Memorandum, along with related attachments and exhibits have been made this 9th day of October, 2009, via the Court's ECF electronic filing system to:

> YONATAN GELBLUM
> Trial Attorney, Tax Division
> U.S. Department of Justice
> Post Office Box 227
> Washington, DC  20044
> Phone/Fax:  (202) 305-3136/514-6866
> Email: Yonatan.Gelblum@usdoj.gov

> _____/s/ Elias Aoun_____
> Elias Aoun

22